## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| **Plaintiff/Counter-Defendant,** ) | |
| ) | |
| **v.** ) | **Case No. 2:23-cv-02285-TLP-atc** |
| ) | |
| **US ALL STAR FEDERATION d/b/a IASF,** ) | |
| ) | |
| **Defendant/Counter-Plaintiff.** ) | |
| ) | |
| ) | |
| ) | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant U.S. All Star Federation, Inc.[1] ("USASF"), by and through counsel, submits the following Answer to the Complaint for Declaratory Judgment ("the Complaint") filed by Greenwich Insurance Company ("Greenwich"), using the same paragraph numbers for convenience purposes:

## <u>INTRODUCTION</u>

1.      USASF admits only that the Complaint purports to set forth a claim for declaratory judgment.  In particular, USASF denies the existence of a Greenwich Commercial General Liability Policy numbered "ASG08969650."  Instead, USASF has a Greenwich Commercial General Liability Policy numbered ASG089696501.

2.      USASF denies the allegations in Paragraph 2 of the Complaint.

---

[1] The correct corporate name for USASF is U.S. All Star Federation, Inc.  Further, Defendant USASF does not operate as "IASF."  *See* Business Entity Detail on file with the Tennessee Secretary of State, *available at* https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=244072134130140158198177254207251034089217074053

3.      In response to the allegations in Paragraph 3, USASF states that the referenced statute speaks for itself.  USASF admits only that this Paragraph cites a portion of Tenn. Code Ann. § 29-14-102.

4.      In response to the allegations in Paragraph 4, USASF states that the referenced statute speaks for itself.  USASF admits only that this Paragraph cites a portion of Tenn. Code Ann. § 29-14-103.

## PARTIES, JURISDICTION, AND VENUE

5.      USASF lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.

6.      USASF admits the allegations in Paragraph 6.

7.      Paragraph 7 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest diversity jurisdiction.

8.      Paragraph 8 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest diversity jurisdiction.

9.      Paragraph 9 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest venue.

## FACTS

10.      USASF admits the allegations in Paragraph 10.

11.      USASF admits only the existence of the Underlying Lawsuits and denies the remainder of Paragraph 11 as it seeks to describe allegations from the Underlying Lawsuits, and the complaints speak for themselves.

12.     USASF denies the allegations in Paragraph 12 of the Complaint to the extent it seeks to describe and summarize multiple allegations from the Underlying Lawsuits, the Underlying Lawsuits speak for themselves.

13.     USASF denies the allegations in Paragraph 13 of the Complaint to the extent it seeks to describe and summarize multiple allegations from the Underlying Lawsuits, the Underlying Lawsuits speak for themselves.

14.     USASF denies the allegations in Paragraph 14 of the Complaint to the extent it seeks to describe and summarize multiple allegations from the Underlying Lawsuits, the Underlying Lawsuits speak for themselves.

15.     USASF denies the allegations in Paragraph 15 of the Complaint to the extent it seeks to describe and summarize multiple allegations from the Underlying Lawsuits, the Underlying Lawsuits speak for themselves.

16.     Portions of Paragraph 16 are directed at entities other than USASF and as such, no response is needed.  As to the other allegations in Paragraph 16, USASF admits only that certain All Star Cheer gyms and cheer coaches pay fees to USASF.

17.     USASF admits only that the allegations in Paragraph 17 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

18.     USASF admits only that the allegations in Paragraph 18 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

19.     USASF admits only that the allegations in Paragraph 19 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

20.     USASF admits only that the allegations in Paragraph 20 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

21.     USASF admits only that the allegations in Paragraph 21 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

22.     USASF admits only that the allegations in Paragraph 22 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

23.     USASF admits only that the allegations in Paragraph 23 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

24.     USASF admits only that the allegations in Paragraph 24 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South

Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

25.     USASF admits only that the allegations in Paragraph 25 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

26.     USASF admits only that the allegations in Paragraph 26 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

27.     USASF admits only that the allegations in Paragraph 27 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

28.     USASF admits only that the allegations in Paragraph 28 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

29.     USASF admits only that the allegations in Paragraph 29 of the Complaint purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

30.     USASF admits only that the allegations in Paragraph 30 of the Complaint summarize claims in the South Carolina federal lawsuits. The South Carolina federal lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

31.     USASF admits only that the allegations in Paragraph 31 of the Complaint purportedly summarize multiple allegations in the North Carolina federal lawsuit. The North Carolina lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

