UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

---

GREENWICH INSURANCE COMPANY,

              Plaintiff,

-against-

US ALL STAR FEDERATION d/b/a IASF,

              Defendant.

Case No. 2:23-cv-02285-JTF-atc

---

## ANSWER TO COUNTERCLAIM

Plaintiff and Counterclaim-Defendant, Greenwich Insurance Company (hereinafter "Greenwich"), by its attorneys, Mound Cotton Wollan & Greengrass LLP, as and for its answer to Defendant and Counterclaim-Plaintiff US All Star Federation, Inc.'s ("USASF") June 9, 2023 Answer, Affirmative Defenses and Counterclaim ("Counterclaims"), states upon information and belief as follows:

### NATURE OF THE ACTION

1. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Counterclaims.

2. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaims.

3. To the extent Paragraph 3 contains allegations regarding Greenwich's alleged failure to defend USASF or Greenwich's breach of contract, Greenwich denies the allegations contained in Paragraph 3 of the Counterclaims. Paragraph 3 of the Counterclaims also contains legal conclusions to which no responsive pleading is required. To the extent that a further

response is required, Greenwich denies the remaining allegations contained in Paragraph 3 of the Counterclaims.

4. Greenwich denies the allegations contained in Paragraph 4 of the Counterclaims, and further states that it has not disclaimed coverage for all of the Underlying Lawsuits and refers to the position letter attached as Corrected Exhibit N to the Complaint for its terms.

## PARTIES

5. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Counterclaims.

6. Greenwich admits the allegations contained in Paragraph 6 of the Counterclaims.

## JURISDICTION AND VENUE

7. Greenwich admits the allegations contained in Paragraph 7 of the Counterclaims.

8. Paragraph 8 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Counterclaims.

## THE POLICIES

9. Greenwich admits the allegations contained in Paragraph 9 of the Counterclaims.

10. Greenwich admits the allegations contained in Paragraph 10 of the Counterclaims and refers to the Primary Policies for their terms, conditions and exclusions.

11. Greenwich admits the allegations contained in Paragraph 11 of the Counterclaims.

12. Greenwich admits the allegations contained in Paragraph 12 of the Counterclaims and refers to the Excess Policies for their terms, conditions and exclusions.

13. Greenwich admits the allegations contained in Paragraph 13 of the Counterclaims and refers to the Primary Policies for their terms, conditions and exclusions.

14. Greenwich admits the allegations contained in Paragraph 14 of the Counterclaims and refers to the Primary Policies for their terms, conditions and exclusions.

15. Greenwich denies the allegations contained in Paragraph 15 of the Counterclaims and refers to the Excess Policies for their terms, conditions and exclusions.

16. Greenwich admits that Paragraph 16 of the Counterclaims recites a portion of the Insuring Agreements in the Excess Policies, except that the word "insured" is in quotations in the cited language of Exhibit K annexed to the Complaint, and refers to the Excess Policies for their terms, conditions and exclusions.

17. Greenwich admits that Paragraph 17 of the Counterclaims recites a portion of the Insuring Agreements in the Excess Policies and refers to the Excess Policies for their terms, conditions and exclusions.

## THE LAWSUITS

18. Greenwich admits the allegations contained in Paragraph 18 of the Counterclaims.

19. Greenwich admits only that on or about December 17, 2022, USASF notified American Specialty Insurance and Risk Services of the Texas lawsuit identified in Paragraph 18 of the Counterclaims, denies the remaining allegations contained in Paragraph 19 of the Counterclaims, and refers to the referenced correspondence for a complete and accurate statement of its contents.

20. Greenwich admits the allegations contained in Paragraph 20 of the Counterclaims and refers to the referenced correspondence for a complete and accurate statement of its contents.

21. Greenwich admits that the referenced correspondence identified the Underlying Lawsuits in Paragraphs 21(a)-(e) of the Counterclaims, except to state that the Underlying Lawsuit referenced in Paragraph 21(b) was filed on or around September 1, 2022. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Counterclaims and refers to the referenced correspondence for a complete and accurate statement of its contents.

## COVERAGE CORRESPONDENCE

22. Greenwich admits the allegations contained in Paragraph 22 of the Counterclaims and refers to the document annexed as Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims for a complete and accurate statement of its contents.

23. Greenwich admits the allegations contained in Paragraph 23 of the Counterclaims and refers to the document annexed as Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims for a complete and accurate statement of its contents.

24. Greenwich denies the allegations contained in Paragraph 24 of the Counterclaims.

25. Greenwich denies the allegations contained in Paragraph 25 of the Counterclaims, except admits that by letter dated February 21, 2023 it received certain information, and refers to the February 7, 2023 letter for its terms.

