IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>)  Case No. 2:23-cv-02285-JTF-atc |
| v. | )<br>) |
| **US ALL STAR FEDERATION d/b/a IASF,** | )<br>)<br>) |
| Defendant/Counter-Plaintiff. | ) |

**JOINT RULE 26(f) REPORT OF PARTIES' PLANNING MEETING**

Come now the Parties, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26, Local Rule 26.1, and the Court's Notice of Setting, ECF No. 24, and respectfully submit the following report of their discovery planning meeting as follows:

1. **Meeting Participants.** The following individuals participated in a Rule 26(f) conference on September 12, 2023:

   Kristen Kish and Robert Turner, representing Plaintiff/Counter-Defendant Greenwich Insurance Company

   Mary Wu Tullis, representing Defendant/Counter-Plaintiff U.S. All Star Federation, Inc.

2. **Initial Disclosures.** The parties will serve their respective initial disclosures by no later than October 6, 2023, in accordance with Rule 26(a)(1).

3. **Discovery Plan.** The parties jointly propose the following discovery plan:

   a. **Timeline for Discovery**. Discovery shall be completed by the deadlines set forth in the Court's Rule 16(b) Scheduling Order or Amended Order(s).

    b. **Discovery will be needed on these subjects:** The factual allegations set forth in Plaintiff's Complaint and Defendant's Counterclaim; the Parties' claims and defenses; and any additional topics which may become necessary as discovery progresses.

    c. **Electronically-Stored Information.** As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery"). Based on the anticipated needs, and given the nature of this dispute, the Parties have agreed that appointment of an e-discovery coordinator and retention coordinator is unnecessary. The Parties agree to preserve e-mails, computer files and electronic data with respect to the subject matter of this action and to produce any properly requested electronic data, assuming such data is not otherwise protected by work product or attorney-client privileges or otherwise objectionable. If any such issues arise, the Parties will attempt to resolve such disputes before seeking Court intervention and agree to abide by the electronic discovery provisions as expressed in the Court's Rule 16(b) Scheduling Order or Amended Order(s).

    d. **Privilege & Work Product.** At this time, the Parties do not anticipate any issues about claims of privilege and/or protection of trial preparation materials. If any such issues arise, the Parties will attempt to resolve such disputes before seeking Court intervention. The Parties have agreed that, if privileged or protected information is inadvertently produced during discovery, the producing Party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    e. **Interrogatories.** The Parties shall comply with Rule 33(a)(1)'s limitation of twenty-five (25) interrogatories per party. Any party seeking to propound additional interrogatories may do so only by agreement or with leave of Court pursuant to Rule 33(a)(1).

    f. **Requests for Admission.** The Parties shall comply with Rule 36.

    g.  **Depositions**.  The Parties shall make all reasonable efforts to comply with Rule 30(a)'s limitation of ten (10) depositions.  If it becomes necessary to depose more than ten (10) persons during the discovery phase of this action, the Parties have agreed to cooperate in good faith in scheduling any such additional depositions and have further agreed that any party may present the matter to the Court if no agreement can be reached.  The Parties shall limit each deposition by oral examination to seven (7) hours. At this time, the Parties are not aware of any other changes that should be made in the limitations on discovery prescribed under the Federal Rules of Civil Procedure or this Court's Local Rules.

    h.  **Expert Disclosures**.  Plaintiff will comply with the Court's Rule 16(b) Scheduling Order or Amended Order(s) regarding expert witness deadlines. Defendant will comply with the Court's Rule 16(b) Scheduling Order or Amended Order(s) regarding expert witness deadlines.  The final deadlines with respect to identifying expert witnesses and making them available for discovery depositions shall be consistent with the Court's Rule 16(b) Scheduling Order or Amended Order(s).

    i.  **Supplementing Discovery**. The Parties shall comply with the requirements set forth in Rule 26(e).

    j.  If any discovery issues arise, the Parties will attempt to resolve such disputes before seeking Court intervention.

  4.  **Other Items:**

    a.  **Rule 16(b) Scheduling Conference**. A Rule 16 Scheduling Conference is set for Tuesday, September 26, 2023 at 9:00 a.m.  The Parties do not anticipate needing to meet with the Court prior to the scheduling conference.

b. **Deadline to Amend Pleadings or Join Parties**. If any party wishes to join one or more additional parties, the deadline for such joinder shall be consistent with the Court's Rule 16(b) Scheduling Order or Amended Order(s).

c. **Dispositive Motions**. The deadline for dispositive motions shall be consistent with the Court's Rule 16(b) Scheduling Order or Amended Order(s).

d. **Settlement Potential.** The settlement potential of this case is unknown at this time.

e. **Alternative Dispute Resolution.** The Parties will engage in good faith in alternative dispute resolution pursuant to the Court's Order.

f. **Final Witness and Exhibit Lists.** The deadlines for submitting exhibit and witness lists and submitting objections to same shall be consistent with the deadlines set forth or as ordered by the Court.

g. **Final Pre-Trial Conference**. The dates for Pretrial Conference shall be consistent with the dates set forth in the Court's Rule 16(b) Scheduling Order or as otherwise ordered by the Court.

h. **Suggested Trial Date.** The Parties anticipate that the trial of this matter will last approximately two (2) to three (3) days. The dates for Trial shall be consistent with the dates set forth in the Court's Rule 16(b) Scheduling Order or as otherwise ordered by the Court.

[Signatures appear on the following page.]

Respectfully submitted,

**MOUND COTTON WOLLAN & GREENGRASS LLP**

 /s/ Kristen C. Kish
_____
Lloyd A. Gura (admitted pro hac vice)
Ellen G. Margolis (admitted pro hac vice)
Kristen C. Kish (admitted pro hac vice)
One New York Plaza, 44th Floor
New York, New York 10004
Phone:          (212) 804-4200
Fax:              (212) 344-8066
Email: lgura@moundcotton.com
Email: emargolis@moundcotton.com
Email: kkish@moundcotton.com

THOMAS P. CASSIDY, JR., TN 13186
ROBERT TURNER, IV, 035364
**MCANGUS GOULDELOCK & COURIE, LLC**
Post Office Box 171446
5350 Poplar Avenue, Suite 800 (38119)
Memphis, Tennessee 38187
Phone:          (901) 682-3436
Facsimile:     (901) 339-0683
Tom.cassidy@mgclaw.com
Rob.turner@mcglaw.com

*Attorneys for Plaintiff*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

/s/ Mary Wu Tullis
_____
Mary Wu Tullis (TN Bar No. 31339)
Grady M. Garrison (TN Bar No. 8097)
Nicole Berkowitz Riccio (TN Bar No. 35046)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0761
mtullis@bakerdonelson.com
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*