UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br>        Plaintiff,<br><br>-against-<br><br>US ALL STAR FEDERATION d/b/a IASF,<br><br>        Defendant. | Case No. 2:23-cv-02285-JTF-atc |

**MEMORANDUM OF PLAINTIFF GREENWICH INSURANCE COMPANY IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

MOUND COTTON WOLLAN & GREENGRASS LLP
Mound Cotton Wollan & Greengrass, LLP
One New York Plaza
New York, NY  10004
212-804-4200

*Attorneys for Greenwich Insurance Company*

Of Counsel:
Lloyd A. Gura
Ellen G. Margolis
Kristen C. Kish

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... i

PRELIMINARY STATEMENT ..............................................................................................1

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT..............................................................................................................................5

    I.    GREENWICH'S MOTION FOR LEAVE TO AMEND ITS PLEADINGS MUST BE GRANTED IN ACCORDANCE WITH THE LIBERAL STANDARD CONCERNING AMENDMENTS PROVIDED IN THE FEDERAL RULES OF CIVIL PROCEDURE ........................................................5

        A.    The Federal Rules Of Civil Procedure Advise That Amendments Should Be Granted Freely ................................................................................5

        B.    None Of The Factors That Could Justify Denial Of Leave To Amend Are Present Here .............................................................................................5

            1.    Greenwich Has Not Delayed In Requesting Leave To Amend........................................................................................................6

            2.    USASF Will Not Be Prejudiced By Greenwich's Amended Complaint..................................................................................................6

CONCLUSION..........................................................................................................................7

CERTIFICATE OF CONSULTATION .................................................................................8

## **TABLE OF AUTHORITIES**

**Cases**

Brumbalough v. Camelot Care Centers, Inc., 427 F.3d 996 (6th Cir. 2005) .................................. 5

Loc. Spot, Inc. v. Lee, No. 3:20-CV-00421, 2020 WL 7554214 (M.D. Tenn. Dec. 14, 2020) ............................................................................................................................................ 5

Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986) ............................................................... 5

Smith v. H & H Samuels Properties, LLC, No. 2:19-CV-2870-SHM-DKV, 2021 WL 51430 (W.D. Tenn. Jan. 6, 2021) ............................................................................................. 7

**Statutes**

Fed. R. Civ. P. 15(a)(2) ................................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiff Greenwich Insurance Company ("Greenwich") submits this memorandum of law in support of its Unopposed Motion for Leave to File an Amended Complaint because: 1) Federal Rule of Civil Procedure 15(a) instructs that leave to amend pleadings should be granted freely; 2) Defendant US All Star Federation ("USASF") recently tendered defense of a lawsuit pending in Bexar County, Texas that involves similar factual circumstances as the underlying lawsuits at issue and implicates the same insurance policies and provisions as those on which Greenwich seeks a declaratory judgment in the instant matter, thus justifying the addition of the lawsuit to the complaint, 3) the Ohio Federal court case referenced in the complaint has since been dismissed and certain of the claims have been refiled in state court, warranting correction of the complaint, 4) USASF does not oppose Greenwich's motion for leave to file an amended complaint, 5) Greenwich is filing this <u>unopposed</u> motion within the court-ordered deadline and did not delay in filing this motion, and 6) USASF will suffer no prejudice as a result of the amendment of the complaint. A copy of the proposed First Amended Complaint with redlined revisions is annexed to the accompanying Declaration of Kristen C. Kish ("Kish Decl.") as Exhibit 1.

