# Exhibit P

FILED
1/10/2023 11:33 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Rogelio Espinosa
Bexar County - 225th District Court

CAUSE NO. 2022CI19481

| | | |
|---|---|---|
| JANE DOE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| V. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| TEXAS WOLVERINE ALL-STARS, INC., | § | |
| WOLVERINE CHEER FORCE, | § | |
| LEX LUIS BAZAN, LUIS BAZAN, UNITED | § | |
| STATES ALL STAR FEDERATION, INC., | § | |
| SF COMMERCIAL, LP, and | § | |
| SF COMMERCIAL GP, LLC | § | |
| | § | |
| *Defendants*. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF JANE DOE'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff, Jane Doe, and files this, *Plaintiff Jane Doe's First Amended Petition*, complaining of Defendants, TEXAS WOLVERINE ALL-STARS, INC., WOLVERINE CHEER FORCE, LEX LUIS BAZAN, LUIS BAZAN, UNITED STATES ALL STAR FEDERATION, SF COMMERCIAL, LP, and SF COMMERCIAL GP, LLC, and in support thereof, would respectfully show the following to the Court and Jury:

### I.    PARTIES

1.    Plaintiff Jane Doe is an individual residing in the State of Texas.

2.    Defendant, TEXAS WOLVERINE ALL-STARS, INC., is a corporation doing business in the State of Texas, including Bexar County, Texas and has been served with process and made an appearance through counsel and filed its Original Answer.

3.    Defendant, WOLVERINE CHEER FORCE, is a company doing business in the

State of Texas, including Bexar County, Texas, and has been served with process, made an appearance through counsel, and filed its Original Answer.

4.     Defendant LUIS BAZAN is an individual residing in the Bexar County, Texas, and has been served with process and made an appearance through counsel and filed its Original Answer.

5.     Defendant LEX LUIS BAZAN is an individual residing in Bexar County, Texas, and has been served with process and made an appearance through counsel and filed its Original Answer in response to Plaintiff's Original Petition.

6.     Defendant UNITED STATES ALL STAR FEDERATION (USASF) is a foreign non-profit corporation with its principal office in Shelby County, Tennessee, and may be served by and through its registered agent, CT CORPORATION SYSTEM, located at <u>300 Montvue Rd., Knoxville, TN  37919-5546</u>, or wherever it may be found.  **Plaintiff requests service of process at this time**

7.     Defendant SF COMMERCIAL, LP is a domestic limited partnership in Bexar County, Texas, is the owner of the property located at 1334 S. Flores St., San Antonio, Texas 78204, and may be served with process through its registered agent for service, Rajeev Puri, located at 6002 Camp Bullis Rd., San Antonio, TX  78257, or wherever that person may be found**. Plaintiff requests service of process at this time**.

8.     Defendant SF COMMERCIAL GP, LLC is a domestic limited liability company in Bexar County, Texas, is the general partner of Defendant SF Commercial, LP, and may be served with process through its registered agent for service, Rajeev Puri, located at 6002 Camp Bullis Rd., San Antonio, TX  78257, or wherever that person may be found**.  Plaintiff requests service**

**of process at this time**.

9.  Plaintiff specifically invokes her right to institute this suit against whatever entities were conducting business using the assumed or common name of "TEXAS WOLVERINE ALL-STARS" or "WOLVERINE CHEER FORCE" regarding the events described in this Petition. Plaintiff further expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the name or names of these parties substituted at a later time, upon the motion of any party or one of the Court.

## II.   DISCOVERY CONTROL PLAN

10.  Discovery, pursuant to Rule 190.4, Texas Rules of Civil Procedure, will be conducted under Level 3.

## III.   JURISDICTION AND VENUE

11.  This Court has jurisdiction over the parties and subject matter of this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements. Plaintiff seeks monetary relief over $1,000,000.00. Removal to federal court would be improper because this lawsuit does not involve a federal question, this lawsuit lacks diversity, and/or because of the forum-defendant rule. Venue is proper in Bexar County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to the claims occurred in Bexar County.

## IV.   RELIEF SOUGHT

12.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $1,000,000.00.

