## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff/Counter-Defendant,** | ) ) ) |
| **v.** | ) **Case No. 2:23-cv-02285-JTF-atc** ) |
| **US ALL STAR FEDERATION d/b/a IASF,** | ) ) ) |
| **Defendant/Counter-Plaintiff.** | ) ) ) ) |

## U.S. ALL STAR FEDERATION, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM

### ANSWER TO FIRST AMENDED COMPLAINT

Defendant/Counter-Plaintiff U.S. All Star Federation, Inc.[1] ("USASF"), by and through counsel, submits the following Answer to the First Amended Complaint for Declaratory Judgment filed by Greenwich Insurance Company ("Greenwich"), using the same paragraph numbers for convenience purposes:

### INTRODUCTION

1.      USASF admits only that the First Amended Complaint purports to set forth a claim for declaratory judgment.  In particular, USASF states that there is no such Greenwich Commercial

---

[1] The correct corporate name for USASF is U.S. All Star Federation, Inc.  Further, Defendant USASF does not operate as "IASF."  *See* Business Entity Detail on file with the Tennessee Secretary of State, *available at* https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=244072134130140158198177254207251034089217074053

General Liability Policy numbered "ASG08969650."  Instead, USASF has a Greenwich Commercial General Liability Policy numbered ASG089696501.

2.      USASF denies the allegations in Paragraph 2.

3.      In response to the allegations in Paragraph 3, USASF states that the referenced statute speaks for itself.  USASF admits only that this Paragraph cites a portion of Tenn. Code Ann. § 29-14-102.

4.      In response to the allegations in Paragraph 4, USASF states that the referenced statute speaks for itself.  USASF admits only that this Paragraph cites a portion of Tenn. Code Ann. § 29-14-103.

## PARTIES, JURISDICTION, AND VENUE

5.      USASF lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.

6.      USASF admits the allegations in Paragraph 6.

7.      Paragraph 7 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest diversity jurisdiction.

8.      Paragraph 8 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest diversity jurisdiction.

9.      Paragraph 9 sets forth Plaintiff's assertion of jurisdiction and thus constitutes a conclusion of law to which no answer is required, but insofar as one is deemed required, USASF does not contest venue.

## FACTS

10.     USASF admits the allegations in Paragraph 10.

11.     USASF admits only that the allegations in Paragraph 11 purportedly summarize the allegations in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

12.     USASF admits only that the allegations in Paragraph 12 purportedly summarize the allegations in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

13.     USASF admits only that the allegations in Paragraph 13 purportedly summarize the allegations in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

14.     USASF admits only that the allegations in Paragraph 14 purportedly summarize the allegations in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

15.     USASF admits only that the allegations in Paragraph 15 purportedly summarize the allegations in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

16.     Portions of Paragraph 16 are directed at entities other than USASF and as such, no response is needed.  As to the other allegations in Paragraph 16, USASF admits only that certain All Star Cheer gyms and cheer coaches pay fees to USASF.

17.     USASF admits only that the allegations in Paragraph 17 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

18.      USASF admits only that the allegations in Paragraph 18 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

19.      USASF admits only that the allegations in Paragraph 19 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

20.      USASF admits only that the allegations in Paragraph 20 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

21.      USASF admits only that the allegations in Paragraph 21 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

22.      USASF admits only that the allegations in Paragraph 22 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

23.      USASF admits only that the allegations in Paragraph 23 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for

themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

24.     USASF admits only that the allegations in Paragraph 24 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

25.     USASF admits only that the allegations in Paragraph 25 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

26.     USASF admits only that the allegations in Paragraph 26 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

27.     USASF admits only that the allegations in Paragraph 27 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

28.     USASF admits only that the allegations in Paragraph 28 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

29.     USASF admits only that the allegations in Paragraph 29 purportedly summarize multiple allegations in the South Carolina federal lawsuits. The South Carolina lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

30.     USASF admits only that the allegations in Paragraph 30 summarize claims in the South Carolina federal lawsuits. The South Carolina federal lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the documents.

