# Exhibit G



February 10, 2023

**Via Email**
(knewman@andersonriddle.com)

Kristin Newman
Anderson & Riddle, LLP
Attorneys at Law
1604 8th Avenue
Fort Worth, TX 76104

| **Re:** | **Insured:** | **Varsity Brands, LLC** |
|---|---|---|
| | | **Varsity Spirit, LLC** |
| | | **Varsity Brands Holding Company, Inc.** |
| | **Lawsuits:** | **Numerous (See Exhibit A)** |
| | **Greenwich Policies:** | **ASG0894480 (7/31/14-15)** |
| | | **ASG0903161 (7/31/15-16)** |
| | | **ASG090316101 (7/31/16-17)** |
| | **Claim Nos.:** | **TBD** |

Dear Ms. Newman:

I write on behalf of Greenwich Insurance Company ("Greenwich") regarding the above-referenced matters. Greenwich acknowledges receipt of your January 17, 2023 letter tendering the defense of US All Star Federation dba IASF ("USASF") under the above-referenced policies (collectively, the "Greenwich-Varsity Policies" or "Policies") issued to Varsity Brands Holding Company, Inc., Varsity Spirit, LLC and Varsity Brands, LLC (collectively, "Varsity" or "Varsity Defendants") with respect to the lawsuits identified on Exhibits A appended to this letter (the "Lawsuits"). This letter sets forth Greenwich's coverage position with regard to USASF under the Greenwich-Varsity Policies with respect to the Lawsuits.

For the reasons set forth below, Greenwich must decline coverage to USASF for the Lawsuits under the Greenwich-Varsity Policies as USASF is not an "Additional Insured" under the Policies for anything other than "Varsity's involvement in" the organization and there is no coverage for the entity itself.

In considering the request for coverage, we have reviewed the referenced Greenwich-Varsity Policies, as well as the allegations concerning the claims. No other policies were considered. If USASF asserts a right to coverage under any other policy issued by Greenwich, please submit notice pursuant to the notice provisions contained in that policy.



## A. Facts

USASF has tendered the defense of thirteen (13) lawsuits filed against USASF and others in federal court in South Carolina (4 complaints), Florida (3), North Carolina (1), Tennessee (1), Georgia (1), Ohio (1) and California (1), as well as one (1) lawsuit against USASF and others filed in South Carolina state court.

The thirteen complaints contain substantially similar general allegations against USASF, with some complaints asserting more counts than others against USASF. In sum, plaintiffs allege that they are or were involved in the sport of competitive cheer. According to the complaints, the world of competitive cheer as created by the Varsity Defendants, USASF, and other defendants is a competitive environment with little adult supervision where young athletes are exposed drugs, alcohol, and predatory conduct by coaches and others. Plaintiffs claim that specific gyms and coaches "were empowered and placed in positions of trust and authority by the Varsity Defendants," and that the Varsity Defendants knew or should have known that these same coaches and gyms were abusing their athletes.

Defendants USASF and USA Federation for Sport Cheering d/b/a USA Cheer ("USA Cheer") are in charge of the regulatory side of cheer. USASF was purportedly established by the Varsity Defendants to be the "sanctioning body" that would regulate All-Star cheer by setting guidelines, policies, procedures, and processes to ensure an environment that was safe for young athletes in the private gym sector. Beginning in around 2006, the Varsity Defendants allegedly began promoting certain All-Star (i.e. private) member gyms as being "USASF Certified", which plaintiffs claim is "a seal that the industry represented as synonymous with a warranty that the gym, its coaches and its choreographers were safe, and followed best practices including to prevent athlete abuse."

The complaints allege that USASF and USA Cheer "promulgated and/or enforced rules governing competitive cheer coaching, competitive cheer training, cheer camps and competitions" and "organized, promoted, produced, and/or managed cheer camps and competitions throughout the United States and furthered the goals and purposes of the conspiracy" discussed below. Plaintiffs also allege that USA Cheer and USASF "were responsible for creating and enforcing guidelines, policies, procedures and processes for reporting coaches for misconduct and taking appropriate action for that misconduct." USASF allegedly "credentialed coaches of certified gyms, requiring that these coaches register with USASF", thereby "certifying that the coaches were safe and green-lighting the coaches as participants in USASF-sanctioned events, camps, clinics and competitions." Plaintiffs allege that at certain points, Varsity controlled, funded, and/or owned USASF and USA Cheer, allowing it to be self-regulated.



