UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>US ALL STAR FEDERATION d/b/a IASF,<br><br>Defendant. | Case No. 2:23-cv-02285-JTF-atc |

## ANSWER TO FIRST-AMENDED COUNTERCLAIM

Plaintiff and Counterclaim-Defendant, Greenwich Insurance Company (hereinafter "Greenwich"), by its attorneys, Mound Cotton Wollan & Greengrass LLP, as and for its answer to Defendant and Counterclaim-Plaintiff US All Star Federation, Inc.'s ("USASF") December 15, 2023 First Amended Answer to First Amended Complaint and Counterclaim ("Counterclaim"), states upon information and belief as follows:

### NATURE OF THE ACTION

1. In response to Paragraph 1 of the Counterclaim, Greenwich admits only that the Counterclaim purports to set forth a claim for declaratory relief, and refers to the remaining allegations of the Counterclaim for their terms.

2. In response to Paragraph 2 of the Counterclaim, Greenwich admits only that the Counterclaim purports to set forth a claim for declaratory relief, and refers to the remaining allegations of the Counterclaim for their terms.

3. To the extent Paragraph 3 contains allegations regarding Greenwich's alleged failure to defend USASF or Greenwich's breach of contract, Greenwich denies the allegations

1

contained in Paragraph 3 of the Counterclaim. Paragraph 3 also contains legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Greenwich denies the remaining allegations contained in Paragraph 3 of the Counterclaim.

4.     To the extent Paragraph 4 contains allegations regarding Greenwich's alleged failure to defend USASF or Greenwich's breach of contract, Greenwich denies the allegations contained in Paragraph 4 of the Counterclaim. Paragraph 4 also contains legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Greenwich denies the remaining allegations contained in Paragraph 4 of the Counterclaim.

5.     Greenwich denies the allegations contained in Paragraph 5 of the Counterclaim, further states that it has not disclaimed coverage for all of the Underlying Lawsuits under the terms of the USASF policies, refers to the position letters attached as Exhibits N, Q, and R to the Amended Complaint for their terms, and refers to the document annexed as Exhibit G to the Counterclaim for a complete and accurate statement of its contents.

## PARTIES

6.     Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Counterclaim.

7.     Greenwich admits the allegations contained in Paragraph 7 of the Counterclaim.

## JURISDICTION AND VENUE

8.     Greenwich admits the allegations contained in Paragraph 8 of the Counterclaim.

9.     Paragraph 9 of the Counterclaim contains legal conclusions to which no responsive pleading is required. To the extent a response is deemed necessary, Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Counterclaim.

## **THE POLICIES**

10. Greenwich admits the allegations contained in Paragraph 10 of the Counterclaim.

11. Greenwich admits the allegations contained in Paragraph 11 of the Counterclaim and refers to the Primary Policies attached as Exhibits H-J to the Amended Complaint for their terms, conditions and exclusions.

12. Greenwich admits the allegations contained in Paragraph 12 of the Counterclaim.

13. Greenwich admits the allegations contained in Paragraph 13 of the Counterclaim and refers to the Excess Policies attached as Exhibits K-M to the Amended Complaint for their terms, conditions and exclusions.

14. Greenwich admits the allegations contained in Paragraph 14 of the Counterclaim and refers to the Primary Policies attached as Exhibits H-J to the Amended Complaint for their terms, conditions and exclusions.

15. Greenwich admits the allegations contained in Paragraph 15 of the Counterclaim and refers to the Primary Policies attached as Exhibits H-J to the Amended Complaint for their terms, conditions and exclusions.

16. Greenwich denies the allegations contained in Paragraph 16 of the Counterclaim and refers to the Excess Policies attached as Exhibits K-M to the Amended Complaint for their terms, conditions and exclusions.

17. Greenwich admits that Paragraph 17 of the Counterclaim recites a portion of the Insuring Agreements in the Excess Policies, except that the word "insured" is in quotations in the cited language of Exhibits K-M annexed to the Amended Complaint, and refers to the Excess Policies for their terms, conditions and exclusions.

18. Greenwich admits that Paragraph 18 of the Counterclaim recites a portion of the Insuring Agreements in the Excess Policies and refers to the Excess Policies attached as Exhibits K-M to the Amended Complaint for their terms, conditions and exclusions.

## THE VARSITY POLICIES

19. In response to Paragraph 19 of the Counterclaim, Greenwich admits that it issued Policy No. ASG0894480 to Varsity Brands, Inc. for the period July 31, 2014 to July 31, 2015, denies that Exhibit A to the Counterclaim is a full and complete copy of that policy, and refers to the full policy for its terms, conditions and exclusions.

