UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,**  Plaintiff/Counter-Defendant,  v.  **US ALL STAR FEDERATION d/b/a IASF,**  Defendant/Counter-Plaintiff. | Case No. 2:23-cv-02285 |

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON DUTY TO DEFEND**

Defendant US All Star Federation, Inc.[1] ("USASF"), by and through counsel, submits the following Memorandum of Law in support of its Motion for Judgment on the Pleadings as to Greenwich's Duty to Defend, showing as follows:

**INTRODUCTION**

Greenwich Insurance Company ("Greenwich") issued several primary and excess General Commercial Liability policies ("the Policies") to U.S. All Star Federation, Inc. ("USASF" or "the Insured"). While those Policies were in effect, USASF was named as a defendant in multiple lawsuits across several jurisdictions ("the Underlying Lawsuits"). A number of former student athletes in competitive cheer assert claims for misconduct and abuse and, in addition to suing the

---

[1] The correct corporate name for USASF is U.S. All Star Federation, Inc. Further, Defendant USASF does not operate as "IASF." See Business Entity Detail on file with the Tennessee Secretary of State, available at https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=244072134130140158198177254207251034089217074053

individuals allegedly responsible for the claimed abuse, they include USASF, as one of several defendants.

The Underlying Lawsuits arise from allegedly improper, and if proven, illegal acts of competitive cheer coaches, vendors, and affiliates. Nonetheless, these Underlying Lawsuits allege that USASF is liable to the plaintiffs (collectively, the "Doe Plaintiffs") under several theories, including various negligence-based claims and contractual claims. The allegations against USASF trigger coverage under the Policies and require Greenwich to provide a defense pursuant to those Policies.

In fact, Greenwich agreed to defend USASF under a reservation of rights in the following Underlying Lawsuits:

a. *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 26, 2022 in the United States District Court for the Eastern District of North Carolina, Raleigh Division as Case No. 5:22-cv-00430-M. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit A, ECF No. 34-1;

b. *Jane Doe 1-7, John Doe 1-2, et al v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, et al.*, filed on or about September 1, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-02957-HMH. A copy of the Amended Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit B, ECF No. 34-2;

c. *John Doe 3 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03510-HMH. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit C, ECF No. 34-3;

d. *Jane Doe 8 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03508-HMH. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit D, ECF No. 34-4;

e. *Jane Doe 9 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 11, 2022 in the United States District Court for the District of South Carolina, Greenville Division as Case No. 6:22-cv-03509-HMH. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit E, ECF No. 34-5;

f. *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about November 28, 2022 in the United States District Court for the Northern District of Ohio, Eastern Division at Cleveland as Case No. 1:22-cv-02139. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit F, ECF No. 34-6. This matter was terminated and refiled as *John Doe 1 v. Varsity Spirit, LLC et al.*, on or about August 31, 2023, in the Court of Common Pleas, Cuyahoga County, Ohio as Case No. CV 23 984774. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit O, ECF No. 34-15;

g. *Hannah Gerlacher and Jessica Gerlacher v. Cheer Athletics, Inc., Cheer Athletics-Plano, LLC, Cheer Athletics-Frisco, LLC, Cheer Athletics Holdings, LLC, United All Star Federation, and Jason McCartney*, filed on or about July 19, 2021 in the District Court, Travis County, Texas, 126th District Court as Case No. D-1-GN-21-003338. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit G, ECF No. 34-7;

h. *Jane Doe v. Texas Wolverine All-Stars, Inc., et. al.*, filed on or about October 3, 2022 in the 225th Judicial District Court, Bexar County, Texas as Case No. 2022CI19481. A copy of the Complaint has been attached to Plaintiff's First Amended Complaint as Exhibit P, ECF No. 34-16.

*See* ECF No. 34.

Despite conceding that the allegations in the Underlying Lawsuits trigger coverage, Greenwich filed this declaratory judgment action seeking a declaration that it does not have a duty to defend or indemnify USASF. ECF No. 34. USASF has filed a Counterclaim, seeking, among other claims, a declaration that Greenwich has a duty to defend USASF in the Underlying Lawsuits. ECF No. 38.