32.     USASF admits only that the allegations in Paragraph 32 of the Complaint summarize claims in the North Carolina federal lawsuit. The North Carolina lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

33.     USASF admits only that the allegations in Paragraph 33 of the Complaint purportedly summarize multiple allegations in the Ohio federal lawsuit. The Ohio federal lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

34.     USASF admits only that the allegations in Paragraph 34 of the Complaint summarize claims in the Ohio federal lawsuit. The Ohio federal lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

35.     There is no subpart (g) to Paragraph 7, and it does not identify any lawsuit; USASF admits only that the allegations in Paragraph 35 of the Complaint purportedly summarize multiple allegations in the Texas state lawsuit. The Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

36.     USASF admits only that the allegations in Paragraph 36 of the Complaint summarize claims in the Texas state lawsuit. The Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

37.     USASF admits the allegations in Paragraph 37 of the Complaint.

38.     USASF admits the allegations in Paragraph 38 of the Complaint.

39.     USASF admits the allegations in Paragraph 39 of the Complaint.

40.     USASF admits the allegations in Paragraph 40 of the Complaint.

41.     USASF admits that Paragraph 41 recites certain portions of the Primary Policies. USASF denies Paragraph 41 to the extent it purports to assert all relevant terms of the Primary Policies; the Policies speaks for themselves.

42.     USASF admits the allegations in Paragraph 42 of the Complaint.

43.     USASF admits the allegations in Paragraph 43 of the Complaint.

44.     USASF admits that Paragraph 44 recites certain portions of the Primary Policies. USASF denies Paragraph 44 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

45.     USASF admits that Paragraph 45 recites certain portions of the Primary Policies. USASF denies Paragraph 45 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

46.     USASF admits that Paragraph 46 recites certain portions of the Primary Policies. USASF denies Paragraph 46 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

47.     USASF admits that Paragraph 47 recites certain portions of the Primary Policies. USASF denies Paragraph 47 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

48.     USASF admits the allegations in Paragraph 48 of the Complaint.

49.     Paragraph 49 states legal conclusions and characterizes Plaintiff's purported legal position to which USASF need not response. To the extent any response to these allegations is necessary, USASF denies them.

50.     There is no subpart (a) - (f) to Paragraph 7, and it does not identify any lawsuit; USASF admits that it first reported the Underlying Lawsuits identified in Paragraph 10(a) – (f) on December 9, 2022 to American Specialty Insurance and Risk Services.

51.     There is no subpart (g) to Paragraph 7, and it does not identify any lawsuit; USASF admits that it first reported the Underlying Lawsuits identified in Paragraph 10(g) on August 31, 2021 to American Specialty Insurance and Risk Services.

52.     USASF denies that on February 10, 2023, Greenwich agreed to defend USASF in the Underlying Lawsuits.  Instead, USASF admits that on February 7, 2023, Greenwich agreed to defend USASF in the Underlying Lawsuits under Policies No. ASG0896965; ASX0896975; ASG089696501; ASX089697501; ASG089696502; and ASX089697502.   Exhibit N references policies not at issue in the instant action.

53.     USASF admits that it received a letter from Greenwich on February 7, 2023 outlining its position on coverage, including agreeing to defend the Underlying Lawsuits.  The Letter speaks for itself and any characterization or inference that is inconsistent with the document is denied.

54.     USASF admits that it received a letter from Greenwich on February 7, 2023 outlining its position on coverage, including agreeing to defend the Underlying Lawsuits.  The Letter speaks for itself and any characterization or inference that is inconsistent with the document is denied.

55.     Paragraph 55 is merely Greenwich's summary of its action to which no response is needed.  To the extent a response is deemed required, USASF denies that Greenwich is entitled to the relief that it is seeking.

**COUNT I – DECLARATORY RELIEF**
**<u>(ABUSE OR MOLESTATION EXCLUSION)</u>**

56.     USASF incorporates paragraphs 1-55 as its allegations in the Paragraph 56.

57.     USASF admits only that the allegations in Paragraph 57 of the Complaint summarize claims in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the Underlying Lawsuits.

58.     USASF admits only that the allegations in Paragraph 58 of the Complaint summarize claims in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the Underlying Lawsuits.

59.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 59.

60.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 60.