26. Greenwich denies the allegations contained in Paragraph 26 of the Counterclaims, except admits that the February 21, 2023 letter raised the issue of defense counsel and refers to the letter for a complete and accurate statement of its contents.

27. Greenwich admits the allegations contained in Paragraph 27 of the Counterclaims.

28. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Counterclaims, but admits that it

retained Lewis Brisbois to defend USASF in the Texas state lawsuit and that Lewis Brisbois has provided legal services in connection with that retention.

29. Greenwich denies the allegations contained in Paragraph 29 of the Counterclaims, but admits that it received an email from Lewis Brisbois dated March 14, 2023 and that Greenwich retained Lewis Brisbois to defend USASF in connection with all of cases in which it had agreed to defend USASF under a Reservation of Rights pursuant to the terms of the document annexed as Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims. Greenwich refers to the March 14, 2023 email for a complete and accurate statement of its contents.

30. Greenwich denies the allegations contained in Paragraph 30 of the Counterclaims, but admits that it received an email from Anderson Riddle as general counsel for USASF, on April 10, 2023 and refers to the April 10, 2023 correspondence for a complete and accurate statement of its contents.

31. Greenwich denies the allegations contained in Paragraph 31 of the Counterclaims.

32. Greenwich denies the allegations contained in Paragraph 32 of the Counterclaims.

## COUNT I: DECLARATORY JUDGMENT
**(Duty to Defend)**

33. In response to Paragraph 33 of the Counterclaims, Greenwich repeats and reasserts its responses to Paragraphs 1 through 32 above as if fully set forth herein.

34. Greenwich denies the allegations contained in Paragraph 34 of the Counterclaims, and refers to the Primary Policies and Excess Policies for their terms, conditions and exclusions.

35. Greenwich denies the allegations contained in Paragraph 35 of the Counterclaims, and refers to the Primary Policies and Excess Policies for their terms, conditions and exclusions.

36. Greenwich denies the allegations contained in Paragraph 36 of the Counterclaims, and refers to the Excess Policies for their terms, conditions and exclusions.

37. Paragraph 37 of the Counterclaims contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, Greenwich denies the allegations contained in Paragraph 37 of the Counterclaims, and refers to the Underlying Lawsuits for a complete and accurate statement of their contents and to the Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

38. Greenwich admits that the Underlying Lawsuits allege facts that took place within the 'coverage territory' as those terms are defined under the Primary Policies. The remaining allegations of Paragraph 38 of the Counterclaims contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Greenwich denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Counterclaims. Greenwich refers to the Underlying Lawsuits for a complete and accurate statement of their contents and to the Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

39. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Counterclaims, except admits that USASF has paid all premiums in connection with the Primary and Excess Policies and refers to the Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

40. Greenwich denies the allegations contained in Paragraph 40 of the Counterclaims, and refers to the Underlying Lawsuits for a complete and accurate statement of their contents and to the Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

41. Greenwich denies the allegations contained in Paragraph 41 of the Counterclaims, and refers to the Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

42. Greenwich denies the allegations contained in Paragraph 42 of the Counterclaims, except Greenwich admits that it has agreed to defend USASF in the Underlying Lawsuits subject to a Reservation of Rights, and refers to the document set forth in Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims.

43. Greenwich neither admits nor denies the allegations of Paragraph 43 of the Counterclaims as they do not contain any facts warranting a response, except denies that USASF is entitled to any declaratory relief.

## COUNT II: BREACH OF CONTRACT

44. In response to Paragraph 44 of the Counterclaims, Greenwich repeats and reasserts its responses to Paragraphs 1 through 43 above as if fully set forth herein.

45. Greenwich admits the allegations contained in Paragraph 45 of the Counterclaims.

46. Greenwich neither admits nor denies the allegations contained in Paragraph 46 of the Counterclaims, except admits that it has agreed to defend USASF in the Underlying Actions subject to a Reservation of Rights and that it has commenced this lawsuit to determine its obligations, if any, under the Primary and Excess Policies, and refers to Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims for its terms.

47. Greenwich admits that it agreed to defend USASF in connection with the Underlying Lawsuits subject to a Reservation of Rights and that it has commenced this lawsuit to determine its obligations, if any, under the Primary and Excess Policies, and refers to Corrected Exhibit N to the Complaint and Exhibit A to the Counterclaims for its terms.

48. Greenwich denies the allegations contained in Paragraph 48 of the Counterclaims.

49. Greenwich denies the allegations contained in Paragraph 49 of the Counterclaims. Greenwich respectfully refers all questions of law to the Court.

50. Greenwich denies the allegations contained in Paragraph 50 of the Counterclaims, and states that it has not yet received any invoices from defense counsel in connection with the Underlying Lawsuits it has agreed to defend under a Reservation of Rights.