## STATEMENT OF FACTS

This suit is an action for declaratory relief, in which Greenwich seeks a judgment that no insurance coverage is available to USASF under three primary commercial general liability policies (Greenwich Commercial General Liability Policy Nos. ASG0896965, ASG08969650, and ASG089696502) and three commercial excess liability insurance policies (Greenwich Commercial Excess Liability Policy Nos. ASX0896975, ASX089697501, and ASX089697502) (collectively, the "Greenwich Policies") for any claims for relief asserted or that may be asserted by the plaintiffs in a number of underlying lawsuits pending in the Federal District Courts of

North Carolina, South Carolina and Ohio[1] and in Texas state court (the "Underlying Lawsuits"). See ECF No. 1. Greenwich filed the complaint as Docket No. 1 on May 9, 2023. Id. As alleged in the complaint, the Underlying Lawsuits generally allege that the plaintiffs are or were involved in the world of competitive cheer. The plaintiffs in the Underlying Lawsuits also generally allege that they were subject to actual or threatened abuse or molestation by coaches and others in connection with their respective cheer gyms. The plaintiffs in the Underlying Lawsuits allege that USASF was the sanctioning body in charge of the regulatory side of cheer and certified athletes, coaches, and gyms, which the plaintiffs claim is "a seal that the industry represented as synonymous with a warranty that the gym, its coaches and its choreographers were safe, and followed best practices including to prevent athlete abuse." The plaintiffs in the Underlying Lawsuits assert a number of claims against USASF, including but not limited to: Negligence; Gross Negligence; Negligent Security; and Agency, and Respondeat Superior and Vicarious Liability. See, e.g., ECF No. 1-3 to 1-9. Greenwich is defending USASF (as respects certain plaintiffs) in the Underlying Lawsuits, subject to a full and complete reservation of rights. See ECF No. 21-1. Greenwich has reserved its right to decline coverage based upon exclusions in the Primary Policies. Id.

USASF filed its Answer, Affirmative Defenses and Counterclaim as Docket No. 16 on June 9, 2023. Greenwich filed its Answer to Counterclaim as Docket No. 22 on June 29, 2023. While initial disclosures were exchanged on October 6, 2023, document discovery has not yet begun.

One of the Underlying Lawsuits described in the complaint is *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star*

---

[1] As discussed *infra*, the Ohio Federal court action was terminated after the complaint in the instant matter was filed, and John Doe 1 in the Ohio Federal court action has since filed his claims in Ohio state court.

*Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about November 28, 2022 in the United States District Court for the Northern District of Ohio, Eastern Division at Cleveland as Case No. 1:22-cv-02139 ("Ohio Federal Court Action"). See ECF No. 1-8. By letter dated February 7, 2023, Greenwich agreed to defend USASF in the Ohio Federal Court Action, subject to a full and complete reservation of rights. See ECF No. 21-1. On August 2, 2023, the court dismissed Counts 1 and 2 of the Ohio Federal Court Action complaint as against USASF and other defendants, and declined to exercise supplemental jurisdiction over the remaining state-law claims. Accordingly, the Ohio Federal Court Action was terminated. John Doe 1 thereafter filed a new complaint in Ohio state court on August 31, 2023, captioned *John Doe 1 v. Varsity Spirit, LLC et al.*, as Case No. CV 23 984774 in the Court of Common Pleas, Cuyahoga County, Ohio ("Ohio State Court Action"), which USASF tendered to Greenwich on or about September 12, 2023. A copy of the complaint in the Ohio State Court Action is annexed to the Kish Decl. as Exhibit 2. By letter dated October 6, 2023, Greenwich agreed to defend USASF in the Ohio state court action under policy No. ASG089696501, subject to a full and complete reservation of rights. A copy of the October 6, 2023 letter is annexed to the Kish Decl. as Exhibit 3. The Ohio State Court Action contains similar allegations against USASF as those asserted in the Ohio Federal Court Action.