## V. MISNOMER, ALTER EGO, ASSUMED NAME

13. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such partied properly included accountable in the interest of justice

## VI. FACTUAL SUMMARY

14. Jane Doe is a former cheer athlete who participated in a cheerleading program and team for the Defendants beginning at twelve years of age. Jane Doe continues to have flashbacks of the sexual abuse she suffered at the hands of Defendants.

15. Cheerleading programs for young girls is a multi-billion-dollar industry. At age twelve, in 2017, Plaintiff joined a cheerleading program within the Defendants' organization. The cheerleading business is TEXAS WOLVERINE ALL-STARS, which is owned by LUIS BAZAN. Luis's son, LEX BAZAN, was employed as a cheerleading coach and was the coach for Plaintiff's team.

16. Defendant, TEXAS WOLVERINE ALL-STARS, represents on its website that it has been operating for twenty-five years, has teams for cheerleaders aged two years and older, and has earned dozens of local, state, and national titles since 1998.

17. Defendant, LEX BAZAN, son of the owner LUIS BAZAN, was employed by Defendant, TEXAS WOLVERINE ALL-STARS, as a coach, trainer, mentor, and agent of the programs, camps, events, and attended competitions.

18. During the five years Plaintiff was an athlete at Defendants' gym, Defendant, LEX BAZAN, was one of the coaches Plaintiff regularly interacted with at the TEXAS WOLVERINES

gym. LEX BAZAN gave private instruction/lessons to Plaintiff. In 2017, LEX BAZAN was 20/21 years of age and Plaintiff was 12/13 years of age. In 2020, LEX BAZAN was 23/24 years of age and Plaintiff was 15/16 years of age.

19. The usual outfit for the cheer athletes (most of which were less than eighteen years of age) who trained or practiced at Defendants' facilities consisted of short, thin shorts and tank tops, or sports bras. The cheer athletes wore these clothes because they did not restrict their movement as they practiced and because it would get hot in the gym.

20. Between 2017 and 2021, LEX BAZAN engaged in many instances of inappropriate and sexual contact with Plaintiff, who was a minor. LEX BAZAN would touch Plaintiff's buttocks and grope her inner thigh, including her groin area. LEX BAZAN would constantly hug and touch Plaintiff and would make sexual references to Plaintiff. Additionally, on various occasions, LEX BAZAN instructed Plaintiff to remove her sports bra and would consistently touch Plaintiff in sexual manners that made Plaintiff feel uncomfortable, which was explicitly communicated to LEX BAZAN.

21. Plaintiff endured consistent abuse from Defendant, LEX BAZAN, which eventually progressed to aggravated sexual assault which at all times would occur on the premises of the Defendants' facilities.

22. When Plaintiff would overtly state that Plaintiff did not wish to engage in any form of sexual act with Defendant, LEX BAZAN, Defendant would pressure, threaten, and coerce Plaintiff to perform various sexual acts.

23. Defendants' actions have affected Plaintiffs life. Plaintiff has had to, and will continue to, live with the deep-rooted mental trauma that does and will continue to require

extensive counseling.

24. Defendant United States All Star Federation (USASF) is a Tennessee-based cheerleading governing body founded in part to make cheerleading and cheer gyms, such as that of Defendants gym, safer for the children participating in cheerleading by setting guidelines and rules for gyms and competitions the gyms are involved in. USASF requires all cheer gyms, all cheerleaders, and all cheer coaches to become USASF members before being permitted to participate in USASF-sanctioned events.

25. Defendant USASF purposefully conducts substantial, continuous, and purposeful business activities in the State of Texas, routinely holding regional, national and international events throughout the State of Texas. Defendant USASF has dozens of member clubs in the State of Texas, all of whom were mandated by USASF policy to adopt and enforce policies and procedures. USASF actively recruits young cheer athletes from the State of Texas and receives a constant flow of funding from the State of Texas, including from membership dues, as well as regional, statewide, and national events held in the State of Texas. Defendant USASF receives substantial economic benefit from the State of Texas and enters into repeated and successive transactions within the State of Texas.