31.     USASF admits only that the allegations in Paragraph 31 purportedly summarize multiple allegations in the North Carolina federal lawsuit. The North Carolina lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

32.     USASF admits only that the allegations in Paragraph 32 purportedly summarize claims in the North Carolina federal lawsuit. The North Carolina lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

33.     USASF admits only that the allegations in Paragraph 33 purportedly summarize multiple allegations in the Ohio state lawsuit. The Ohio state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

34.     USASF admits only that the allegations in Paragraph 34 purportedly summarize claims in the Ohio state lawsuit. The Ohio state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

35.     USASF admits only that the allegations in Paragraph 35 purportedly summarize multiple allegations in the Travis County, Texas state lawsuit. The Travis County, Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

36.     USASF admits only that the allegations in Paragraph 36 purportedly summarize claims in the Travis County, Texas state lawsuit. The Travis County, Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

37.     USASF admits only that the allegations in Paragraph 37 purportedly summarize claims in the Bexar County, Texas state lawsuit. The Bexar County, Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

38.     USASF admits only that the allegations in Paragraph 38 purportedly summarize claims in the Bexar County, Texas state lawsuit. The Bexar County, Texas state lawsuit speaks for itself, and USASF denies any characterization or inference that is inconsistent with the document.

39.     USASF admits the allegations in Paragraph 39.

40.     USASF admits the allegations in Paragraph 40.

41.     USASF admits the allegations in Paragraph 41.

42.     USASF admits the allegations in Paragraph 42.

43.     USASF admits that Paragraph 43 recites certain portions of the Primary Policies. USASF denies Paragraph 43 to the extent it purports to assert all relevant terms of the Primary Policies; the Policies speaks for themselves.

44.     USASF admits the allegations in Paragraph 44.

45.     USASF admits the allegations in Paragraph 45.

46.     USASF admits that Paragraph 46 recites certain portions of the Primary Policies. USASF denies Paragraph 46 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

47.     USASF admits that Paragraph 47 recites certain portions of the Primary Policies. USASF denies Paragraph 47 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

48.     USASF admits that Paragraph 48 recites certain portions of the Primary Policies. USASF denies Paragraph 48 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

49.     USASF admits that Paragraph 49 recites certain portions of the Primary Policies. USASF denies Paragraph 49 to the extent it purports to allege all relevant terms of the Primary Policies; the Primary Policies speaks for themselves.

50.     USASF admits the allegations in Paragraph 50.

51.     Paragraph 51 states legal conclusions and characterizes Plaintiff's purported legal position, to which USASF need not respond. To the extent any response to these allegations is necessary, USASF denies them.

52.     USASF admits that it first reported the Underlying Lawsuits identified in Paragraph 10(a) – (f) on December 9, 2022 to American Specialty Insurance and Risk Services.

53.     USASF denies the allegations in Paragraph 53.  Instead, USASF states that it first reported the Underlying Lawsuit identified in Paragraph 10(g) on August 31, 2021 to American Specialty Insurance and Risk Services.

54.     USASF admits the allegations in Paragraph 54.

55.     USASF admits the allegations in Paragraph 55.

56.     USASF admits the allegations in Paragraph 56.

57.     USASF denies the allegations in Paragraph 57.  Instead, USASF states that it first reported the Bexar County, Texas state court lawsuit on September 20, 2023 to American Specialty Insurance and Risk Services.

58.     USASF admits the allegations in Paragraph 58.

59.     USASF admits that it received a letter from Greenwich on October 25, 2023, outlining its position on coverage, including agreeing to defend the Underlying Lawsuits.  The letter speaks for itself and any characterization or inference that is inconsistent with the document is denied.

60.     USASF admits that it received a letter from Greenwich on October 25, 2023, outlining its position on coverage, including agreeing to defend the Underlying Lawsuits.  The letter speaks for itself and any characterization or inference that is inconsistent with the document is denied.

61.     Paragraph 61 is merely Greenwich's summary of its action to which no response is needed.  To the extent a response is deemed required, USASF denies that Greenwich is entitled to the relief that it is seeking.

### COUNT I – DECLARATORY RELIEF
### (ABUSE OR MOLESTATION EXCLUSION)

62.     USASF incorporates paragraphs 1-61 as its allegations in the Paragraph 62

63.     USASF admits only that the allegations in Paragraph 63 purportedly summarize claims in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the Underlying Lawsuits.