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



The complaints allege that USASF created a central reporting mechanism for its member gyms so that if an athlete or their family member wished to report an incident or issue to the member gym, they were directed to USASF. However, plaintiffs allege that USASF failed in its obligation to appropriately investigate reports of misconduct. In 2020, USASF is also alleged to have announced a central repository listing accessible online, called the "Unified Ineligibility List," to keep track of ineligible coaches and individuals and which lists the nature of the infraction, occasionally provides public documentation, and names the offender. Plaintiffs allege that the list is incomplete and only includes those persons who potentially could pose a risk to the broader sport community—a decision that is left entirely to the discretion of USASF.

Athletes cheering for Varsity-affiliated gyms are required to buy their uniforms, accessories and other apparel from their gym, which obtains the merchandise from the Varsity Defendants. The Varsity Defendants allegedly control every aspect of cheering at every level in the United States, and even own a number of gyms and cheer programs. All-Star athletes competing on behalf of "Varsity-associated" gyms pay monthly or annual fees to the gym as well as annual fees to the Varsity Defendants for competition attendance, uniforms, accessories and other related fees. Gyms and coaches likewise pay monthly or annual fees to USASF, USA Cheer, and the Varsity Defendants.

Plaintiffs in each of the lawsuits generally allege sexual molestation, sexual abuse, sexual harassment, rape, and/or other predatory conduct in connection with various gyms, coaches, and/or vendors across the country. These gyms are alleged to have been USASF-certified as meeting All-Star standards with respect to coach credentials, program quality and athlete safety. Yet, plaintiffs in many of the lawsuits allege that the Varsity Defendants, USASF, USA Cheer, and their owners and affiliates (including defendants Bain Capital ("Bain"), Charlesbank, and Jeff Webb) allegedly were made aware of serious and disturbing allegations related to many of the Varsity-affiliated coaches and failed to act in reasonable manner or did not act appropriately to prevent or stop the conduct.

Plaintiffs allege that USASF has received hundreds of complaints against coaches, choreographers, videographers, and others accused of sexual misconduct, but failed until recently to dedicate fulltime staff to managing investigation of these complaints. Plaintiffs further allege that USASF "has been excruciatingly slow to develop policies and procedures for keeping athletes safe from sexual abuse in an industry rife with it" and instead focused on "avoiding physical injury to the athletes." USASF allegedly failed to follow its own procedures with regard to child sexual abuse and had contradictory policies.



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



While the specific claims in each complaint vary somewhat, the general claims against USASF include[1]:

- **Violation of the Protecting Young Victims from Sexual Abuse Act, 18 U.S.C. §2255 ("the Sexual Abuse Act")** (all defendants). Plaintiffs allege that the Varsity Defendants, USASF, USA Cheer, Charlesbank and Bain held out the gyms, their owners and coaches to be part of a network of safe and trustworthy cheer coaching gyms; that plaintiffs were minors at the time they were sexually abused, exploited, assaulted, transported across state lines for illegal sexual activity and/or used in creating or receiving illegal and obscene digital materials; that this activity violated the Sexual Abuse Act; and that plaintiffs were damaged. Plaintiffs seek compensatory, actual and consequential damages or, in the alternative, liquidated damages, punitive damages, attorneys' fees and costs.

- **Civil Conspiracy in Violation of RICO (18 U.S.C. §§ 1962(c) and (d))** (all defendants). Plaintiffs allege that Defendants' conduct constitutes a pattern of racketeering activity, including mail fraud, wire fraud, sexual exploitation of minors and creating obscene materials.[2] Plaintiffs further allege that the gym defendant(s), their owner(s), the Varsity Defendants and USASF formed an Enterprise within the meaning of 18 U.S.C. §1961(4); that Charlesbank and Bain Capital agreed to facilitate this Enterprise by funding the ongoing operation in order to make money; the Enterprise had the common purpose of recklessly, intentionally and willfully endangering the plaintiffs by exposing them to sexual abuse and exploitation while taking money from them and assuring their parents that the minors were safe; that all of the Defendants in concert with the Enterprise engaged in misleading and fraudulent messaging to children and their families which they knew or should have known endangered the children; that plaintiffs are entitled to compensatory, consequential and punitive damages, attorneys' fees and costs.

- Vi**olation of the Relevant State's Unfair Trade Practices Act[3]** (Varsity Defendants, USA Cheer, USASF, individual gyms/vendors and gym owners). Plaintiffs allege that they entered into a contractual

---

[1] The defendants against which each claim is asserted are listed to include all defendants to that claim across all of the Lawsuits; however, not every count is asserted against all of the defendants listed in every individual lawsuit.

[2] The individual complaints contain various combinations of these alleged violations, depending on the facts.

[3] The Florida Federal lawsuits, Georgia Federal lawsuit, and Tennessee Federal lawsuit do not include this claim.