20. Greenwich denies the allegations contained in Paragraph 20 of the Counterclaim except admits that Policy No. ASG0894480 issued to Varsity Brands, Inc. contains a Named Insured Endorsement – Independent Corporations Administered by Varsity Spirit, and refers to the policy for its terms, conditions and exclusions.

21. Greenwich denies the allegations contains in Paragraph 21 of the Counterclaim except admits that Policy No. ASG0894480 issued to Varsity Brands, Inc. contains an Abuse and Molestation Endorsement that provides coverage for Abuse and Molestation in certain circumstances, with limits of $1 million each sexual abuse occurrence and $2 million sexual abuse aggregate, and refers to the policy for its terms, conditions and exclusions.

22. In response to Paragraph 22 of the Counterclaim, Greenwich admits that it issued Policy No. ASG0903161 to Varsity Brands, Inc. for the period July 31, 2015 to July 31, 2016, denies that Exhibit C to the Counterclaim is a full and complete copy of that policy, and refers to the full policy for its terms, conditions and exclusions.

23. Greenwich denies the allegations contained in Paragraph 24 of the Counterclaim except admits that Policy No. ASG0903161 issued to Varsity Brands, Inc. contains a Named

4

Insured Endorsement – Independent Corporations Administered by Varsity Spirit, and refers to the policy for its terms, conditions and exclusions.

24. Greenwich denies the allegations contains in Paragraph 24 of the Counterclaim except admits that Policy No. ASG0903161 issued to Varsity Brands, Inc. contains an Abuse and Molestation Endorsement that provides coverage for Abuse and Molestation in certain circumstances, with limits of $1 million each sexual abuse occurrence and $2 million sexual abuse aggregate, and refers to the policy for its terms, conditions and exclusions.

25. In response to Paragraph 25 of the Counterclaim, Greenwich admits that it issued Policy No. ASG090316101 to Varsity Brands, Inc. for the period July 31, 2016 to July 31, 2017, denies that Exhibit E to the Counterclaim is a full and complete copy of that policy and refers to the full policy for its terms, conditions and exclusions.

26. Greenwich denies the allegations contained in Paragraph 26 of the Counterclaim except admits that Policy No. ASG090316101 issued to Varsity Brands, Inc. contains a Named Insured Endorsement – Independent Corporations Administered by Varsity Spirit, and refers to the policy for its terms, conditions and exclusions.

27. Greenwich denies the allegations contains in Paragraph 27 of the Counterclaim except admits that Policy No. ASG090316101 issued to Varsity Brands, Inc. contains an Abuse and Molestation Endorsement that provides coverage for Abuse and Molestation in certain circumstances, with limits of $1 million each sexual abuse occurrence and $2 million sexual abuse aggregate, and refers to the policy for its terms, conditions and exclusions.

28. Greenwich denies the allegations contained in Paragraph 28 of the Counterclaim, and refers to the policies for their terms, conditions and exclusions.

29. Greenwich denies the allegations contained in Paragraph 29 of the Counterclaim, except admits that the Varsity Policies use the same coverage form as the USASF Primary Policies and that Paragraph 30 recites a portion of the Insuring Agreements in the Varsity policies, and refers to the full Varsity Policies and the Primary Policies for their terms, conditions and exclusions.

30. Greenwich denies the allegations contained in Paragraph 30 of the Counterclaim, except admits that admits that Paragraph 30 recites a portion of the Insuring Agreements in the Varsity Policies, and refers to the Varsity Policies for their terms.

## **THE LAWSUITS**

31. Greenwich admits the allegations contained in Paragraph 31 of the Counterclaim.

32. Greenwich admits only that on or about December 17, 2022, USASF notified American Specialty Insurance and Risk Services of the Texas lawsuit identified in Paragraph 31 of the Counterclaim, denies the remaining allegations contained in Paragraph 32 of the Counterclaim, and refers to the referenced correspondence for a complete and accurate statement of its contents.

33. Greenwich admits the allegations contained in Paragraph 33 of the Counterclaim and refers to the referenced correspondence for a complete and accurate statement of its contents.

34. Greenwich admits that on or about September 12, 2023, USASF notified American Specialty Insurance and Risk Services of the Ohio lawsuit filed in Ohio state court, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Counterclaim.