At this point, the question of whether Greenwich has a duty to defend USASF in the Underlying Lawsuits can be decided on a motion for judgment on the pleadings; in order to consider the Motion, the Court need only decide by reviewing the complaints in the Underlying

Lawsuits and the Policies. The complaints in the Underlying Lawsuits allege claims which are covered under the Policies. There is nothing about the allegations in the Underlying Lawsuits or the pleadings in this Action that could possibly show, as a matter of law, that there is no coverage. Thus, Plaintiff must perform its duty and must defend USASF without reservation.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after pleadings have closed. The standard of review for judgment on the pleadings is the same as the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Shelter Gen. Ins. Co. v. B.W. Cobb and Sons Farms, Inc.*, No. 1:20-cv-01250-STA-jay, 2022 WL 989238 (W.D. Tenn. Mar. 31, 2022).

### I.     The Relevant Law on Interpreting Insurance Policies.

"In Tennessee, absent a valid choice of law provision, the rights and obligations under an insurance policy are governed by the law of the state where the insurance policy was 'made and delivered.'" *Charles Hampton's A-1 Signs, Inc. v. Am. States Ins. Co.*, 225 S.W.3d 482, 485 n.1 (Tenn. Ct. App. 2006). Therefore, Tennessee law applies. *See* Policies, ECF Nos. 34-8 – 34-13.

Under Tennessee law, whether an insurer has a duty to defend "depends solely on the allegations contained in the underlying complaint." *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W. 3d 758, 768 (Tenn. 2006). A duty to defend arises if the underlying complaint alleges claims that "are within the risk covered by the insurance contract and for which there is a potential basis for recovery." *Id.* "If even one of the allegations is covered by the policy, the insurer has a duty to defend, irrespective of the number of allegations that may be excluded by the policy." *Drexel Chem. Co. v. Bituminous Ins. Co.*, 933 S.W. 2d 471, 480 (Tenn. Ct. App. 1996). Any doubt about whether a potential claim triggers coverage is resolved in favor of the insured. *Travelers Indem. Co. of Am. v. Moore & Assoc., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007).

An insurer's duty to defend is separate and distinct from its duty to indemnify. *See Am. Guar. & Liab. Ins. Co. v. Norfolk S. Ry. Co.*, 278 F. Supp. 3d, 1025, 1041 (E.D. Tenn. 2017) (citing *St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994)). The duty to defend is determined by the facts as alleged in the underlying complaint, *Travelers Indem. Co.*, 216 S.W.3d at 305, while the duty to indemnify is determined by the facts found by a trier of fact, *Torpoco*, 879 S.W.2d at 835. The duty to defend is therefore broader than the duty to indemnify. *Travelers Indem. Co.*, 216 S.W.3d at 305. Whereas the duty to defend can be determined the moment a complaint is filed, the duty to indemnify depends on establishment of "true facts" either through discovery, trial, judgment, or settlement. *St. Paul Fire & Marine Ins. Co.*, 879 S.W.2d at 835.

And once determined, the duty to defend only ends when there are <u>actual facts</u> ascertained in the underlying lawsuit that fall within an exclusion. *Gen. Agents Ins. Co. of Am., Inc. v. Mandrill Corp.,* 243 F. App'x. 961, 966 n. 1 (6th Cir. 2007).

## ARGUMENT

**I.     The Relevant Policy Terms.[2]**

It is uncontroverted that USASF is an Insured under the Policies, and the occurrences as described in the Underlying Lawsuits fall within one or more of the policy terms of the Policies.[3]

---

[2] While there are multiple (primary) policies, the relevant language is the same in each. This is because the Greenwich General Liability Policies all use form CG 00 0104 13 and the Greenwich Excess Policies all use form CU 000109 10. For ease of review, this Memorandum cites to Policy No. ASG0896965, which covers Policy Period October 22, 2014 to October 22, 2015, and was attached to Plaintiff's First Amended Complaint as an exhibit. ECF No. 34-8.  parties agree that the Excess Policies would not provide coverage unless the injury would have been covered by a Primary Policy. ECF No. 34, page ID 1119.