61.     USASF admits that Paragraph 61 recites certain portions of the Primary Policies. USASF denies Paragraph 61 to the extent it purports to allege the applicability of this Exclusion.

62.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 62.

63.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 63.

64.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 64.

65.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 65.

66.     USASF denies the allegations in Paragraph 66 of the Complaint.

**COUNT II – DECLARATORY RELIEF**
**(EXPECTED OR INTENDED INJURY EXCLUSION)**

67.     USASF incorporates paragraphs 1-66 as its allegations in the Paragraph 67.

68.     USASF admits that Paragraph 68 cites a portion of the Primary Policies.  USASF denies Paragraph 68 to the extent it purports to allege the applicability of this Exclusion.

69.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 69.

70.     USASF denies the allegations in Paragraph 70 of the Complaint.

**COUNT III – DECLARATORY RELIEF**
**(CONTRACTUAL LIABILITY EXCLUSION)**

71.     USASF incorporates paragraphs 1-70 as its allegations in the Paragraph 71.

72.     USASF admits that Paragraph 72 cites a portion of the Primary Policies.  USASF denies Paragraph 72 to the extent it purports to allege the applicability of this Exclusion.

73.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 73.

74.     USASF denies the allegations in Paragraph 74 of the Complaint.

## COUNT IV – DECLARATORY RELIEF
## (CHILD CARE EXCLUSION)

75.     USASF incorporates paragraphs 1-74 as its allegations in the Paragraph 75.

76.     USASF admits that Paragraph 76 cites a portion of the Primary Policies.  USASF denies Paragraph 76 to the extent it purports to allege the applicability of this Exclusion.

77.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 77.

78.     USASF denies the allegations in Paragraph 78 of the Complaint.

## COUNT V – DECLARATORY RELIEF AS TO DEFENSE

79.     USASF incorporates paragraphs 1-78 as its allegations in the Paragraph 79.

80.     USASF admits the allegations in Paragraph 80.

81.     USASF admits the allegations in Paragraph 81 contain Greenwich's contentions, but denies that Greenwich owes no duty to defend under the Primary Policies.

82.     USASF admits that this Court has subject matter jurisdiction, but denies that Greenwich is entitled to any relief sought.

## COUNT VI – DECLARATORY RELIEF AS TO INDEMNITY

83.     USASF incorporates paragraphs 1-82 as its allegations in the Paragraph 83.

84.     USASF admits the allegations in Paragraph 84.

85.     USASF admits the allegations in Paragraph 85 contain Greenwich's contentions, but denies that Greenwich owes no duty to indemnify under the Primary Policies.

86.     USASF admits that this Court has subject matter jurisdiction, but denies that Greenwich is entitled to any relief sought.

## REQUESTED RELIEF

USASF denies that Plaintiff is entitled to any relief in connection with its Complaint for Declaratory Judgment.

## FIRST AFFIRMATIVE DEFENSE

Greenwich is obligated to defend USASF in connection with the Underlying Lawsuits.

## SECOND AFFIRMATIVE DEFENSE

An insurer's duty to defend the insured is based solely on the terms of the insurance policy and the allegations found in the four corners of the third-party plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE

Any determination as to Greenwich's duty to indemnify USASF is premature and not ripe for determination until there is a judgment, settlement or other resolution of the Underlying Lawsuits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the duty to indemnify is ripe for determination (which it is not at this time), Greenwich is obligated to indemnify USASF in connection with the Underlying Lawsuits.

## FIFTH AFFIRMATIVE DEFENSE

Greenwich's claims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Greenwich's claims are barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Greenwich has failed to state a claim to which it is entitled to relief in this Court under Tennessee's Declaratory Judgment Act, Tenn. Code Ann. §§ 29-14-101, *et seq.*

WHEREFORE, USASF respectfully requests that the Court enter an order:

A.      Declaring that Greenwich has owed and continues to owe a duty to defend USASF in connection with the Underlying Lawsuits;

B.      Reserving judgment on whether Greenwich owes a duty to indemnify USASF as the issue is not ripe for determination; and

C.      To the extent the issue of the duty to indemnify is ripe for determination, declaring that Greenwich owes a duty to indemnify USASF in connection with the Underlying Lawsuits.