51. Greenwich denies the allegations contained in Paragraph 51 of the Counterclaims.

52. Greenwich denies the allegations contained in Paragraph 52 of the Counterclaims.

53. Greenwich denies the allegations contained in Paragraph 53 of the Counterclaims.

**COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

54. In response to Paragraph 54 of the Counterclaims, Greenwich repeats and reasserts its responses to Paragraphs 1 through 53 above as if fully set forth herein.

55. Greenwich admits the allegations contained in Paragraph 55 of the Counterclaims.

56. Paragraph 56 of the Counterclaims contains legal conclusions to which no responsive pleading is required.

57. Greenwich denies the allegations in Paragraph 57 of the Counterclaim, and states that it has not "agreed to defend in one instance and now is disclaiming" any duty to defend, and respectfully refers all issues of law to the Court.

58. Greenwich denies the allegations in Paragraph 58 of the Counterclaims.

59. Paragraph 59 of the Counterclaims contains legal conclusions to which no responsive pleading is required, except denies that USASF is entitled to any relief.

## RESERVATION OF RIGHTS: DUTY TO INDEMNIFY

60. In response to Paragraph 60 of the Counterclaims, Greenwich repeats and reasserts its responses to Paragraphs 1 through 59 above as if fully set forth herein.

61. Greenwich denies the allegations contained in Paragraph 61 of the Counterclaims.

## AFFIRMATIVE DEFENSES

Greenwich, without assuming or altering USASF's burden of proof on any claims or matters for which USASF bears such burden, alleges for its affirmative defense the following:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

USASF has failed to state any claim or cause of action against Greenwich upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

USASF's claims are barred in whole or in part by the express terms, exclusions, conditions, definitions, declarations, endorsements, agreements, limitations, and retentions contained in the Primary Policies and/or the Excess Policies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

USASF's claims are barred because Greenwich has not declined to provide a defense to USASF relating to the Underlying Actions and is providing a defense to USASF relating to the Underlying Lawsuits under a Reservation of Rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

USASF's claims are barred because the Abuse or Molestation Exclusion Endorsement in the Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

USASF's claims are barred because the Expected or Intended Injury Exclusion in the Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

USASF's claims are barred because the Contractual Liability Exclusion in the Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

USASF's claims are barred because the Child Care Exclusion in the Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

To the extent Greenwich is determined to have a duty to defend and/or to indemnify USASF in any of the Underlying Actions, USASF's claims may be barred or limited, in whole or in part, by reason of the other insurance condition(s), insurance under more than one policy conditions, and/or similar conditions to coverage (including non-stacking endorsements) and may be limited by the application of other insurance available to USASF.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

To the extent Greenwich is determined to have a duty to defend and/or indemnify USASF in any of the Underlying Actions, Greenwich is entitled to a set-off or credit for other insurance and/or for amounts obtained by USASF from other sources.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

USASF's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches and/or unclean hands.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

USASF's claims are barred in whole or in part to the extent that the USASF cannot meet its burden to prove all required elements of its claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

USASF's claims are barred to the extent that USASF has failed to comply with and/or perform all the obligations, covenants and conditions precedent and subsequent under the Primary Policies and Excess Policies at issue in this matter.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

USASF's claims are barred because USASF has suffered no damages.

**WHEREFORE**, Plaintiff and Counterclaim-Defendant Greenwich Insurance Company demands:

(1) Judgment against Defendant and Counterclaim-Plaintiff US All Star Federation, Inc. dismissing the Counterclaims against Greenwich Insurance Company with prejudice;

(2) Judgment declaring and adjudging that Greenwich Insurance Company is not obligated to defend and/or indemnify US All Star Federation, Inc. for any losses, injuries, damages, judgments, settlements, costs and expenses, including reasonable attorneys' fees, and costs of suit, arising out of any and all claims, demands, suits, actions and/or proceedings alleged in the Underlying Actions;

(3) An award of costs, attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: June 29, 2023

Respectfully submitted,

By: s/ Lloyd A. Gura
Lloyd A. Gura (admitted pro hac vice)
Ellen G. Margolis (admitted pro hac vice)
Kristen C. Kish (admitted pro hac vice)'
**MOUND COTTON WOLLAN & GREENGRASS LLP**
One New York Plaza, 44th Floor
New York, New York 10004
Phone: (212) 804-4200
Fax:    (212) 344-8066
Email: lgura@moundcotton.com
Email: emargolis@moundcotton.com
Email: kkish@moundcotton.com

&

THOMAS P. CASSIDY, JR., TN 13186
ROBERT TURNER, IV, 035364
**MCANGUS GOUDELOCK & COURIE, LLC**
Post Office Box 171446
5350 Poplar Avenue, Suite 800 (38119)
Memphis, Tennessee 38187
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
Email: rob.turner@mgclaw.com