In addition, on or about September 20, 2023, USASF's counsel notified American Specialty Insurance and Risk Services, Inc. of the pending lawsuit against USASF captioned *Jane Doe v. Texas Wolverine All-Stars, Inc., et. al*, filed as Case No. 2022CI19481, in the 225th Judicial District Court, Bexar County, Texas, filed on October 3, 2022 ("Bexar County Action"). A copy of the Amended Petition in the Bexar County Action is annexed to the Kish Decl. as Exhibit 4. Other Defendants include: Texas Wolverine All-Stars, Inc. ("Texas Wolverine"), Lex

Luis Bazan, Luis Bazan, SF Commercial, LP, and SF Commercial GP, LLC. By letter dated October 25, 2023, Greenwich agreed to defend USASF under policy No. ASG089696502, subject to a full and complete reservation of rights. A copy of the October 25, 2023 letter is attached to the Kish Decl. as Exhibit 5. The Amended Petition generally alleges that the plaintiff Jane Doe joined a competitive cheerleading program at Texas Wolverine in 2017 and cheered there for 5 years. Texas Wolverine is owned by Luis Bazan and his son, Lex Bazan, who was employed by Texas Wolverine as a cheerleading coach, trainer, mentor, and agent of the programs, camps, and events. He coached the plaintiff's team and gave private lessons to the plaintiff. The plaintiff alleges that between 2017 and 2021, Lex Bazan "engaged in many instances of inappropriate and sexual contact with Plaintiff, who was a minor" including: touching the plaintiff's buttocks, groping her inner thigh, including her groin area, hugging and touching the plaintiff, making sexual references to the plaintiff, instructing the plaintiff to remove her sports bra and touching the plaintiff in sexual manners that made the plaintiff feel uncomfortable. The plaintiff alleges that this abuse "eventually progressed to aggravated sexual assault which at all times would occur on the premises of the Defendants' facilities." The plaintiff alleges the following counts against USASF: (i) negligence; (ii) agency, respondeat superior, and vicarious liability; (iii) negligent hiring, retention, training, screening, supervision, and failure to warn; and (iv) gross negligence.

Greenwich now seeks leave to amend its complaint to add the Bexar County Action as one of the "Underlying Lawsuits" and to reflect the refiled Ohio State Court Action, both of which Greenwich became aware of after the filing of the complaint. It further seeks to add a request that the instant declaratory judgment apply equally to all factually similar lawsuits that

exist or may arise, in order to avoid the need to file additional motions for leave to amend the complaint in the future.

## ARGUMENT

I. **GREENWICH'S MOTION FOR LEAVE TO AMEND ITS PLEADINGS MUST BE GRANTED IN ACCORDANCE WITH THE LIBERAL STANDARD CONCERNING AMENDMENTS PROVIDED IN THE FEDERAL RULES OF CIVIL PROCEDURE**

    A. **The Federal Rules Of Civil Procedure Advise That Amendments Should Be Granted Freely**

Fed. R. Civ. P. 15(a)(2) permits a party to amend its pleadings upon leave of the Court and courts "should freely give leave when justice so requires." Fed. R. Civ. P. (15)(a)(2); see also Brumbalough v. Camelot Care Centers, Inc., 427 F.3d 996, 1001 (6th Cir. 2005); Loc. Spot, Inc. v. Lee, No. 3:20-CV-00421, 2020 WL 7554214, at *2 (M.D. Tenn. Dec. 14, 2020) (explaining that the Fed. R. Civ. P. (15)(a) "mandate" to grant leave freely "flows from the principle that a plaintiff 'ought to be afforded an opportunity to test [their] claim on the merits' where 'the underlying facts or circumstances relied upon ... may be a proper subject of relief.'") (citations omitted); Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'") (citations omitted). Justice requires that Greenwich be allowed to amend its complaint to include facts that arose after it filed the complaint, and that involve the same questions as those presented in the instant action for declaratory judgment. Moreover, USASF does not oppose this motion. Thus, leave to amend should be freely granted to Greenwich.

    B. **None Of The Factors That Could Justify Denial Of Leave To Amend Are Present Here**

Although there are certain factors that may justify denial of leave to amend a complaint,

such as undue delay, bad faith, or prejudice, it is clear that none of those factors are present here. See Brumbalough, 427 F.3d at 1001 ("In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.").