26. USASF membership requires individuals (both coaches and cheerleaders) to obtain USASF training, abide by all USASF rules and regulations, and procedures before being allowed to compete in USASF events. Defendant USASF employs, trains, and retains agents, servants volunteers, and members that interact directly with minor children as an ordinary course of their responsibilities. As such, all such employees, agents, volunteers, servants, and members at Defendant USASF are mandated reporters under Texas Family Code Section 261.01, *et seq.*

Moreover, under USASF policy, members of USASF who suspect sexual or physical abuse or misconduct are required to report the allegations to law enforcement before they report it to the USASF.

27. Defendant USASF requires members use SafeSport, which USASF purports to create a safe environment for minor cheerleaders with respect to the cheerleader's physical, emotional, and psychological well-being, by promoting abuse- and misconduct free gyms and events. USASF SafeSport policies are aimed specifically at ridding cheerleading from abuse and misconduct by requiring monitoring and control over areas at risk for abuse and misconduct.

28. USASF purports to hold members to task with respect to the mission to reduce and eliminate the types of unconscionable sexual, physical, and emotional abuse against children, as with Plaintiff in this case, by threatening expulsion from USASF should members conduct themselves in a manner inconsistent with the best interests of minor cheerleaders and the federation itself. Through USASF Professional Responsibility Code, USASF retains the right to revoke, suspend, and deny membership to USASF, and to publish the identities of individuals not fit or otherwise qualified for membership because of the risks they pose minor athletes.

29. Despite the foregoing safety policies and procedures, USASF altogether, and in this case especially with respect to the gym where Plaintiff suffered continuous and brutal sexual abuse, USASF has engaged in a pattern and practice of failing to adequately supervise, hire, train, retain, retrain, and/or remove sexually abusive members of its organizations, who is represented to parents, cheerleader's and other minors and members of the public, to be safe for the public and minor cheerleaders.

30. Plaintiff frequently competed in events that were sanctioned by Defendant USASF

and Defendants TEXAS WOLVERINE ALL-STARS, LEX BAZAN and LUIS BAZAN, and Plaintiff was under Defendants' complete dominion, control, and supervision. Defendants owed a duty to protect minor children, including Plaintiff, from being exposed to the risks of sexual abuse and misconduct, to protect Plaintiff and other gymnasts from being subjected to physical, sexual, and emotional abuse and misconduct, and to put policies in procedures in place that were adequate, actually implemented, and actually enforced so that said policies and procedures would be able to safeguard minor children from the risks of being targeted by predatory persons involved with the gym and USASF. As a direct result of the negligent, reckless, and grossly negligent conduct of Defendants, Plaintiff suffered extreme injury and damage for which suit is brought.

## VII.   CAUSES OF ACTION

**A.   SEXUAL ASSAULT/AGGRAVATED SEXUAL ASSAULT OF CHILD (LEX BAZAN)**

31.   The acts committed by LEX BAZAN and suffered by Plaintiff constitute sexual assault of a child. BAZAN's actions resulted in harmful and offensive contact with Plaintiff. Under Section 16.0045 of the Texas Civil Practice and Remedies Code, this action falls within the statute of limitations, as this case involves a violation of the following sections of the Texas Penal Code: Section 22.011 (sexual assault of a child), Section 22.021 (aggravated sexual assault of a child), and Section 21.02 (continuous sexual abuse of young child).

**B.   NEGLIGENCE (ALL DEFENDANTS)**

32.   Defendants owed a duty of reasonable care to Plaintiff. Defendants breached this duty in several ways, including but not limited to, the following:

    a.   Failing to exercise reasonable care;

    b.   Failing to properly screen, retain, hire, train, and/or supervise;

      c.     Failing to promulgate effective safety policies;

      d.     Failing to protect minor athletes;

      e.     Failing to prevent persons in positions of power from being alone with a single minor child without supervision or other safeguards to protect the minor child;

      f.     Failing to properly investigate;

      g.     Failing to notify;

      h.     Failing to ensure safety policies and procedures were implemented and followed;

      i.     Failing to ensure safety policies and procedures were enforced; and,

      i.     Failing to exercise reasonable control over employees, agents and/or contractors.

33.    Each of these acts and omissions, singularly or in combination with others, constitute negligence which was the proximate cause of Plaintiff's injuries.