64.     USASF admits only that the allegations in Paragraph 64 purportedly summarize claims in the Underlying Lawsuits. The Underlying Lawsuits speak for themselves, and USASF denies any characterization or inference that is inconsistent with the Underlying Lawsuits.

65.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 65.

66.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 66.

67.     USASF admits that Paragraph 67 recites certain portions of the Primary Policies. USASF denies Paragraph 67 to the extent it purports to allege the applicability of this Exclusion.

68.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 68.

69.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 69.

70.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 70.

71.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 71.

72.     USASF denies the allegations in Paragraph 72.   USASF specifically denies Greenwich's contention that it is afforded a declaration as to any future lawsuits which have not yet been filed or identified in the First Amended Complaint.

## COUNT II – DECLARATORY RELIEF
## (EXPECTED OR INTENDED INJURY EXCLUSION)

73.     USASF incorporates paragraphs 1-72 as its allegations in the Paragraph 73.

74.     USASF admits that Paragraph 74 cites a portion of the Primary Policies.   USASF denies Paragraph 74 to the extent it purports to allege the applicability of this Exclusion.

75.     USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 75.

10

76.    USASF denies the allegations in Paragraph 76.    USASF specifically denies Greenwich's contention that it is afforded a declaration as to any future lawsuits which have not yet been filed or identified in the First Amended Complaint.

## COUNT III – DECLARATORY RELIEF
## (CONTRACTUAL LIABILITY EXCLUSION)

77.    USASF incorporates paragraphs 1-76 as its allegations in the Paragraph 77.

78.    USASF admits that Paragraph 78 cites a portion of the Primary Policies.  USASF denies Paragraph 78 to the extent it purports to allege the applicability of this Exclusion.

79.    USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 79.

80.    USASF denies the allegations in Paragraph 80.    USASF specifically denies Greenwich's contention that it is afforded a declaration as to any future lawsuits which have not yet been filed or identified in the First Amended Complaint.

## COUNT IV – DECLARATORY RELIEF
## (CHILD CARE EXCLUSION)

81.    USASF incorporates paragraphs 1-80 as its allegations in the Paragraph 81.

82.    USASF admits that Paragraph 82 cites a portion of the Primary Policies.  USASF denies Paragraph 82 to the extent it purports to allege the applicability of this Exclusion.

83.    USASF denies the characterization of the Underlying Lawsuits and the allegations in Paragraph 83.

84.    USASF denies the allegations in Paragraph 84.    USASF specifically denies Greenwich's contention that it is afforded a declaration as to any future lawsuits which have not yet been filed or identified in the First Amended Complaint.

## COUNT V – DECLARATORY RELIEF AS TO DEFENSE

85.     USASF incorporates paragraphs 1-84 as its allegations in the Paragraph 85.

86.     USASF admits the allegations in Paragraph 86.

87.     USASF admits only that the allegations in Paragraph 87 contain Greenwich's contentions, but denies that Greenwich owes no duty to defend under the Primary and Excess Policies.

88.     USASF denies that Greenwich is entitled to any relief sought.

89.     USASF admits that this Court has subject matter jurisdiction but denies that Greenwich is entitled to any relief sought.

## COUNT VI – DECLARATORY RELIEF AS TO INDEMNITY

90.     USASF incorporates paragraphs 1-89 as its allegations in the Paragraph 90.

91.     USASF admits the allegations in Paragraph 91.

92.     USASF admits only that the allegations in Paragraph 92 contain Greenwich's contentions, but denies that Greenwich owes no duty to indemnify under the Primary and Excess Policies.

93.     USASF admits that this Court has subject matter jurisdiction, but denies that Greenwich is entitled to any relief sought.

## REQUESTED RELIEF

USASF denies that Plaintiff is entitled to any relief in connection with its First Amended Complaint for Declaratory Judgment.  USASF specifically denies Greenwich's contention that it is afforded a declaration as to any future lawsuits which have not yet been filed or identified in the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Greenwich is obligated to defend USASF in connection with the Underlying Lawsuits.