AXA Liabilities Managers – 61 rue Mstislav Rostropovitch 75017 Paris, France
Téléphone: +33 (0)1 40 75 71 24– **axa-lm.com**

Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



- relationship with Defendants, which took fees from plaintiffs while promising safe environments and vetted coaches; that Defendants knew of complaints of inappropriate or illegal activity with minors, but failed to report it; and that the conduct violates the relevant state's Unfair Trade Practices Act. Plaintiffs seek compensatory and punitive damages, attorneys' fees and costs.

- **Gross Negligence** (all defendants). Plaintiffs allege that Defendants represented they had rules, policies and procedures intended to address the risks of sexual, physical and mental exploitation of minor athletes by coaches and adults; that they knew of violations to their internal policies, processes, procedures and guidelines related to athlete safety; that they disregarded or failed to report complaints of illegal activity, thus breaching their duty to the minors. Plaintiffs seek compensatory and punitive damages.

- **Negligent Supervision** (Varsity Defendants, USASF, USA Cheer, individual gyms/vendors and/or owners). Plaintiffs seek compensatory damages.

- **Breach of Contract (**Varsity Defendants, USASF, individual gyms). Plaintiffs allege that they had contracts with the Varsity Defendants and USASF wherein, in exchange for "valuable consideration", Defendants agreed to provide a competitive environment that was safe, secure and free from harm; and that Defendants breached the contracts, rendering the agreements null and void. Plaintiffs seek an order rescinding the contracts and remitting the amounts Plaintiffs paid to defendants during the relevant time frames, as well as attorneys' fees, costs and interest.

- **Unjust Enrichment** (Individual gyms/vendors, Varsity Defendants, Bain, Charlesbank, USASF, USA Cheer). Plaintiffs allege that they "conferred non-gratuitous benefits" upon Defendants including annual competition and membership fees, payments for uniforms and accessories, private training and others; it would be inequitable to permit Defendants to retain these benefits under the circumstances; and, thus, Plaintiffs seek the return of these benefits as a matter of equity.

- **Fraud** (Individual gyms, Varsity Defendants, USASF, USA Cheer). Plaintiffs allege that they were parties to contracts whereby they agreed to pay Defendants annual and recurring fees in exchange for a safe competitive and training facility, as promised by Defendants;



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



- that Defendants knew or had a reckless disregard for whether the environment they provided was safe and free from harm and sexual, physical and mental abuse, and knew they the environment facilitated access to underage athletes by predators, and nevertheless entered into the agreements with Plaintiffs; and that Defendants' misrepresentations and omissions harmed Plaintiffs. Plaintiffs seek an order voiding the agreements, as well as for compensatory damages for physical, psychological and emotional harm, as well as punitive damages.

- **Negligent Security** (Varsity Defendants, Bain, Charlesbank, individual gyms/vendors, USASF, USA Cheer). Athletes who want to cheer at private all-star gyms, camps and competitions hosted by Defendants had no choice but to attend at the locations, and under conditions, established by Defendants. Defendants received revenue from these events. Defendants undertook to ensure that the locations and events were safe for attendees, but failed to do so, resulting in injuries to plaintiffs. Plaintiffs seek compensatory and punitive damages.

- **Civil Conspiracy** (all defendants). Plaintiffs allege that Defendants, jointly and severally and in concert, were engaged in the process of recklessly, intentionally and willfully endangering plaintiffs by exposing them to illegal substance abuse, sexual abuse and exploitations while assuring them and their families that defendants were providing safe conditions and premises for the athletes. Charlesbank and Bain funded this scheme. Defendants were motivated by profit. Defendants knew or should have known about the abuses that were ongoing and should have reported those abuses but instead allowed, endorsed and financially supported the continuation of those acts, all in a scheme to defraud the athletes and their families out of money and property. Plaintiffs seek compensatory and statutory treble damages, and punitive damages.

- **Intentional Infliction of Emotional Distress** (all defendants). Plaintiffs in the Florida Federal lawsuits, Tennessee Federal lawsuit, Ohio Federal lawsuit, and California Federal lawsuit assert this claim.

- **Respondeat Superior**. Plaintiffs in the Ohio Federal and California Federal lawsuits allege this against USASF and the gym or vendor.

Plaintiff in the South Carolina state court complaint seeks actual and punitive damages from the Estate of Scott Foster, Rockstar Cheer and Dance Inc., Varsity Spirit LLC, USASF and The National Center for Safety Initiatives, LLC, based on allegations of battery, negligence, respondeat superior, breach of fiduciary duty (Rockstar),



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



constructive fraud (Rockstar), intentional infliction of emotional distress (Foster), negligent hiring, training supervision and retention (Rockstar), and failure to warn (Rockstar, Varsity and USASF).