35. Greenwich admits that on or about September 20, 2023, USASF notified American Specialty Insurance and Risk Services of the Texas lawsuit identified in Paragraph 35 of the Counterclaim.

**COVERAGE CORRESPONDENCE**

36. In response to Paragraph 36 of the Counterclaim, Greenwich admits that it issued a position letter dated February 7, 2023 in which it agreed to defend USASF with respect to certain claims under a reservation of rights, and refers to the document annexed as Exhibit N to the Amended Complaint for a complete and accurate statement of its contents.

37. In response to Paragraph 37 of the Counterclaim, Greenwich admits that it issued a position letter dated February 7, 2023 in which it agreed to defend USASF with respect to certain claims under a reservation of rights, and refers to the document annexed as Exhibit N to the Amended Complaint for a complete and accurate statement of its contents.

38. Greenwich admits the allegations contained in Paragraph 38 of the Counterclaim.

39. Greenwich admits that it issued a position letter dated February 10, 2023 in which it declined coverage for USASF under the Varsity Policies, and refers to the document annexed as Exhibit G to the Counterclaim for a complete and accurate statement of its contents.

40. Greenwich denies the allegations contained in Paragraph 40 of the Counterclaim to the extent that they suggest that Greenwich was not defending USASF in the Underlying Lawsuits under the USASF Policies.

41. Greenwich denies the allegations contained in Paragraph 41 of the Counterclaim.

42. Greenwich denies the allegations contained in Paragraph 42 of the Counterclaim, except admits that by letter dated February 21, 2023 it received certain information, and refers to the February 7, 2023 letter for its terms.

43. Greenwich denies the allegations contained in Paragraph 43 of the Counterclaim, except admits that the February 21, 2023 letter raised the issue of defense counsel and refers to the letter for a complete and accurate statement of its contents.

44. Greenwich admits the allegations contained in Paragraph 44 of the Counterclaim.

45. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Counterclaim, but admits that it retained Lewis Brisbois to defend USASF in the Texas state lawsuit identified in Paragraph 31 of the Counterclaim, and that Lewis Brisbois has provided legal services in connection with that retention.

46. Greenwich denies the allegations contained in Paragraph 46 of the Counterclaim, but admits that it received an email from Lewis Brisbois dated March 14, 2023 and that Greenwich retained Lewis Brisbois to defend USASF in connection with all of cases in which it had agreed to defend USASF under a Reservation of Rights pursuant to the terms of the document annexed as Exhibit N to the Amended Complaint. Greenwich refers to the March 14, 2023 email for a complete and accurate statement of its contents.

47. Greenwich denies the allegations contained in Paragraph 47 of the Counterclaim, but admits that it received an email from Anderson Riddle as general counsel for USASF, on April 10, 2023 and refers to the April 10, 2023 correspondence for a complete and accurate statement of its contents.

48. Greenwich denies the allegations contained in Paragraph 48 of the Counterclaim.

49. Greenwich denies the allegations contained in Paragraph 49 of the Counterclaim.

50. Greenwich admits the allegations contained in Paragraph 50 of the Counterclaim, and refers to the October 6, 2023 correspondence for its terms.

51. Greenwich admits the allegations contained in Paragraph 51 of the Counterclaim, and refers to the October 25, 2023 correspondence for its terms.

52. Greenwich denies the allegations contained in Paragraph 52 of the Counterclaim, except admits that Greenwich attended mediation sessions in connection with certain of the Underlying Lawsuits, and refers all issues of law to the Court.

53. Greenwich denies the allegations contained in Paragraph 53 of the Counterclaim.

54. Greenwich denies the allegations contained in Paragraph 54 of the Counterclaim.

55. Greenwich denies the allegations contained in Paragraph 55 of the Counterclaim.

## COUNT I: DECLARATORY JUDGMENT
### (Duty to Defend)

56. In response to Paragraph 56 of the Counterclaim, Greenwich repeats and reasserts its responses to Paragraphs 1 through 55 above as if fully set forth herein.

57. Greenwich denies the allegations contained in Paragraph 57 of the Counterclaim, and refers to the USASF Primary Policies and Excess Policies and the Varsity Policies for their terms, conditions and exclusions.

58. Greenwich denies the allegations contained in Paragraph 58 of the Counterclaim, and refers to the USASF Primary Policies and Excess Policies and the Varsity Policies for their terms, conditions and exclusions.

59. Greenwich denies the allegations contained in Paragraph 59 of the Counterclaim, and refers to the USASF Excess Policies for their terms, conditions and exclusions.