[3] Greenwich declined coverage for plaintiffs John Doe 1 and Jane Does 2 and 4 in the Underlying Lawsuit titled *Jane Doe 1-7, John Doe 1-2, et al v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, et al.*, filed on or about September 1, 2022 in the United States District Court for the District of South Carolina, Greenville

Greenwich agreed to pay those sums an insured becomes obligated to pay for bodily injury or property damage to which the Policies apply.  Further, Greenwich agreed to defend the insured against any suit seeking such damages: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages…" *See, e.g.*, ECF No. 34-8, page ID 1584.

Greenwich evidently concedes that claims in the Underlying Lawsuits alleging Negligence, Gross Negligence, Negligent Security (in the Ohio state lawsuit), and Agency, Respondeat Superior and Vicarious Liability (in the Bexar County, Texas state lawsuit) would trigger coverage under the Policies.  ECF No. 34, ¶ 60.  Accordingly, based on Tennessee law, because even one allegation triggers the duty to defend, Greenwich must defend USASF in <u>all</u> of the Underlying Lawsuits.

Shirking its duty to defend, Greenwich asserts instead that it could decline coverage based upon exclusions in the Policies.  Therefore, the question of whether USASF is entitled to a defense turns solely on whether the allegations in the Underlying Lawsuits bars coverage under the Policies' exclusions.  They do not.

Greenwich enumerated four exclusions to the Policies that it claims bar coverage: 1) Abuse or Molestation Exclusion; 2) Expected or Intended Injury Exclusion; 3) Contractual Liability Exclusion; and 4) Child Care Exclusion.  USASF will examine each in turn.

    **A.**    **<u>The Abuse or Molestation Exclusion Does Not, as a Matter of Law, Excuse Plaintiff from the Duty to Defend or Provide Coverage</u>**

The Policies contain an Abuse or Molestation Exclusion, which says:

---

Division as Case No. 6:22-cv-02957-HMH.  Greenwich alleges that the claims involve incidents occurring after the expiration of the Greenwich Policies.

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> 2. The negligent:
>
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities, or failure to so report; or
>    e. Retention;
>
>    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

ECF No. 34-8, page ID 1603.  The Policies do not define "abuse" or "molestation." Nonetheless, the Underlying Lawsuits do not contain allegations of abuse by persons in the "care, custody or control of" USASF, nor do they assert claims against USASF for negligent employment, investigation, supervision, reporting, or retention of a person for whom USASF is or ever was legally responsible.  Accordingly, this Exclusion does not apply to bar coverage here.

> 1. The allegations of the Underlying Lawsuit do not allege that the plaintiffs were under the care, custody, or control of USASF at the time of the abuse or molestation.

Courts interpreting Tennessee law have not examined the language of this Abuse or Molestation Exclusion.  There is, however, persuasive authority from other jurisdictions that is helpful to construe the meaning of "care, custody or control;" that is, this phrase is generally understood to mean "immediate possession." *See Starr Indem. & Liability Co. v. Boys and Girls Club of Carbondale*, No. 11–cv–0858–MJR–PMF, 2012 WL 5843159, at *8 (S.D. Ill. Nov. 19, 2012).  So, where claims include acts that occurred off-site or away from the premises of the insured location, the abuse or molestation exclusion did not apply. *Id*.  But the exclusion can also not apply even where alleged abuse occurs on-site or on the premises of the insured location, such

as when an insured has no knowledge of the alleged abuse by third-party perpetrators. *See Starr Indem. & Liability Co. v. Choice Hotels Int'l, Inc.*, 20-cv-3172 (PKC), 2021 WL 2457107, at *8 (S.D.N.Y. June 16, 2021). Where a claimant is voluntarily engaging in activities and free to leave at any point, the court has refused to apply an abuse and molestation exclusion. *See Conn. Ins. Guaranty Assoc. v. Daigle*, No. CV054013240S, 2007 WL 806375, at *5 (Conn. Supp. Ct. Feb. 21, 2007). A court has also declined to hold that an employee or an independent contractor is under the custody and control of its employer for purposes of an abuse and molestation exclusion. *Amer. Family Mut. Ins. Co. v. Nunley*, No. CV 07–2276–PHX–MHM, 2009 WL 775424, at *6 (D. Ariz. Mar. 23, 2009).