## COUNTERCLAIM OF USASF

Counterclaim-Plaintiff, U.S. All Star Federation, Inc. ("USASF" or "the Insured"), for its Counterclaim for Declaratory Judgment and other relief against Counterclaim-Defendant Greenwich Insurance Company ("Greenwich"), states as follows:

## NATURE OF THE ACTION

1.      This is an action by USASF to seek a declaration that Greenwich is obligated to defend USASF in connection with several lawsuits as described further below.

2.      USASF seeks a declaration from the Court that Greenwich is required to indemnify it, under the terms of the relevant insurance policies described below, up to the full available policy limits.

3.      This action also seeks damages for Greenwich's failure to defend USASF in connection with the lawsuits described further below, a failure that constitutes a breach of Greenwich's obligations under Greenwich Commercial General Liability Policy Nos. ASG0896965, ASG089696501, and ASG089696502, and Greenwich Commercial Excess Liability Policy Nos. ASX0896975, ASX089697501, and ASX089697502 (collectively, the "Greenwich Policies") for any claims for relief asserted or that may be asserted by the plaintiffs in numerous Underlying Lawsuits as further described below.

4.      Greenwich's disclaimer of coverage for the Underlying Lawsuits is wrongful under the terms of the Greenwich Policies, controlling law, and was not in good faith.

## PARTIES

5.      USASF is a Tennessee nonprofit mutual benefit corporation having its principal place of business in Memphis, Tennessee.

6.      Greenwich is a Delaware corporation with its principal place of business in Stamford, Connecticut.  It is a citizen of Delaware and Connecticut.

## JURISDICTION AND VENUE

7.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and the parties are citizens of different states.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claims in this litigation occurred in this district.

## THE POLICIES

9.      Greenwich issued several commercial general liability policies to USASF, described as follows:  Policy No. ASG0896965, issued for the period October 22, 2014 to October 22, 2015; Policy No. ASG089696501, issued for the period October 22, 2015 to October 22, 2016; and Policy No. ASG089696502, issued for the period October 22, 2016 to October 22, 2017 (collectively, the "Primary Policies").

10.      The Primary Policies each include an each occurrence liability limit of $1 million, and a $5 million general aggregate (other than Products-completed Operations) limit.

11.      Greenwich also issued the following three commercial excess liability policies to USASF:  Policy No. ASX0896975, effective for the period October 22, 2014 to October 22, 2015; Policy No. ASX089697501, issued for the period October 22, 2015 through October 22, 2016; and Policy No. ASX089697502, issued for the period October 22, 2016 through October 22, 2017 (collectively, the "Excess Policies").

12.      The Excess Policies each include an each occurrence liability limit of $2 million and a $2 million general aggregate.

13.     The Insuring Agreements for the Primary Policies provide that Greenwich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (*See, e.g.*, Policy No. ASG0896965, Commercial General Liability Coverage Form, Insuring Agreement, Section I, Insuring Agreement, ¶ 1a., Exhibit H to Complaint, ECF No. 1-10, PageID 481).

14.     Further, the Insuring Agreement provides that Greenwich will have "the duty to defend the insured against any 'suit' seeking those damages." (*Id.)*

15.     The Excess Policies agree to provide coverage beyond the Primary Policies.

16.     The Insuring Agreements for the Excess Policies provide that Greenwich "will pay on behalf of the insured those sums in excess of 'underlying insurance' for which an insured becomes legally obligated to pay as 'damages' to which this insurance applies." (*See, e.g.*, Policy No. ASX0896975, Commercial Excess/Umbrella General Liability Coverage Form, Coverage E – Excess Liability, Insuring Agreement, ¶ 1a., Exhibit K to Complaint, ECF No. 1-13, PageID 669).

17.     The Insuring Agreements for the Excess Policies provide that Greenwich "ha[s] the right and duty to defend the 'insured' against a 'suit' seeking 'damages' which may be covered under Coverage E -- Excess Liability, when the 'limits' of 'underlying insurance' are exhausted by the payment of claims, settlements, judgments, and/or defense costs if the applicable 'limit' of 'underlying insurance' is reduced by the payment of defense costs."  (*Id.*).

## THE LAWSUITS

18.     On or about August 31, 2021, USASF, through its broker, notified Greenwich via American Specialty Insurance and Risk Service ("ASIRS") of a lawsuit filed against USASF filed in the State of Texas, 126th District Court, *Hannah Gerlacher and Jessica Gerlacher v. Cheer*

*Athletics, Inc., Cheer Athletics-Plano, LLC, Cheer Athletics-Frisco, LLC, Cheer Athletics Holdings, LLC, United All Star Federation, and Jason McCartney*, filed on or about July 19, 2021 in the District Court, Travis County Texas, 126th District Court.