### 1. Greenwich Has Not Delayed In Requesting Leave To Amend

This motion is being filed prior to the deadline set forth in the Scheduling Order controlling this matter. See ECF 28. In addition, Greenwich moved promptly to amend its complaint after learning of the new information justifying amending its complaint. USASF forwarded notice of the Ohio State Court Action on September 12, 2023 and Greenwich agreed to defend USASF under reservation of rights on October 6, 2023. Additionally, USASF forwarded notice of the Bexar County Action on September 20, 2023 and Greenwich agreed to defend USASF under reservation of rights on October 25, 2023.

Accordingly, Greenwich's motion to amend was not delayed and is overdue.

### 2. USASF Will Not Be Prejudiced By Greenwich's Amended Complaint

USASF will not be prejudiced by the amendment of the complaint – which it does not oppose – as USASF is aware that the Ohio State Court Action and Bexar County Action are relevant to the instant action as it tendered the defense of these actions to Greenwich under the same policies as the Underlying Lawsuits. The motion is also made within the deadline set forth in the Scheduling Order so it will not disturb the Court's timeline for discovery and trial in this matter. See ECF No. 28. "The relevant questions in the prejudice inquiry are whether the amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" Smith v. H

& H Samuels Properties, LLC, No. 2:19-CV-2870-SHM-DKV, 2021 WL 51430, at *1 (W.D. Tenn. Jan. 6, 2021) (citations omitted). This motion will not delay the case in any way; in fact, it will streamline the dispute between the parties and conserve judicial resources by allowing the issues to be decided at once.

The deadline for written discovery in this case is not until December 20, 2023 and the discovery cutoff is not until April 26, 2024. See ECF No. 28. Further, neither Greenwich nor USASF have taken depositions of witnesses, alleviating any need for re-calling witnesses or re-taking depositions. Thus, this Court may freely grant Greenwich's leave to file its amended complaint and answer without risk of violating this Court's September 25, 2023 Scheduling Order or risk of any argument by USASF that it does not have enough notice to conduct additional discovery.

In sum, it is difficult to imagine a scenario in which USASF would be prejudiced by Greenwich's motion. Accordingly, this Court should grant Greenwich's motion for leave to amend its complaint.

## CONCLUSION

For the foregoing reasons, Greenwich respectfully requests that this Court grant Greenwich's unopposed motion for leave to amend its complaint.

Dated: October 26, 2023
    New York, NY

                                     Respectfully submitted,

                                       MOUND COTTON WOLLAN & GREENGRASS LLP

                                     *s/ Kristen C. Kish*
                                     Lloyd A. Gura, Esq. (admitted pro hac vice)
                                     Ellen G. Margolis, Esq.(admitted pro hac vice)
                                     Kristen C. Kish (admitted pro hac vice)
                                     Mound Cotton Wollan & Greengrass, LLP

One New York Plaza
New York, NY  10004
212-804-4200

        & 

THOMAS P. CASSIDY, JR., TN 13186
ROBERT TURNER, IV, 035364
MCANGUS GOUDELOCK & COURIE, LLC
Post Office Box 171446
5350 Poplar Avenue, Suite 800 (38119)
Memphis, Tennessee 38187
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
Email: rob.turner@mgclaw.com

*Attorneys for Greenwich Insurance Company*


## CERTIFICATE OF CONSULTATION

     Pursuant to Local Rule 7.2, I, Kristen C. Kish, counsel for Plaintiff Greenwich Insurance Company, hereby certify that I met and conferred with counsel for Defendant US All Star Federation, Mary Tu Willis, regarding the relief sought in this Motion via telephone on October 25, 2023. Ms. Willis stated that Defendant does not oppose the relief sought.

                                *s/ Kristen C. Kish*
                                Kristen C. Kish (admitted pro hac vice)