## C. AGENCY, RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY (ALL DEFENDANTS)

34.    Defendants are responsible for the conduct of their coaches, employees, and/or agents due to the relationship that existed, among other acts and omissions of negligence which may be shown during the trial of this cause. This includes agents which owed duties to Plaintiff to ensure its coaches were not harming children in Defendants' gym, as well as Lex Bazan.

## D. NEGLIGENT HIRING, RETENTION, TRAINING, SCREENING, SUPERVISION, AND FAILURE TO WARN (ALL DEFENDANTS)

35.    Plaintiff realleges each aforementioned allegations as if fully incorporated below and further pleads and alleges that Defendants failed to properly screen, hire, and train their employees, staff, coaches, and other agents, including LEX BAZAN.

36.    Defendants knew or should have known that LEX BAZAN should not have been

permitted to interact with minor athletes.

37. Defendants provided LEX BAZAN direct and continued access to minors despite failing to adequately investigate, regulate, monitor, and supervise BAZAN.

38. Each of these acts and omissions, singularly or in combination with others, constitute negligence that was the proximate cause of Plaintiff's injuries and damages.

**E.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (LEX BAZAN)**

39. Plaintiff realleges each aforementioned allegations as if fully incorporated below and further pleads and alleges that Defendant, LEX BAZAN, acted intentionally and recklessly toward Plaintiff and engaged in extreme and outrageous conduct.

40. Defendant LEX BAZAN's actions caused Plaintiff severe emotional distress.

**F.     PREMISES LIABILITY (AGAINST DEFENDANTS SF COMMERCIAL, LP, and SF COMMERCIAL GP, LLC)**

41. At all relevant times herein, Plaintiff was an invitee of the gym located at 1334 S. Flores St., San Antonio, TX 78204, for the purposes of participating in cheer sports, gymnastics, and other activities conducted by Defendants at Defendants' gym.

42. At all times relevant herein, Defendants SF COMMERCIAL, LP, and SF COMMERCIAL GP, LLC, owned the property including the gym and, together with Defendants TEXAS WOLVERINE ALL-STARS, INC., WOLVERINE CHEER FORCE, LEX LUIS BAZAN, LUIS BAZAN, and UNITED STATES ALL STAR FEDERATION, INC., operated, leased, and/or otherwise controlled the property of the cheer gym where Plaintiff and other minor cheerleaders were present from time to time for gymnastics and cheer activities. Defendants were negligent in the use, maintenance, and management of the premises in that they permitted a dangerous condition to remain present without remedying or warning of the danger; said dangerous

condition being Defendant Bazan obtaining full unfettered one-on-one interaction with minor Plaintiff on the property affording Bazan opportunity, which was seized, to take physical, sexual and emotional advantage of Plaintiff and cause Plaintiff extreme harm.

43.     Plaintiff was among the class of persons who were foreseeable and to whom a duty was owed by Defendants Varsity, USASF.  Based upon their prior knowledge, Defendants and each of them, knew Bazan to be a dangerous condition and risk of said property and presented an unreasonable risk of harm to minors, including Plaintiff.  Harris was a direct cause of the injuries to Plaintiffs at the subject property.  Defendants had a duty to control Bazan on the subject property, due to Defendants' prior notice and knowledge of Harris' propensity and disposition to engage in sexual misconduct with minors before he sexually harassed, exploited, abused and molested Plaintiffs.

44.     As a result of the above-described conduct, Plaintiff suffered and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress including embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life; has suffered and continue to suffer and were prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

### G.     GROSS NEGLIGENCE (ALL DEFENDANTS)

45.     Plaintiff realleges each aforementioned allegations as if fully incorporated below and further pleads and alleges that the acts and/or omissions of Defendants, when viewed objectively from Defendants' standpoint, involved an extreme risk considering the probability and

magnitude of the potential harm to others. Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded in conscious indifference to the rights, safety, and/or welfare of others, including Plaintiff. As such, Defendants' actions and omissions constitute gross negligence. Therefore, Plaintiff prays that punitive damages be awarded against Defendants.