## SECOND AFFIRMATIVE DEFENSE

An insurer's duty to defend the insured is based solely on the terms of the insurance policy and the allegations found in the four corners of the third-party plaintiff's complaint.

## THIRD AFFIRMATIVE DEFENSE

Any determination as to Greenwich's duty to indemnify USASF is premature and not ripe for determination until there is a judgment, settlement or other resolution of the Underlying Lawsuits.

## FOURTH AFFIRMATIVE DEFENSE

To the extent the duty to indemnify is ripe for determination (which it is not at this time), Greenwich is obligated to indemnify USASF in connection with the Underlying Lawsuits.

## FIFTH AFFIRMATIVE DEFENSE

Greenwich's claims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Greenwich's claims are barred in whole or in part by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Greenwich has failed to state a claim to which it is entitled to relief in this Court under Tennessee's Declaratory Judgment Act, Tenn. Code Ann. §§ 29-14-101, *et seq*.

WHEREFORE, USASF respectfully requests that the Court enter an order:

A.    Declaring that Greenwich has owed and continues to owe a duty to defend USASF in connection with the Underlying Lawsuits;

B.   Reserving judgment on whether Greenwich owes a duty to indemnify USASF as the issue is not ripe for determination; and

C.   To the extent the issue of the duty to indemnify is ripe for determination, declaring that Greenwich owes a duty to indemnify USASF in connection with the Underlying Lawsuits.

## COUNTERCLAIMS BY USASF

Counterclaim-Plaintiff, U.S. All Star Federation, Inc. ("USASF" or "the Insured"), for its Counterclaim for Declaratory Judgment and other relief against Counterclaim-Defendant Greenwich Insurance Company ("Greenwich"), states as follows:

## NATURE OF THE ACTION

1.     This is an action by USASF to seek a declaration that Greenwich is obligated to defend USASF in connection with several lawsuits as described further below.

2.     USASF seeks a declaration from the Court that Greenwich is required to indemnify it, under the terms of the relevant insurance policies described below, up to the full available policy limits.

3.     This action also seeks damages for Greenwich's failure to defend USASF in connection with the lawsuits described further below, a failure that constitutes a breach of Greenwich's obligations under Greenwich Commercial General Liability Policy Nos. ASG0896965, ASG089696501, and ASG089696502, and Greenwich Commercial Excess Liability Policy Nos. ASX0896975, ASX089697501, and ASX089697502 (collectively, the "USASF Policies") for any claims for relief asserted or that may be asserted by the plaintiffs in numerous underlying lawsuits as further described below.

4.     Greenwich's disclaimer of coverage for the underlying lawsuits is wrongful under the terms of the USASF Policies and controlling law and was not in good faith.

## PARTIES

5.     USASF is a Tennessee nonprofit mutual benefit corporation having its principal place of business in Memphis, Tennessee.

15

6.      Upon information and belief, Greenwich is a Delaware corporation with its principal place of business in Stamford, Connecticut.  It is a citizen of Delaware and Connecticut.

## JURISDICTION AND VENUE

7.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 exclusive of costs and interest, and the parties are citizens of different states.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claims in this litigation occurred in this district.

## THE USASF POLICIES

9.      Greenwich issued several commercial general liability policies to USASF, described as follows:  Policy No. ASG0896965, issued for the period October 22, 2014 to October 22, 2015; Policy No. ASG089696501, issued for the period October 22, 2015 to October 22, 2016; and Policy No. ASG089696502, issued for the period October 22, 2016 to October 22, 2017 (collectively, the "Primary Policies").  These Primary Policies each use coverage form CG 00 0104 13.

10.      The Primary Policies each include a per occurrence liability limit of $1 million, and a $5 million general aggregate (other than Products-completed Operations) limit.

11.      Greenwich also issued the following three commercial excess liability policies to USASF:  Policy No. ASX0896975, issued for the period October 22, 2014 to October 22, 2015; Policy No. ASX089697501, issued for the period October 22, 2015 through October 22, 2016; and Policy No. ASX089697502, issued for the period October 22, 2016 through October 22, 2017 (collectively, the "Excess Policies").  These Excess Policies each use coverage form CU 000109 10.