B. **The Greenwich-Varsity Policies**

Greenwich issued the following three commercial general liability policies to Varsity Brands Holding Co., Inc.:

ASG0894480 (7/31/14-15)

ASG0903161 (7/31/15-16)

ASG090316101 (7/31/16-17)

By endorsement, Varsity Brands, LLC and Varsity Spirit LLC are Named Insureds. "Independent Corporations Administered by Varsity Spirit," including USASF and USA Cheer, are also Named Insureds, "but only for Varsity's involvement in the organizations" and there is no "coverage for the entity itself." As the allegations against USASF in the complaints involve the actions or inactions of USASF itself, the allegations against Varsity that it controlled, funded, and/or owned USASF do not—without any independent act by USASF—provide a basis for coverage for USASF under the Greenwich-Varsity Policies.

This letter is based upon the limited factual information currently available to Greenwich. This letter is necessarily preliminary and subject to revision as additional facts may develop, and as additional information may arise that is pertinent to the Greenwich-Varsity Policies. Greenwich remains willing to review on a "without prejudice" basis any additional information presented in connection with this claim.

Greenwich reserves the right to supplement or amend its coverage position should facts and circumstances indicate the need to do so in connection with the Lawsuits referenced in Exhibit A hereto. Greenwich does not waive or limit any of its rights, positions, or defenses under the Greenwich policies or at law or in equity. To the contrary, Greenwich reserves all such rights, including but not limited to the right to raise additional policy terms, conditions, exclusions, limitations, or endorsements to coverage as applicable. No action taken by Greenwich to date or that it may take in the future is deemed a waiver of those rights, positions, or defenses. Furthermore, any failure to quote or refer to a particular policy term, condition, exclusion, limitation, or endorsement in the body of this letter or otherwise is not deemed a waiver of that provision.



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



If you have any questions or comments regarding this denial, please do not hesitate to contact the undersigned. Similarly, if you believe that Greenwich is incorrect in any respect or wishes to bring any matter to its attention, please do not hesitate to contact me. Greenwich is prepared to consider additional information and reassess its position should the circumstances so warrant.

Very truly yours,

ARchie Page CPCU, ARe, ARM

Archie Page

cc: Mark Thompson (via email only)
American Specialty Insurance & Risk Services, Inc.
mjthompson@americanspecialty.com

Michelle Freeman
WTW Co.
Michelle.Freeman2@wtwco.com



Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.

Internal



**EXHIBIT A**

*John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 5:22-cv-00430-M, United States District Court, Eastern District of North Carolina, Raleigh Division

*Jane Doe 1-7, John Doe 1-2, et al. v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation***, *et al.*, Case No. 6:22-cv-02957-HMH, United States District Court for the District of South Carolina, Greenville Division

*John Doe 3 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-CV-035010, United States District Court for the District of South Carolina, Greenville Division

*Jane Doe 8 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-CV-03508, United States District Court for the District of South Carolina, Greenville Division

*Jane Doe 9 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-cv-03509-HMH, United States District Court for the District of South Carolina, Greenville Division

*John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 1:22-cv-02139, United States District Court for the Northern District of Ohio, Eastern Division at Cleveland

*Jane Doe 1, by and through her mother, Mary Doe v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-cv-02146, United States District Court, Middle District of Florida, Orlando Division

*Jane Doe 2, by and through her mother, Mary Doe v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-cv-02147, United States District Court, Middle District of Florida, Orlando Division

*Jane Doe 3, by and through her father, Joseph Doe v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 6:22-cv-02149, United States District Court, Middle District of Florida, Orlando Division

*John Doe as the next friend of Jane Doe v. Varsity Spirit, LLC*, ***United States All Star Federation***, *et al.*, Case No.2022-CP-23-04753, Court of Common Pleas, State of South Carolina, County of Greenville

*John Doe 1 by and through his mother, Mary Doe, v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc.***

AXA Liabilities Managers – 61 rue Mstislav Rostropovitch 75017 Paris, France
Téléphone: +33 (0)1 40 75 71 24– **axa-lm.com**

Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal



***d/b/a U.S. All Star Federation***, *et al*., Case No. 1:22-CV-04489, United States District Court, Northern District of Georgia, Atlanta Division

*Mary Doe as next friend of John Doe 1, John Doe 2, et al. v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.,* ***U.S. All Star Federation***, *et al*., Case No. 2:22-cv-02657, United States District Court for the Western District of Tennessee, In the Western Division

*E.M. v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc.*, ***U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation***, *et al.*, Case No. 2:22-CV-09410, United States District Court for the Central District of California

AXA Liabilities Managers – 61 rue Mstislav Rostropovitch 75017 Paris, France
Téléphone: +33 (0)1 40 75 71 24– **axa-lm.com**

Société par Actions Simplifiée au Capital de 200 000 Euros. 443 984 778 RCS Paris. APE 6622Z. © 2017 AXA Liabilities Managers. All rights reserved.
Internal