60. Paragraph 60 of the Counterclaim contains legal conclusions to which no responsive pleading is required. To the extent that a response is required, Greenwich denies the allegations contained in Paragraph 60 of the Counterclaim, and refers to the Underlying Lawsuits for a complete and accurate statement of their contents and to the USASF Primary Policies and

Excess Policies and the Varsity Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

61. Greenwich denies the allegations contained in Paragraph 60 of the Counterclaim, and refer to the Underlying Lawsuits for their allegations.

62. Greenwich denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Counterclaim, except admits that USASF has paid all premiums in connection with the USASF Primary and Excess Policies and refers to the USASF Primary Policies and Excess Policies and the Varsity Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

63. Greenwich denies the allegations contained in Paragraph 63 of the Counterclaim, and refers to the Underlying Lawsuits for a complete and accurate statement of their contents and to the USASF Primary Policies and Excess Policies and the Varsity Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

64. Greenwich denies the allegations contained in Paragraph 64 of the Counterclaim, and refers to the USASF Primary Policies and Excess Policies for their terms, conditions and exclusions. Greenwich respectfully refers all questions of law to the Court.

65. Greenwich denies the allegations contained in Paragraph 65 of the Counterclaim, except Greenwich admits that it has agreed to defend USASF in the Underlying Lawsuits subject to a Reservation of Rights, and refers to the documents set forth in Exhibits N, Q, and R to the Amended Complaint.

66. Greenwich neither admits nor denies the allegations of Paragraph 66 of the Counterclaim, as they do not contain any facts warranting a response, except denies that USASF is entitled to any declaratory relief.

67. Greenwich neither admits nor denies the allegations of Paragraph 67 of the Counterclaim, as they do not contain any facts warranting a response, except denies that USASF is entitled to any declaratory relief.

## COUNT II: BREACH OF CONTRACT

68. In response to Paragraph 68 of the Counterclaim, Greenwich repeats and reasserts its responses to Paragraphs 1 through 67 above as if fully set forth herein.

69. Greenwich admits the allegations contained in Paragraph 69 of the Counterclaim insofar as they relate to the USASF Primary and Excess Policies, denies the allegations contained in Paragraph 69 of the Counterclaim insofar as they relate to the Varsity Policies and refers all issues of the law to the Court.

70. Greenwich neither admits nor denies the allegations contained in Paragraph 70 of the Counterclaims, except admits that it has agreed to defend USASF in the Underlying Lawsuits subject to a Reservation of Rights and that it has commenced this lawsuit to determine its obligations, if any, under the USASF Primary and Excess Policies, and refers to Exhibits N, Q, and R to the Amended Complaint for their contents.

71. In response to Paragraph 71 of the Counterclaim, Greenwich admits that it agreed to defend USASF in connection with the Underlying Lawsuits subject to a Reservation of Rights and that it has commenced this lawsuit to determine its obligations, if any, under the USASF Primary and Excess Policies, and refers to Exhibits N, Q, and R to the Amended Complaint for their contents.

72. Greenwich denies the allegations contained in Paragraph 72 of the Counterclaim.

73. Greenwich denies the allegations contained in Paragraph 73 of the Counterclaim. Greenwich respectfully refers all questions of law to the Court.

74. Greenwich denies the allegations contained in Paragraph 74 of the Counterclaim.

75. Greenwich denies the allegations contained in Paragraph 75 of the Counterclaim.

76. Greenwich denies the allegations contained in Paragraph 76 of the Counterclaim.

77. Greenwich denies the allegations contained in Paragraph 77 of the Counterclaim.

**COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

78. In response to Paragraph 78 of the Counterclaim, Greenwich repeats and reasserts its responses to Paragraphs 1 through 77 above as if fully set forth herein.

79. Greenwich admits the allegations contained in Paragraph 79 of the Counterclaim insofar as they relate to the USASF Primary and Excess Policies, denies the allegations contained in Paragraph 79 of the Counterclaim insofar as they relate to the Varsity Policies and refers all issues of the law to the Court.

80. Paragraph 80 of the Counterclaim contains legal conclusions to which no responsive pleading is required.

81. Greenwich denies the allegations in Paragraph 81 of the Counterclaim, and states that it has not "agreed to defend in one instance and now is disclaiming" any duty to defend, and respectfully refers all issues of law to the Court.