As an initial matter, it is unclear on what facts Greenwich can contend that *any* allegedly abused victim was under the "care, custody, or control" of USASF. As Greenwich notes, the plaintiffs in the underlying complaints allege that USASF is responsible for regulatory matters related to competitive cheer. ECF No. 34, Page ID 1109. USASF's sole involvement, as alleged, is through its role as a "sanctioning body" that regulates competitive cheer by setting guidelines, policies, procedures, and processes. None of the Underlying Complaints allege that USASF employed any of the cheer coaches, that USASF employed any of the cheer choreographers or other vendors, or that USASF owned or operated the cheer facilities and gyms. Therefore, USASF could not have had custody, care or control of any of the claimants in the Underlying Lawsuits.

The claims of abuse in the Underlying Lawsuit confirm that the alleged abuse did not occur while USASF had custody, care, or control of any victim. Instead, the claims of abuse occurred in private homes and apartments or hotel rooms, or at times when no competitive cheering or even practice was taking place. Even worse, many of the allegations do not identify the times or location

of abuse, so certainly in those instances, Greenwich has no basis to claim, and cannot establish, that the alleged abuse occurred to these victims while in the custody, care or control of USASF.

Below is a summary of the allegations of abuse in the respective Underlying Lawsuits:

*John Doe 1 v. Varsity Brands, LLC*, Case No. 5:22-cv-00430-M: allegations of abuse occurring at hotel, over text messaging, or at unidentified times and locations. ECF No. 34-1.

*Jane Doe 1-7, John Doe 1-2, et al v. Varsity Brands, LLC*, Case No. 6:22-cv-02957-HMH: allegations of abuse occurring at hotel, apartment, or home, over text messaging or at unidentified times and locations. ECF No. 34-2.

*John Doe 3 v. Varsity Brands, LLC*, Case No. 6:22-cv-03510-HMH: allegations of abuse occurring over text messaging or at unidentified times and locations. ECF No. 34-3.

*Jane Doe 8 v. Varsity Brands, LLC*, Case No. 6:22-cv-03508: allegations of abuse occurring at home, over text messaging or at unidentified times and locations. ECF No. 34-4.

*Jane Doe 9 v. Varsity Brands, LLC*, Case No. 6:22-cv-03509-HMH: allegations of abuse occurring in vehicle or home or over text messaging. ECF No. 34-5.

*John Doe 1 v. Varsity Brands, LLC*, Case No. CV 23 984774: allegations of abuse occurring at unidentified times and locations.

Even to the extent that the allegations include acts of abuse in cheer gyms, as they appear in the two Texas state court cases, *Gerlacher*, Case No. D-1-GN-21-003338, ECF No. 34-7, and *Jane Doe v. Texas Wolverine All-Stars, Inc.*, Case No. 2022CI19481, ECF No. 34-16, <u>*none*</u> of the Underlying Complaints allege that these facilities are owned, operated, or maintained by USASF. Nor do the Underlying Lawsuits allege that any of the alleged tortfeasors were employed by USASF. In fact, in both of these Texas state court cases, they make clear that a co-defendant is

the owner and operator of the cheer gyms where the abuse is alleged to have occurred. Accordingly, Greenwich cannot decline coverage based on the Abuse or Molestation Exclusion.

> 2. *The allegations of the Underlying Lawsuits do not allege that USASF is or was responsible for the persons alleged to have abused or molested the plaintiffs.*

Further, Greenwich is unable to rely on this Exclusion for an additional and related reason – USASF is not, nor has it ever been, responsible for the persons alleged to have abused or molested the plaintiffs in the Underlying Lawsuits. Again, there are no Tennessee cases found interpreting this phrase. However, persuasive authority makes it clear that there must be some special relationship between USASF and the alleged abusers before this Exclusion can apply. *See, e.g.*, *Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc.*, 2021 WL 2457107 at *10 ("This exclusion is expressly directed to a person within an insured's legal responsibility – such as an employee or volunteer – who engages in an act of abuse or molestation, as reflected by language addressing the insured's oversight or failure to report actions 'of a person ... whose conduct would be excluded by Paragraph 1 ....'")