19.    Having heard no response whatsoever, USASF submitted the notice again on December 17, 2022.

20.    On December 9, 2022, USASF, through its broker, notified Greenwich via ASIRS of numerous lawsuits filed against USASF.

21.    Specifically, and of relevance to this lawsuit, USASF sought defense and indemnification for six (6) lawsuits filed in the Federal District Courts:[2]

a.    *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al*. filed on or about October 26, 2022 in the United States District Court for the Eastern District of North Carolina, Raleigh Division as Case No. 5:22-cv-00430-M.

b.    *Jane Doe 1-7, John Doe 1-2, et al v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, et al.*, filed on or about September 1, 20221 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-02957-HMH.

c.    *John Doe 3 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03510-HMH.

d.    *Jane Doe 8 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03508-HMH.

e.    *Jane Doe 9 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.* filed on or about October 11, 2022 in the United States

---

[2] Together with the Texas state lawsuit, these seven lawsuits are herein referred to as "The Underlying Lawsuits."

District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03509-HMH.

f.   *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about November 28, 2022 in the United States District Court for the Northern District of Ohio, Eastern Division at Cleveland as Case No. 1:22-cv- 02139.

## COVERAGE CORRESPONDENCE

22.    By letter dated February 7, 2023, Greenwich, through AXA Liability Managers, agreed to defend USASF in the Lawsuits identified in Paragraphs 18 and 21 under a reservation of all its rights.[3]  *See* Acceptance Letter, attached hereto as Exhibit A.

23.    By same letter, Greenwich requested various information regarding USASF's relationship with various individuals and entities.

24.    Over the next three months following receipt of Greenwich's acceptance of coverage and agreement to defend, USASF, through counsel, repeatedly sent requests to Greenwich for information regarding assignment of defense counsel.  These requests were wholly ignored.

25.    By letter dated February 21, 2023, USASF, through counsel, responded to the requests in the February 7, 2023 Acceptance Letter and provided responsive information.

26.    By same letter, USASF inquired about the selection of defense counsel for the lawsuits that Greenwich agreed to defend, suggesting the same defense counsel who were already representing USASF in similar lawsuits, Lewis Brisbois, would be a good choice.  To date, USASF has not received any response to the inquiry.

---

[3] Greenwich declined coverage for plaintiffs John Doe 1 and Jane Does 2 and 4 in the Underlying Lawsuit referenced in Paragraph 21(b) alleging that the claims involve incidents occurring after the expiration of the Greenwich Policies.

27.     On March 3, 2023, Archie Page of AXA Liability Managers retained Lewis Brisbois to defend USASF in the Texas state lawsuit identified at Paragraph 18.

28.     In reliance upon that communication, Lewis Brisbois has provided legal services pursuant to Greenwich's agreement to defend USASF in the Texas state lawsuit.

29.     On March 14, 2023, Lewis Brisbois sent Archie Page an email with imminent deadlines and activities in the other six cases which Greenwich had agreed to defend to prompt some action.  Still, no response was received.

30.     On April 10, 2023, USASF, through counsel, contacted Greenwich via ASIRS to request an update on the status of their selection of defense counsel in the lawsuits for which Greenwich had accepted coverage.  Again, no response from Greenwich was ever received.

31.     Greenwich has failed and/or refused to communicate with USASF regarding its defense in the Underlying Lawsuits.

32.     Despite agreeing to defend, Greenwich is now inexplicably refusing to honor its commitment to defend USASF in connection with the Underlying Lawsuits.  Without any prior notice to USASF, Greenwich disclaims its previously accepted duty to defend.

## COUNT I: DECLARATORY JUDGMENT
### (Duty to Defend)

33.     USASF adopts and repeats the allegations contained in Paragraphs 1 – 32 as though fully set forth herein.

34.     The Insuring Agreements of the Primary and Excess Policies provide that Greenwich will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.

35.     Further, the Insuring Agreement provides that Greenwich will have "the duty to defend the insured against any 'suit' seeking those damages."

36.     The Excess Policies agree to provide coverage beyond the Primary Policies.

37.     The Underlying Lawsuits allege "bodily injury" as the term is defined by the Primary and Excess Policies.

38.     Further, the Underlying Lawsuits allege that the 'bodily injuries' were caused by an 'occurrence' within the 'coverage territory' as those terms are defined under the Policies.