## VIII.   DAMAGES

35. Plaintiff seeks damages for:

   a. mental anguish in the past and future;

   b. physical pain and suffering in the past and future;

   c. medical expenses in the past and future;

   d. loss of earning capacity in the past and future;

   e. loss of household services in the past and future;

   f. costs of suit;

   g. pre-judgment and post-judgment interest at the appropriate rate allowed by law; and,

   h. punitive damages.

36. Plaintiff seeks any other and further relief to which Plaintiff may be justly entitled, including punitive damages for Defendants' actions. Plaintiff also pleads that due to the felony acts that occurred, there is no limitation on exemplary damages.

## IX.   JOINT AND SEVERAL LIABILITY

37. Because of the relationship between the Defendants and the activities of the Defendants prior to and at the time of the events giving rise to Plaintiff's claims, the Defendants are jointly and severally liable for Plaintiff's damages alleged herein.

## X.  JURY DEMAND

38. Plaintiff respectfully demands a jury trial.

## XI.  PRESERVATION NOTICE

39. Plaintiff requests that Defendants preserve any and all related evidence, reports, statements, notes, logs, website submission data, internal communications, emails, text messages, materials, communications with governmental entities, photos, and videos. Defendants' failure to preserve relevant evidence may warrant a spoliation instruction at trial which creates a presumption that if the evidence was preserved, it would weigh against the respective party.

## XII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JANE DOE, requests that Defendants, TEXAS WOLVERINE ALL-STARS, INC., WOLVERINE CHEER FORCE, LEX LUIS BAZAN, LUIS BAZAN, UNITED STATES ALL STAR FEDERATION, INC., SF COMMERCIAL, LP, and SF COMMERCIAL GP, LLC, be cited to appear and answer herein; that, on final hearing of this cause, Plaintiff have judgment against Defendants for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; for costs of suit; for pre-judgment and post-judgment interest at the maximum legal rate; and, for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HARPER LAW FIRM**
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
(210) 780-3881; Telephone
(210) 876-1891; Facsimile
taylor@harperlawtx.com; Email
sam@harperlawtx.com; Email
jessica@harperlawtx.com; Email

BY:  */s/ Taylor W. Harper*_____
TAYLOR W. HARPER
State Bar No. 24091573
SAMUEL W. ROYSTON
State Bar No. 24100321
JESSICA R. PEISEN
State Bar No. 24118196
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served in accordance with the Texas Rules of Civil Procedure on January 10, 2023, upon the following counsel of record, via email and/or eService:

Raul V. Trevino
408 Dwyer Avenue
San Antonio, Texas 78204
**ATTORNEY FOR DEFENDANT**
**TEXAS WOLVERINE ALL-STARS, INC.**
**WOLVERINE CHEER FORCE and LUIS BAZAN**

Mark Rutledge
Attorney at Law
5911 Sinclair
San Antonio, Texas 78222
**ATTORNEY FOR DEFENDANT**
**LEX LUIS BAZAN**

 */s/ Samuel Royston*_____
Samuel Royston

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Eddie Lucio on behalf of Samuel Royston
Bar No. 24100321
eddie@harperlawtx.com
Envelope ID: 71646584
Status as of 1/11/2023 12:32 PM CST

Associated Case Party: Jane Doe

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ms. Sheridan Santens | | sheridan@harperlawtx.com | 1/10/2023 11:33:35 AM | SENT |
| Taylor Harper | | taylor@harperlawtx.com | 1/10/2023 11:33:35 AM | SENT |
| Jessica Peisen | | jessica@harperlawtx.com | 1/10/2023 11:33:35 AM | SENT |
| Samuel Royston | | sam@harperlawtx.com | 1/10/2023 11:33:35 AM | SENT |
| Eddie D.Lucio | | eddie@harperlawtx.com | 1/10/2023 11:33:35 AM | SENT |

Associated Case Party: Luis Bazan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Raul VTrevino | | raultrevinolaw@gmail.com | 1/10/2023 11:33:35 AM | SENT |
| Kimberly Miranda | | Kim@Raultrevinolaw.com | 1/10/2023 11:33:35 AM | SENT |
| Kim Miranda | | Paralegal.rvtlaw@gmail.com | 1/10/2023 11:33:35 AM | SENT |