12.     The Excess Policies include a per occurrence liability limit of $2 million and a $2 million general aggregate.

13.     The Insuring Agreements for the Primary Policies provide that Greenwich "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (*See, e.g.*, Policy No. ASG0896965, Commercial General Liability Coverage Form, Insuring Agreement, Section I, Insuring Agreement, ¶ 1a., Exhibit H to First Amended Complaint, ECF No. 34-8, PageID 1584).

14.     Further, the Insuring Agreement provides that Greenwich will have "the duty to defend the insured against any 'suit' seeking those damages." (*Id.*)

15.     The Excess Policies agree to provide coverage beyond the Primary Policies.

16.     The Insuring Agreements for the Excess Policies provide that Greenwich "will pay on behalf of the insured those sums in excess of 'underlying insurance' for which an insured becomes legally obligated to pay as 'damages' to which this insurance applies." (*See, e.g.*, Policy No. ASX0896975, Commercial Excess/Umbrella General Liability Coverage Form, Coverage E – Excess Liability, Insuring Agreement, ¶ 1a., Exhibit K to Complaint, ECF No. 34-11, PageID 1772).

17.     The Insuring Agreements for the Excess Policies provide that Greenwich "ha[s] the right and duty to defend the 'insured' against a 'suit' seeking 'damages' which may be covered under Coverage E -- Excess Liability, when the 'limits' of 'underlying insurance' are exhausted by the payment of claims, settlements, judgments, and/or defense costs if the applicable 'limit' of 'underlying insurance' is reduced by the payment of defense costs."  (*Id.*).

## THE LAWSUITS

18.     On or about August 31, 2021, USASF, through its broker, notified Greenwich via American Specialty Insurance and Risk Service ("ASIRS") of a lawsuit filed against USASF filed in the State of Texas, 126th District Court, *Hannah Gerlacher and Jessica Gerlacher v. Cheer Athletics, Inc., Cheer Athletics-Plano, LLC, Cheer Athletics-Frisco, LLC, Cheer Athletics Holdings, LLC, United All Star Federation, and Jason McCartney*, filed on or about July 19, 2021 in the District Court, Travis County Texas, 126th District Court.

19.     Having heard no response whatsoever, USASF submitted the notice again on December 17, 2022.

20.     On December 9, 2022, USASF, through its broker, notified Greenwich via ASIRS of numerous lawsuits filed against USASF.

21.     On or about September 12, 2023, after the plaintiff in the underlying Ohio federal lawsuit filed a new complaint in Ohio state court, USASF notified Greenwich via ASIRS of said Ohio state court complaint.

22.     On or about September 20, 2023, USASF notified Greenwich via ASIRS of a lawsuit filed against USASF in the State of Texas, 225th Judicial District Court, *Jane Doe v. Texas Wolverine All-Stars, Inc., et. al*., filed on or about October 3, 2022 in the 225th Judicial District Court, Bexar County, Texas as Case No. 2022CI19481.

## COVERAGE CORRESPONDENCE

23.     By letter dated February 7, 2023, Greenwich, through AXA Liability Managers, agreed to defend USASF under a reservation of all its rights.  (*See* February 7, 2023, Letter, ECF No. 34-14.)

24.     Specifically, Greenwich only agreed to provide a defense for the following lawsuits:[2]

a. *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.* filed on or about October 26, 2022 in the United States District Court for the Eastern District of North Carolina, Raleigh Division as Case No. 5:22-cv-00430-M.

b. *Jane Doe 1-7, John Doe 1-2, et al v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, et al.*, filed on  or about September 1, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-02957-HMH.[3]

c. *John Doe 3 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03510-HMH.

d. *Jane Doe 8 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03508-HMH.

e. *Jane Doe 9 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.* filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03509-HMH.

f. *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about November 28, 2022 in the United States District Court for  the Northern District of Ohio, Eastern Division at Cleveland as Case No. 1:22-cv- 02139.[4]

g. *Hannah Gerlacher and Jessica Gerlacher v. Cheer Athletics, Inc., Cheer Athletics-Plano, LLC, Cheer Athletics-Frisco, LLC, Cheer Athletics Holdings, LLC, United All Star Federation, and Jason McCartney*, filed on or about July 9, 2021 in District Court, Travis County Texas, as Case No. D-1-GN-21-