82. Greenwich denies the allegations in Paragraph 82 of the Counterclaim.

83. Greenwich denies the allegations in Paragraph 83 of the Counterclaim.

84. Paragraph 84 of the Counterclaim contains legal conclusions to which no responsive pleading is required, except denies that USASF is entitled to any relief.

**RESERVATION OF RIGHTS: DUTY TO INDEMNIFY**

85. In response to Paragraph 85 of the Counterclaim, Greenwich repeats and reasserts its responses to Paragraphs 1 through 84 above as if fully set forth herein.

86.     To the extent that Paragraph 86 of the Counterclaim Greenwich contains any facts warranting a response, Greenwich denies the allegations contained in Paragraph 86 of the Counterclaim and refers any issues of law to the Court.

### AFFIRMATIVE DEFENSES

Greenwich, without assuming or altering USASF's burden of proof on any claims or matters for which USASF bears such burden, alleges for its affirmative defense the following:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

USASF has failed to state any claim or cause of action against Greenwich upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

USASF's claims are barred in whole or in part by the express terms, exclusions, conditions, definitions, declarations, endorsements, agreements, limitations, and retentions contained in the USASF Primary Policies and/or the Excess Policies and in the Varsity Policies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

USASF's claims are barred because Greenwich has not declined to provide a defense to USASF relating to the Underlying Lawsuits and is providing a defense to USASF relating to the Underlying Lawsuits under a Reservation of Rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

USASF's claims are barred because the Abuse or Molestation Exclusion Endorsement in the USASF Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

USASF's claims are barred because the Expected or Intended Injury Exclusion in the USASF Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

USASF's claims are barred because the Contractual Liability Exclusion in the USASF Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

USASF's claims are barred because the Child Care Exclusion in the USASF Primary Policies precludes coverage for the claims asserted in the Underlying Lawsuits.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

To the extent Greenwich is determined to have a duty to defend and/or to indemnify USASF in any of the Underlying Actions, USASF's claims may be barred or limited, in whole or in part, by reason of the other insurance condition(s), insurance under more than one policy conditions, and/or similar conditions to coverage (including non-stacking endorsements) and may be limited by the application of other insurance available to USASF.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

To the extent Greenwich is determined to have a duty to defend and/or indemnify USASF in any of the Underlying Actions, Greenwich is entitled to a set-off or credit for other insurance and/or for amounts obtained by USASF from other sources.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

USASF's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches and/or unclean hands.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

USASF's claims are barred in whole or in part to the extent that the USASF cannot meet its burden to prove all required elements of its claims.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

USASF's claims are barred to the extent that USASF has failed to comply with and/or perform all the obligations, covenants and conditions precedent and subsequent under the USASF Primary Policies and Excess Policies at issue in this matter.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

USASF's claims are barred because USASF has suffered no damages.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

USASF's claims are barred because USASF does not qualify as an Additional Insured under the Varsity Policies in connection with the allegations raised in the Underlying Lawsuits.

**WHEREFORE**, Plaintiff and Counterclaim-Defendant Greenwich Insurance Company demands:

(1) Judgment against Defendant and Counterclaim-Plaintiff US All Star Federation, Inc. dismissing the Counterclaim against Greenwich Insurance Company with prejudice;

(2) Judgment declaring and adjudging that Greenwich Insurance Company is not obligated to defend and/or indemnify US All Star Federation, Inc. for any losses, injuries, damages, judgments, settlements, costs and expenses, including reasonable attorneys' fees, and costs of suit, arising out of any and all claims, demands, suits, actions and/or proceedings alleged in the Underlying Actions;

(3) An award of costs, attorneys' fees and such other and further relief as the

Court deems just and proper.

Dated: December 27, 2023

                               Respectfully submitted,

By:    s/ Lloyd A. Gura
         Lloyd A. Gura (admitted pro hac vice)
         Ellen G. Margolis (admitted pro hac vice)
         Kristen C. Kish (admitted pro hac vice)'
         **MOUND COTTON WOLLAN & GREENGRASS LLP**
         One New York Plaza, 44th Floor
         New York, New York 10004
         Phone: (212) 804-4200
         Fax:   (212) 344-8066
         Email: lgura@moundcotton.com
         Email: emargolis@moundcotton.com
         Email: kkish@moundcotton.com

                    & 

THOMAS P. CASSIDY, JR., TN 13186
ROBERT TURNER, IV, 035364
**MCANGUS GOUDELOCK & COURIE, LLC**
Post Office Box 171446
5350 Poplar Avenue, Suite 800 (38119)
Memphis, Tennessee 38187
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
Email: rob.turner@mgclaw.com