The Underlying Complaints do not allege that USASF had or exercised any control over the alleged abusers. USASF does not employ any of the alleged tortfeasors identified in the Underlying Lawsuits. In fact, in dismissing a negligent supervision claim in the South Carolina lawsuits, the Court noted that there were no allegations that the individual Defendants or the alleged abusers were employed by USASF. *See, e.g.*, Case No. 6:22-cv-2957, ECF No. 187.

Because the alleged victims were not in the care, custody and control of USASF, and because USASF was not legally responsible for the alleged abusers, the Abuse and Molestation exclusion does not apply to definitively bar coverage for the Underlying Lawsuits.

>   B.  **The Expected or Intended Injury Exclusion Does Not, As a Matter of Law, Excuse Plaintiff from the Duty to Defend or Provide Coverage**

The Policy states that "**This insurance does not apply to: …** Expected or Intended Injury," which is "Bodily injury. . . expected or intended from the standpoint of the insured." As Greenwich concedes, a substantial amount of the claims against USASF are based in negligence. ECF No. 34. While Plaintiff may argue that the sexual abuse and molestation were intended by the alleged tortfeasors, it is undisputed that none of the alleged tortfeasors are Insureds as defined by the policy. *See* ECF No. 34-8, page ID 1592. Additionally, USASF did not "expect or intend" the alleged abuse and molestation – and the Underlying Complaints do not make those allegations. Numerous courts have held that negligence-based causes of action are not barred by an exclusion for expected or intended injuries. *See*, *e.g.*, *Crow v. Dooley*, No. 1–11–59, 2012 WL 2090078 at *4 (Ohio Ct. App., June 11, 2012) (where causes of action sound in negligence, "the Expected/Intentional Injury provision does not preclude coverage for these causes of action."); *Lipscomb Ins. Group v. Hartford Lloyds Ins. Co.*, No. 3:09-CV-2047-O, 2010 WL 11475236, at *8 (N.D. Tex. Nov. 29, 2010) (holding that when allegations state a claim for negligence, and "a negligence claim would not be covered by the Expected or Intended Injury exclusion," the exclusion does not bar coverage for the entirety of the suit); *Mid-Continent Cas. Co. v. BFH Min., Ltd.*, No. CIV.A. H-14-0849, 2015 WL 2124767 (S.D. Tex. May 6, 2015) ("Texas appellate courts have stated that an expected or intended injury exclusion in an insurance policy does not exclude coverage for grossly negligent conduct.").

In sum, neither Greenwich, nor the plaintiffs in the Underlying Complaints, have alleged any factual claims which would preclude the negligence-based claims (and, therefore, the suits in their entirety) based on any intentional or expected injury committed by USASF. The exclusion is inapplicable here.

### C. The Contractual Liability Exclusion Does Not, As a Matter of Law, Excuse Plaintiff from the Duty to Defend or Provide Coverage

The Policies also exclude:

    a.    Contractual Liability

""Bodily injury" . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1) That the insured would have in the absence of the contract or agreement;
. . .

ECF No. 34-8, page ID 1585.

The Underlying Complaints do not allege, and Greenwich fails to identify, any contract by which USASF assumed liability. *See Calzada v. State Volunteer Mut. Ins. Co.*, No. M202001697COAR3CV, 2021 WL 5368020 at * 12 (Tenn. Ct. App. Nov. 18, 2021) (vacating the trial's court summary judgment based on contractual liability exclusion where the trial court failed to identify which contracts or provisions the insured assumed liability under). Courts in this Circuit, interpreting similar exclusions, make clear that "the contractual-liability exclusion does not 'bar all contract liability,' but rather 'is limited to a special type of contract—one in which the insured has assumed the liability of another, *i.e.*, a hold harmless or indemnification agreement." *Hamilton Specialty Ins. Co. v. Transition Inv., LLC*, 818 F. App'x 429, 434 (6th Cir. 2020). *See also Burlington Ins. Co. v. PMI Am., Inc.*, 862 F. Supp. 2d 719 (S.D. Ohio 2012), order clarified, No. 2:08-CV-1054, 2012 WL 1665867 (S.D. Ohio May 10, 2012).