39.     USASF has complied with all applicable provisions of the Primary and Excess Policies, including all applicable conditions of coverage, and has paid all premiums due and owing in connection with the Primary and Excess Policies.

40.     No exclusions in the Primary or Excess Policies preclude or limit coverage available to USASF for the Underlying Lawsuits.

41.     Because the Excess Policies cover those injuries that would be covered by the Primary Policies, there is no justification for disclaiming coverage for the Underlying Lawsuits by the Excess Policies.

42.     In fact, Greenwich concedes that there is a duty to defend USASF in the Underlying Lawsuits.  On February 7, 2023, Greenwich agreed to defend, based on its review of the allegations of the complaints in the Underlying Lawsuits.

43.     Pursuant to 28 U.S.C. § 2201, USASF seeks a declaration from the Court that Greenwich is obligated under the terms of the Primary and Excess Policies to defend USASF for all of its costs, up to the full available limits of the Primary and Excess Policies.

## COUNT II: BREACH OF CONTRACT

44.     USASF re-alleges and incorporates by reference the allegations in Paragraphs 1 – 43 as though fully set forth herein.

45.     The Primary and Excess Policies constitute valid and enforceable contracts between USASF and Greenwich.

46.     Greenwich has a duty to defend USASF in connection with the Underlying Lawsuits.

47.     Greenwich agreed to defend USASF in connection with the Underlying Lawsuits.

48.     Greenwich has now refused to defend USASF in the Underlying Lawsuits.

49.     Greenwich has breached its contractual duty and agreement to defend USASF.

50.     Greenwich has yet to pay USASF the defense fees that it owes in connection with the Underlying Lawsuits.

51.     Greenwich has acted intentionally, maliciously, and/or recklessly with respect to its obligations under the Policies, its breaches of the Policies, and its obligations to USASF, and Greenwich is therefore liable for punitive damages.

52.     As a proximate result of such breaches, and the necessity of having to litigate this lawsuit for declaratory relief and damages, USASF has suffered and continues to suffer damages, including but not limited to attorneys' fees.

53.     Greenwich is obligated to pay USASF for all damages, including punitive damages, arising from its breach of contract.

**COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

54.     USASF re-alleges and incorporates by reference the allegations in Paragraphs 1 – 53 as though fully set forth herein.

55.     The Primary and Excess Policies constitute valid and enforceable contracts between USASF and Greenwich.

56.     In Tennessee, the law implies a duty of good faith and fair dealing in every contract.

57.     By agreeing to defend in one instance and now disclaiming its duty to defend after ignoring its insured for months, Greenwich has breached its duty of good faith and fair dealing that is implied in the Policies.

58.     As a proximate result of such breaches, USASF has suffered and continues to suffer damages.

59.     Therefore, USASF seeks an award of damages to which USASF is entitled as a result of Greenwich's breach of its implied duties of good faith and fair dealing.

**RESERVATION OF RIGHTS: DUTY TO INDEMNIFY**

60.     USASF adopts and repeats the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

61.     Any determination as to Greenwich's duty to indemnify USASF is premature and not ripe for determination until there is a judgment or other resolution of the Underlying Lawsuits. USASF reserves the right to seek indemnification under the Primary and Excess Policies as those circumstances develop.   USASF reserves all rights under the Primary and Excess Policies and applicable law.

WHEREFORE, the Counter-Plaintiff USASF prays as follows:

a.     That the Court adjudicate and declare that Greenwich has a duty to defend USASF in the Underlying Lawsuits;

b.     For a judgment against Greenwich for damages caused by its breach of its duty to defend, including but not limited to attorneys' fees, costs and expenses incurred;

c.     For a judgment against Greenwich for damages caused by its breach of the duty of good faith and fair dealing;

d.      For an award of punitive damages against Greenwich;

e.      For attorneys' fees, costs and expenses incurred;

f.      For pre- and post-judgment interest; and

g.      For such other and further legal and equitable relief to which USASF may be entitled.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

/s/ Mary Wu Tullis
_____
Mary Wu Tullis (TN Bar No. 31339)
Grady M. Garrison (TN Bar No. 8097)
Nicole Berkowitz Riccio (TN Bar No. 35046)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0761
mtullis@bakerdonelson.com
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*