---

[2] Together with the Texas state lawsuits, the lawsuits are herein referenced as the "Underlying Lawsuits."
[3] Greenwich declined coverage for plaintiffs John Doe 1 and Jane Does 2 and 4 in the Underlying Lawsuit referenced in Paragraph 24(b) alleging that the claims involve incidents occurring after the expiration of the Greenwich Policies.
[4] This matter was terminated and refiled as *John Doe 1 v. Varsity Spirit, LLC et al*., on or about August 31, 2023 in the Court of Common Pleas, Cuyahoga County, Ohio as Case No. CV 23 984774.

003338.

25.     By same letter, Greenwich requested various information regarding USASF's relationship with various individuals and entities.

26.     Over the next three months following receipt of Greenwich's acceptance of coverage and agreement to defend under the USASF Primary and Excess Policies, USASF, through counsel, repeatedly sent requests to Greenwich for information regarding assignment of defense counsel.  These requests were wholly ignored.

27.     By letter dated February 21, 2023, USASF, through counsel, responded to the requests in the February 7, 2023 Letter and provided responsive information.

28.     By same letter, USASF inquired about the selection of defense counsel for the lawsuits which Greenwich agreed to defend, suggesting the same defense counsel who were already representing USASF in similar lawsuits, Lewis Brisbois, would be a good choice.

29.     On March 3, 2023, Archie Page of AXA Liability Managers retained Lewis Brisbois to defend USASF in the Texas state lawsuit identified at Paragraph 18.

30.     In reliance upon that communication, Lewis Brisbois has provided legal services pursuant to Greenwich's agreement to defend USASF in the Texas state lawsuit.

31.     On March 14, 2023, Lewis Brisbois sent Archie Page an email with imminent deadlines and activities in the other cases which Greenwich had agreed to defend to prompt some action.  Still, no response was received.

32.     On April 10, 2023, USASF, through counsel, contacted Greenwich via ASIRS to request an update on the status of their selection of defense counsel in the lawsuits for which Greenwich had accepted coverage.  Again, no response from Greenwich was ever received.

33.     Instead of responding to USASF's inquiries regarding selection of defense counsel, Greenwich filed this Declaratory Judgment Action on May 9, 2023, forcing USASF to now expend litigation costs in addition to the defense costs it was incurring in the absence of assignment of counsel in the Underlying Lawsuits.

34.     It was only after USASF answered Greenwich's original Complaint when Greenwich informed Lewis Brisbois that it would be retained to defend USASF in the six other Underlying Lawsuits for which they had agreed to provide coverage in the February 7th letter.

35.     On October 6, 2023, Greenwich, through AXA Liability Managers, agreed to defend USASF in the Ohio state court action under a reservation of all its rights.  (ECF No. 34-17.)

36.     On October 25, 2023, Greenwich, through AXA Liability Managers, agreed to defend USASF in the Bexar County, Texas state court action under a reservation of all its rights. (ECF No. 34-18.)

37.     Despite agreeing to defend, all the while controlling pivotal aspects of USASF's defense in the Underlying Lawsuits, Greenwich now disclaims and reneges on its previously accepted duty to defend.

38.     Greenwich's disclaimer of coverage under the USASF Policies for the Underlying Lawsuits is an egregious breach of those insurance agreements and a breach of its duties of good faith and fair dealing.

## COUNT I: DECLARATORY JUDGMENT
### (Duty to Defend)

39.     USASF adopts and repeats the allegations contained in Paragraphs 1 – 38 as though fully set forth herein.

40.     The Insuring Agreements of the USASF Policies provide that Greenwich will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.

41.     Further, the Insuring Agreements provide that Greenwich will have "the duty to defend the insured against any 'suit' seeking those damages."

42.     The Excess Policies agree to provide coverage beyond the Primary Policies.

43.     The Underlying Lawsuits allege damages because of "bodily injury" to which the insurance applies as the term is defined by the USASF Policies.

44.     USASF has complied with all applicable provisions of the USASF Policies, including all applicable conditions of coverage, and has paid all premiums due and owing in connection with the USASF Policies.