The only allegations of the Underlying Lawsuits that in any way relate to a contract are the allegations that USASF breached a contract with the plaintiffs in the Underlying Lawsuits. *See*, *e.g.*, ECF 34, page ID 1113-14. But the Ohio State Lawsuit, the *Gerlacher* lawsuit, and the Bexar County, Texas Lawsuit do not even allege a breach of contract claim against USASF. *See Gulf Coast Env't Sys., LLC v. Am. Safety Indem. Co.*, No. 4:13-CV-539, 2015 WL 3648859 (S.D. Tex.

June 11, 2015) (contractual liability exclusion will not preclude defense where the alleged claims are not contractual in nature). Courts interpreting these exclusions are clear that a claim for a breach of contract will <u>not</u> trigger the exclusion.

### D. **The Child Care Exclusion Does Not, As a Matter of Law, Excuse Plaintiff from the Duty to Defend or Provide Coverage**

The Child Care or Supervision Exclusion removes from coverage "losses or damages arising out of and in the course of the insured's performance of babysitting, childcare services, or any other similar activity involving the care or supervision of children." ECF No. 34-8, page ID 1618.

Plaintiffs in the Underlying Complaints make no allegations to support Greenwich's contention that USASF provided babysitting or childcare services. Greenwich's proffer of this exclusion is without merit. USASF, as alleged in the Underlying Complaints, was a sanctioning body of competitive cheer. USASF owned none of the gyms at issue, employed none of the alleged tortfeasors, and was largely removed from the day-to-day operations of the private gyms. Certainly, there is no allegation that it was the business of USASF to provide care in any way to these student-athletes. On these allegations, Greenwich cannot plausibly contend that USASF acted in any way akin to a babysitting or childcare service. Greenwich cannot rely on this Exclusion to bar coverage.

### **CONCLUSION**

In sum, the Underlying Lawsuits trigger coverage under the Greenwich Policies. None of the proffered exclusions apply to bar coverage. As such, Greenwich has a duty to defend USASF in the Underlying Lawsuits without reservation. Accordingly, USASF respectfully requests that this Court enter a judgment that Greenwich has a duty to defend USASF without reservation, and direct judgment against Greenwich's claim for declaratory relief as to its duty to defend.

Dated: January 30, 2024

                                        Respectfully submitted,

                                        **BAKER, DONELSON, BEARMAN,**
                                        **CALDWELL & BERKOWITZ, P.C.**

                                        /s/ Mary Wu Tullis
                                        Mary Wu Tullis (TN Bar No. 31339)
                                        Grady M. Garrison (TN Bar No. 8097)
                                        Nicole Berkowitz Riccio (TN Bar No. 35046)
                                        165 Madison Avenue, Suite 2000
                                        Memphis, Tennessee 38103
                                        Telephone: (901) 526-2000
                                        Facsimile: (901) 577-0761
                                        mtullis@bakerdonelson.com
                                        ggarrison@bakerdonelson.com
                                        nriccio@bakerdonelson.com

                                        *Attorneys for U.S. All Star Federation, Inc.*

## CERTIFICATE OF SERVICE

       I, Mary Wu Tullis, hereby certify that on January 30, 2024, I caused a copy of the foregoing document to be served via electronic mail to the following counsel of record:

| | |
|---|---|
| THOMAS P. CASSIDY, JR., TN 13186 | Lloyd A. Gura (admitted pro hac vice) |
| ROBERT TURNER, IV, 035364 | Ellen G. Margolis (admitted pro hac vice) |
| McAngus Gouldelock & Courie, LLC | Kristen C. Kish (admitted pro hac vice) |
| Post Office Box 171446 | Mound Cotton Wollan & Greengrass LLP |
| 5350 Poplar Avenue, Suite 800 (38119) | One New York Plaza, 44th Floor |
| Memphis, Tennessee 38187 | New York, New York 10004 |
| Tom.cassidy@mgclaw.com | lgura@moundcotton.com |
| Rob.turner@mcglaw.com | emargolis@moundcotton.com |
| *Counsel for Plaintiff* | kkish@moundcotton.com |
| | *Counsel for Plaintiff* |

                                                                          s/ Mary Wu Tullis