45.     No exclusions in the USASF Policies preclude or limit coverage available to USASF for the underlying lawsuits.

46.     Because the Excess Policies cover those injuries that would be covered by the USASF Primary Policies, there is no justification for disclaiming coverage for the Underlying Lawsuits by the Excess Policies.

47.     In fact, Greenwich concedes that there is a duty to defend USASF in the Underlying Lawsuits.  On February 7, 2023, October 6, 2023, and October 25, 2023, Greenwich agreed to defend, based on its review of the allegations of the complaints in the underlying lawsuits.

48.     Pursuant to 28 U.S.C. § 2201, USASF seeks a declaration from the Court that Greenwich is obligated under the terms of the USASF Policies to defend USASF for all of its costs, up to the full available limits of the Primary and Excess Policies.

## COUNT II: BREACH OF CONTRACT

49.    USASF adopts and repeats the allegations contained in Paragraphs 1 – 48 as though fully set forth herein.

50.    The USASF Policies constitute valid and enforceable contracts between USASF and Greenwich.

51.    Greenwich has a duty to defend USASF in connection with the Underlying Lawsuits.

52.    Greenwich agreed to defend USASF in connection with the Underlying Lawsuits.

53.    Greenwich has now refused to defend USASF in the Underlying Lawsuits.

54.    Greenwich has breached its contractual duty and agreement to defend USASF.

55.    Greenwich has yet to reimburse USASF for the defense fees that it owes in connection with the Underlying Lawsuits.

56.    Greenwich has acted intentionally, maliciously, and/or recklessly with respect to its obligations under the Policies, its breaches of the Policies, and its obligations to USASF, and Greenwich is therefore liable for punitive damages.

57.    As a proximate result of such breaches, and the necessity of having to litigate this lawsuit for declaratory relief and damages, USASF has suffered and continues to suffer damages, including but not limited to attorneys' fees.

58.    Greenwich is obligated to pay USASF for all damages, including punitive damages, arising from its breach of contract.

**COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

59.    USASF adopts and repeats the allegations contained in Paragraphs 1 – 58 as though fully set forth herein.

23

60.   The USASF Policies constitute valid and enforceable contracts between USASF and Greenwich.

61.   In Tennessee, the law implies a duty of good faith and fair dealing in every contract.

62.   By agreeing to defend in one instance and now disclaiming its duty to defend after ignoring its insured for months, Greenwich has breached its duty of good faith and fair dealing that is implied in the USASF Policies.

63.   As a proximate result of such breaches, USASF has suffered and continues to suffer damages.

64.   Therefore, USASF seeks an award of damages to which USASF is entitled as a result of Greenwich's breach of its implied duties of good faith and fair dealing.

## RESERVATION OF RIGHTS: DUTY TO INDEMNIFY

65.   USASF adopts and repeats the allegations contained in Paragraphs 1 through 64 as though fully set forth herein.

66.   Any determination as to Greenwich's duty to indemnify USASF is premature and not ripe for determination until there is a judgment or other resolution of the Underlying Lawsuits. USASF reserves the right to seek indemnification under the USASF Policies as those circumstances develop.  USASF reserves all rights under the USASF Policies and applicable law.

WHEREFORE, the Counter-Plaintiff USASF prays as follows:

   a.   That the Court adjudicate and declare that Greenwich has a duty to defend USASF in the Underlying Lawsuits;

   b.   For a judgment against Greenwich for damages caused by its breach of its duty to defend, including but not limited to attorneys' fees, costs and expenses incurred;

24

c.      For a judgment against Greenwich for damages caused by its breach of the duty of good faith and fair dealing;

d.      For an award of punitive damages against Greenwich;

e.      For attorneys' fees, costs and expenses incurred;

f.      For pre- and post-judgment interest; and

g.      For such other and further legal and equitable relief to which USASF may be entitled.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

/s/ Mary Wu Tullis
Mary Wu Tullis (TN Bar No. 31339)
Grady M. Garrison (TN Bar No. 8097)
Nicole Berkowitz Riccio (TN Bar No. 35046)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0761
mtullis@bakerdonelson.com
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

25