UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GREENWICH INSURANCE COMPANY,<br>Plaintiff,<br><br>-against-<br><br>US ALL STAR FEDERATION d/b/a IASF,<br><br>Defendant. | Case No. 2:23-cv-02285-JTF-atc |

**MEMORANDUM OF PLAINTIFF GREENWICH INSURANCE COMPANY IN OPPOSITION TO DEFENDANT US ALL STAR FEDERATION'S MOTION FOR JUDGMENT ON THE PLEADINGS ON DUTY TO DEFEND**

MOUND COTTON WOLLAN & GREENGRASS LLP
One New York Plaza
New York, NY  10004
212-804-4200

*Attorneys for Greenwich Insurance Company*

Of Counsel:
Lloyd A. Gura
Ellen G. Margolis
Kristen C. Kish

**PRELIMINARY STATEMENT**

Plaintiff Greenwich Insurance Company ("Greenwich") submits this memorandum of law in opposition to Defendant US All Star Federation's ("USASF") Motion for Judgment on the Pleadings on Duty to Defend (the "Motion"). The Motion must be denied as Greenwich has asserted sufficient facts in its Amended Complaint to support its entitlement to a declaration that it does not have a duty to defend USASF in the Underlying Lawsuits[1] under the relevant insurance policies. No more is required at this juncture. While USASF seeks to go beyond the pleadings and instead focus on the ultimate question of coverage (i.e., whether Greenwich must *indemnify* USASF under the relevant policies), it cannot do so on a motion for judgment on the pleadings, which is granted only where all well-pled allegations in the complaint, being accepted as true, do not entitle the plaintiff to the relief sought.

As alleged in the Amended Complaint, the assertions in the Underlying Lawsuits generally present two possible outcomes: (1) the plaintiffs in the Underlying Lawsuits are correct and USASF, by creating rules and regulations governing the sport of All-Star cheer and its certification of coaches and other individuals, undertook a duty to protect the minor athletes and then breached that duty; or (2) the plaintiffs in the Underlying Lawsuits are incorrect and, despite USASF's promulgation of regulations and its certification of coaches and other individuals, USASF did not owe the minor athletes any duty. If it is the former, then USASF's claims are excluded under the plain language of the Greenwich insurance policies and Greenwich does not owe USASF a duty to indemnify (or defend). If it is the latter, then the Underlying Lawsuits do not allege a covered claim under the Greenwich policies, and Greenwich does not have any duty to indemnify (or defend). Because the issues of defense and indemnity are wholly entangled, the

---

[1] The "Underlying Lawsuits" referenced here are the same ones listed in USASF's Memorandum in Support of the Motion. *See* ECF 43-1, pgs. 2 and 3.

Court cannot provide the relief USASF requests – that Greenwich be ordered to defend USASF in the Underlying Lawsuits without a reservation of Greenwich's rights –until it resolves the entire declaratory judgment action, including the issue of whether Greenwich has a duty to indemnify.[2]

While USASF has filed its own counterclaim for a declaration on the duty to defend, USASF admits that Greenwich agreed to defend USASF in the Underlying Lawsuits under reservations of rights. There are no legal grounds for the Court to prematurely entertain USASF's motion to remove the reservations of rights. Instead, USASF must wait until the Court adjudicates the issue of whether there is any indemnity coverage under the Greenwich insurance policies; if Greenwich is correct that it does not have a duty to indemnify USASF in the Underlying Lawsuits, then Greenwich also has no duty to defend.

As established in the Amended Complaint, Greenwich properly handled USASF's claims in connection with the Underlying Lawsuits. After reviewing the claims, Greenwich determined that although the complaints in the Underlying Lawsuits (the "Underlying Complaints") contained some allegations and causes of action that implicated insurance policy exclusions, it needed additional information to evaluate the ultimate issue of coverage. On their face, the Underlying Complaints allege sufficient facts to support Greenwich's decision to defend USASF in the Underlying Lawsuits under reservations of rights and to file this action to resolve the insurance coverage issues. It would be nonsensical to order Greenwich to defend USASF in the Underlying Lawsuits in perpetuity without first determining that Greenwich must indemnify USASF in connection with those Lawsuits.

---

[2] USASF's counterclaim also alleges that Greenwich has a duty to defend USASF under several policies issued to Varsity Brands Holding Company, Inc.; however, this allegation is not addressed in USASF's Motion and, therefore, is not addressed here.

USASF's Motion includes numerous arguments pertaining to the ultimate question in this case -- whether there is a duty to indemnify -- which are not appropriate for a motion for judgment on the pleadings. To the extent that this Court is prepared to decide the issue of whether Greenwich has a duty to indemnify, Greenwich respectfully requests that the Court deny this Motion and instead allow the parties to propose a briefing schedule for summary judgment motions.

## STATEMENT OF FACTS

This is an action for declaratory relief in which Greenwich seeks a judgment that no insurance coverage is available to USASF under three primary commercial general liability policies (Policy Nos. ASG0896965, ASG08969650, and ASG089696502) (the "Primary Policies") and three commercial excess liability insurance policies (Greenwich Commercial Excess Liability Policy Nos. ASX0896975, ASX089697501, and ASX089697502) issued by Greenwich to USASF (the "Excess Policies") (collectively, the "Greenwich Policies") for defense or indemnification in connection with the Underlying Lawsuits, which are pending in the Federal District Courts of North Carolina and South Carolina and in Ohio and Texas state courts.

Greenwich filed its First Amended Complaint on October 31, 2023 (the "Amended Complaint"). *See* ECF 34. Initial disclosures were exchanged on October 6, 2023. USASF filed an unopposed Motion to Extend Deadlines in Scheduling Order on February 21, 2024, along with a proposed Second Amended Scheduling Order. *See* ECF 48. The proposed Second Amended Scheduling Order includes a written discovery deadline of March 22, 2024. *See* ECF 48-1.

As alleged in the Amended Complaint, the Underlying Lawsuits generally allege that the plaintiffs (the "Underlying Plaintiffs") are or were involved in the sport of competitive cheer.

3

The Underlying Plaintiffs allege that: (1) they were subject to actual or threatened abuse or molestation by coaches and others in connection with their respective cheer gyms (*see e.g.*, ECF No. 34-1, para. 213); (2) USASF was the sanctioning body in charge of the regulatory side of cheer and set guidelines, policies, procedures, and processes to ensure an environment that was safe for young athletes (*see e.g*, ECF No. 34-1, para. 82); and (3) USASF certified athletes, coaches, and gyms, which the Underlying Plaintiffs allege is "a seal that the industry represented as synonymous with a warranty that the gym, its coaches and its choreographers were safe, and followed best practices including to prevent athlete abuse" (*see e.g.*, ECF No. 34-1, para. 51).

The Underlying Plaintiffs assert a number of claims against USASF, including but not limited to: Negligence; Gross Negligence; Negligent Security; and Agency, and Respondeat Superior and Vicarious Liability. *See e.g.*, ECF No. 34-1 to 34-7, 34-15 and 34-16. The overarching theory behind the negligence-based claims is that: USASF undertook to create regulations intended to "address the risks of sexual, physical, and mental exploitation of minor athletes by coaches" and failed to properly enforce those regulations such that violations of the rules related to athlete safety and harm from sexual, physical and emotional abuse happened regularly at USASF-certified gyms and competitions by USASF-certified coaches, choreographers and members. Underlying Plaintiffs allege USASF was responsible for the safety, health, and welfare of the minor athletes who were members of USASF and under their care, custody, and control. Underlying Plaintiff allege that, because their interactions with the perpetrators were at locations under the express authority and control of USASF, the perpetrators were duly authorized agents and/or representative of USASF.

Greenwich agreed to defend USASF in the Underlying Lawsuits, subject to a full and complete reservation of rights. *See* ECF No. 34, paras., 54, 56 and 58. With regard to all of the

Underlying Lawsuits, Greenwich has reserved its right to decline coverage based upon exclusions in the Greenwich Policies. *See Id.,* para. 60; ECF No. 34-14, pp. 2, 18-26; ECF No. 34-17, pp. 2, 10-13; ECF No. 34-18, pp. 2, 9-12. Greenwich then filed this lawsuit seeking a declaration that the exclusions in the Primary Policies preclude coverage under those Policies for all of the claims on which Greenwich reserved its rights, and that Greenwich has no obligation to defend or indemnify USASF in the Underlying Lawsuits. *Id.*, para. 61.

## LEGAL STANDARD

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim for relief under Fed. R. Civ. Pro. 12(b)(6). *Shelter Gen. Ins. Co. v. B.W. Cobb & Sons Farms, Inc.*, No. 120CV01250STAJAY, 2022 WL 989238, at *1 (W.D. Tenn. Mar. 31, 2022) citing *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). As such, to survive a motion for judgment on the pleadings, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making its determination, the court must view the complaint in the light most favorable to the non-moving party, and should assume the veracity of well-pleaded factual allegations to determine whether they plausibly give rise to an entitlement to relief. *Id.* (citations omitted); *Johnson v. Bredesen*, 579 F. Supp. 2d 1044, 1049 (M.D. Tenn. 2008), aff'd, 624 F.3d 742 (6th Cir. 2010) (citations omitted). The court may consider the pleadings and any attachments. *Id.*

**ARGUMENT**

I. **GREENWICH HAS PLED SUFFICIENT FACTS TO SHOW THAT IT HAS NO DUTY TO DEFEND**

USASF agrees that Greenwich is providing it with a defense in the Underlying Lawsuits. Nevertheless, USASF seeks an order directing Greenwich to defend USASF without a reservation of rights before the court determines the ultimate question of whether Greenwich must indemnify USASF in connection with those same Underlying Lawsuits. USASF's position is contrary to basic principles of insurance law, and would render useless declaratory judgment actions such as this one.

A. **The Duty to Defend**

Under Tennessee law,[3] an insurer's duty to defend is triggered "when the underlying complaint alleges damages that are within the risk covered by the insurance contract and for which there is a potential basis for recovery." *Travelers Indem. Co. of Am. v. Moore & Assocs., Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007). Whether the duty to defend is triggered is determined solely by comparing the allegations in the underlying complaint to the policy at issue. *Id.*

Undertaking a defense does not automatically mean there is a duty to indemnify. *See Forrest Const.*, 703 F.3d at 363. The duty to defend is construed broadly and is broader than the duty to indemnify. While the duty to defend is based solely on the allegations in the underlying complaint, the duty to indemnify is dependent upon the facts as determined by the trier of fact. *See Moore & Assocs, Inc.,* 216 S.W.3d at 305. Therefore, an insurer may have a duty to defend based on the allegations in the complaint, yet have no subsequent duty to indemnify. *See St. Paul Fire & Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994).

---

[3] Greenwich does not dispute that Tennessee law applies to this Motion.

### B. The Use of Declaratory Judgment Actions and an Insurer's Reservation of Rights

Under Tennessee law, insurance carriers may "protect themselves" by agreeing to defend an insured under a reservation of rights -- which allows the insurer to proceed with the defense but withdraw if it becomes evident that there is no duty to defend -- and filing a declaratory judgment action seeking a judicial determination of the coverage questions. *Forrest Const.*, 703 F.3d at 363. If an insurer gives proper notice that it is reserving its rights despite investigating a claim or defending an action, such investigation or defense will not prejudice the insurer's right to enforce a term, condition or exclusion in the policy. *See Transamerica Ins. Grp. v. Beem*, 652 F.2d 663, 666 (6th Cir. 1981). A reservation of rights is sufficient if it "fairly informs the insured of the insurer's position." Id., 652 F.2d at 666.

Here, Greenwich properly issued reservation of rights letters to USASF for all of the Underlying Lawsuits. In each of the letters, Greenwich clearly identified the causes of actions that did not meet the coverage requirements of the Greenwich Policies and the causes of action that might be excluded based upon coverage exclusions in the Greenwich Policies. For any causes of action that could be excluded, Greenwich explained the potentially applicable exclusion and reserved its right to decline coverage if facts revealed the particular exclusion was applicable. *See* ECF No. 34-14, pp. 2, 18-26; ECF No. 34-17, pp. 2, 10-13; ECF No. 34-18, pp. 2, 9-12.

It is well established under Tennessee law that an insurer is entitled to reserve its right to contest coverage throughout the course of a litigation. Tennessee Courts have repeatedly affirmed an insurer's ability to reserve its right to withdraw from a defense. *See Forrest Const., Inc. v. Cincinnati Ins. Co.*, 703 F.3d 359, 363 (6th Cir. 2013);*Transamerica Ins. Grp. v. Beem*, 652 F.2d 663, 666 (6th Cir. 1981); *Allstate Ins. Co. v. Ellis*, No. 09401-8 T.D., 1987 WL 8309, at

7

\*4 (Tenn. Ct. App. Mar. 27, 1987); *Glens Falls Ins. Co. v. Happy Day Laundry, Inc.*, No. 22, 1989 WL 91082, at \*4 (Tenn. Ct. App. Aug. 14, 1989). Moreover, the Tennessee Court of Appeals has held that an insurer is entitled to "defend and reserve the right to contest coverage based on facts developed at trial." *Glens Falls Ins. Co. v. Happy Day Laundry, Inc.*, No. 22, 1989 WL 91082, at \*4 (Tenn. Ct. App. Aug. 14, 1989); *See Insurance,* 44 Am.Jur.2d § 1412; Annotation, *Liability Insurer-Duty to Defend,* 50 A.L.R.2d 458, § 24.

In this case, Greenwich legitimately chose not only to reserve its rights to decline coverage, but also took the affirmative step of filing a declaratory judgment action to adjudicate the applicability of the four exclusions upon which it largely based its reservations of rights. Should Greenwich prevail in this action and the Court determine that there is no coverage under the Greenwich Policies, Greenwich would be entitled to cease its defense of the Underlying Lawsuits. *See Forrest Const., Inc.*, 703 F.3d at 363. Greenwich would also be entitled to reimbursement for the defense costs it already paid. *See Am. Home Assurance Co. v. Port Auth. of New York & New Jersey*, 89 N.Y.S.3d 81, 82 (2018); *Certain Underwriters at Lloyd's London Subscribing to Pol'y No. SYN-1000263 v. Lacher & Lovell-Taylor, P.C.*, 975 N.Y.S.2d 870 (2013). For that reason, Greenwich included in the Amended Complaint a specific request to withdraw from the defense of the Underlying Lawsuits and to obtain reimbursement of defense costs. *See* ECF 34, Para. 88.

If USASF were correct that an insured could force a court in a declaratory judgment action to order an insurer to withdraw its reservation of rights, then there would be no viable purpose for an insurer to file a declaratory judgment action to determine coverage. The point of a declaratory judgment action in the insurance context is to allow the insurer to determine conclusively whether it can stop defending costly underlying actions that are not covered.

### C. The Amended Complaint Pleads Sufficient Facts to Support a Declaratory Judgment on the Duty to Defend

Greenwich's Amended Complaint pleads sufficient facts to demonstrate that Greenwich, if correct in its position that there is no indemnity coverage under the Greenwich Policies for the Underlying Lawsuits, is entitled to a judgment that it has no obligation to defend USASF in the Underlying Lawsuits. Contrary to USASF's position, many allegations in the Underlying Complaints support Greenwich's allegations in this action that the causes of action in the Underlying Lawsuits either do not meet a requirement of the coverage grant in the Greenwich Policies or fall under one of four exclusions.

For instance, Greenwich alleges that there is no coverage under the Abuse or Molestation Exclusion in the Primary Policies which excludes: 1) "bodily injury", "property damage" or "personal and advertising injury" arising out of "the actual or threatened abuse or molestation by anyone of a person *while in the care, custody or control of any insured*"; or 2) the negligent employment, retention, investigation, supervision, reporting to the authorities or failure to report to the authorities of a person for whom any insured is or ever was responsible and whose conduct would be excluded by 1. ECF No. 34 at Para. 67. Greenwich provides eight enumerated instances from the Underlying Complaints in which the Underlying Plaintiffs seek to hold USASF liable based on negligence-based theories. These allegations are directly from the Underlying Complaints themselves.

For example, in Count IV for Gross Negligence in *John Doe 1 v. Varsity Brands, LLC, Varsity Spirit, LLC, Varsity Brands Holding Company, Inc., U.S. All Star Federation, Inc. d/b/a U.S. All Star Federation, et al.*, filed on or about October 26, 2022 in the United States District Court for the Eastern District of North Carolina, Raleigh Division as Case No. 5:22-cv-00430-M, the Underlying Plaintiff alleges that he sustained bodily injury and that "[a]t all times relevant to

9

this Complaint, Defendants have been responsible for the safety, health, and welfare of minor athletes, such as Plaintiff, who were members of Defendants USASF, and USA Cheer, participants in Defendant Varsity events, competing for Varsity-affiliated gyms, *and under the care, custody, and control of each of the Defendants*, respectively." *See* ECF No. 34-1, para. 270 (emphasis added) and ECF No. 34-1, para. 296. If these allegations are proven, then Greenwich would owe neither a duty to defend or indemnify USASF with respect to the Gross Negligence claims in the Underlying Lawsuits. If they are *not* proven and the Underlying Plaintiffs were found not to be in the care, custody, or control of USASF, then USASF would owe no duty to the Underlying Plaintiffs and, therefore, would not be liable under a theory of Gross Negligence. Either way, Greenwich would not be obligated to indemnify USASF. Should the Court agree and determine that there is no possibility of coverage under the Greenwich Policies, then Greenwich would be entitled to cease its defense of the Underlying Lawsuits.

USASF spends many pages in the Motion discussing the Abuse or Molestation Exclusion and specifically why USASF believes the Underlying Plaintiffs were not in the care, custody or control of USASF, or that USASF was not responsible for the abusers.[4] First, this is inappropriate as a motion for judgment on the pleadings requires all well-pled allegations of the non-movant to be accepted as true. Second, USASF's statement is patently false, because most of the Underlying Complaints contain an allegation that "[a]t all times relevant to this Complaint, Defendants have been responsible for the safety, health, and welfare of minor athletes, such as Plaintiff, who were members of Defendants USASF, and USA Cheer, participants in Defendant Varsity events, competing for Varsity-affiliated gyms, *and under the care, custody, and control*

---

[4] USASF even titles Point I.A.1. of its Memorandum of Law "[t]he allegations of the Underlying Lawsuit do not allege that the plaintiffs were under the care, custody or control of USASF at the time of the abuse or molestation." USASF Mot. at 7.

10

*of each of the Defendants*, respectively." *See e.g.,* ECF No. 34-1, para. 270; ECF No. 34-2, para. 386; ECF No. 34-3, para. 267; ECF No. 34-4, para. 274; ECF No. 34-5, para. 274; ECF No. 34-6, para. 287; and ECF No. 34-15, para. 229 (emphasis added). The remaining two Underlying Complaints contain an allegation that:

> Defendants owed a duty of reasonable *care* to Plaintiff[s]. Defendants breached this duty in several ways, including but not limited to, the following:
> 1. Failing to exercise reasonable care;
> 2. Failing to properly screen, retain, hire, train, and/or supervise;
> 3. Failing to promulgate effective safety policies;
> 4. Failing to protect minor athletes;
> 5. Failing to properly investigate;
> 6. Failing to notify;
> 7. Failing to ensure safety policies and procedures were followed;
> 8. Failing to ensure safety policies and procedures were enforced; and
> 9. Failing to exercise reasonable control over employees, agents and/or contractors.

*See e.g.*, ECF No. 34-7, para. 47 and ECF No. 34-16, para. 32 [5] (emphasis added). And, the *Jane Doe v. Texas Wolverine All-Stars* action includes an allegation that "Plaintiff frequently competed in events that were sanctioned by Defendant USASF and Defendants TEXAS WOLVERINE ALL-STARS, LEX BAZAN and LUIS BAZAN, and Plaintiff was under Defendants' complete dominion, control, and supervision." *See* ECF No. 34-16, para. 30.[6]

Accordingly, USASF cannot meet its burden for judgment on the pleadings, which requires it to show that Greenwich is not entitled to relief while assuming that its allegations are true.

---

[5] The *Jane Doe v. Texas Wolverine All-Stars* Underlying Lawsuit, ECF No. 34-16, contains a similar allegation, except it lists the breaches using letters not numbers and adds an additional alleged breach of the duty of reasonable care, that defendants "[failed] to prevent persons in positions of power from being alone with a single minor child without supervision or other safeguards to protect the minor child."

[6] These same allegations in the Underlying Complaints also support Count IV of Greenwich's Amended Complaint regarding the Child Care or Supervision Exclusion, which excludes coverage for "losses or damages arising out of and in the course of the insured's performance of babysitting, child care services or any other similar activity involving the *care* or supervision of children." (emphasis added).

11

Further, the above care, custody or control discussion demonstrates conclusively why Greenwich's reservation of rights is appropriate and justified.[7] It is unnecessary for Greenwich to discuss all of the exclusions at issue in this declaratory judgment action in this Motion, because USASF has limited its request for relief to an order that Greenwich must defend the Underlying Lawsuits without reservation and Greenwich has already shown why the relief is impossible without reaching the ultimate issue of whether the Underlying Lawsuits are not covered under

---

[7] In addition, USASF's recitation of the case law on the meaning of the phrase "care, custody or control" is incorrect or incomplete. Contrary to USASF's assertion, at least one Tennessee court addressed the phrase "care, custody or control" in the context of sexual abuse of minors. *See TIG Ins. Co. v. Merryland Childcare & Dev. Ctr., Inc*., No. 04-2666 B, 2007 WL 316571, at *6 (W.D. Tenn. Jan. 31, 2007) (holding that the abuse suffered by minors molested at a day care facility constituted an occurrence under a sexual abuse occurrence provision that included the same "care, custody or control" phrase.

Further, persuasive case law in other jurisdictions supports interpretation of the "care, custody or control " phrase to include the types of safety policies, rule and regulation creation that the Underlying Plaintiffs are alleging make USASF responsible for their abuse. *See e.g.*, *Acadia Ins. Co. v. Pearl River Cmty. Coll*., 237 F. Supp. 3d 437, 442 (S.D. Miss. 2017) (holding that the college's "many policies, procedures, rules, and regulations concerning the living conditions in the dormitories" created such substantial supervisory control over the student's living conditions that the student was under the "care, custody, or control" of the college at the time of the assault); *Valley Forge Ins. Co. v. Field*, 670 F.3d 93, 99 (1st Cir. 2012) (*quoting Webster's Third New International Dictionary 338 (1993)* and finding that "[i]n this context, the plain meaning of 'care' i[n] the Abuse or Molestation Exclusion here accords with the dictionary definition that being 'in the care of' includes 'charge, supervision, management: responsibility for or attention to safety and well-being'"); *United Fire & Cas. Co. v. Kent Distributors, Inc*., 759 F. App'x 326, 329 (5th Cir. 2019) (adopting the district court's interpretation of "control" to mean "the power or authority to manage, direct, govern, administer, or oversee").

Additionally, USASF incorrectly interprets the Court's ruling in *Amer. Family Mut. Ins. Co. v. Nunley*, No. CV 07–2276–PHX–MHM, 2009 WL 775424, at *6 (D. Ariz. Mar. 23, 2009). USASF asserts that the Court in *Nunley* declined to hold that an employee, or independent contractor, is under the custody or control of its employer for purposes of an Abuse and Molestation Exclusion. See USASF's Motion for Judgement on the Pleadings, ECF No. 8. However, the Court in *Nunley* actually declined to rule on the issue, refusing to be the first court in the country to make a determination on the subject. *See Nunley*, 2009 WL 775424, at *6. Since the *Nunley* case, other courts have addressed the issue of whether an employee is under the "care, custody, or control" of its employer. *See Kent Distributors*, 759 F. App'x at 326 (holding that an employee, locking its employer's store at closing time when allegedly attacked by a fellow employee, was in the employer's care, custody, or control within the meaning of certain exclusions in the employer's commercial general liability policy for bodily injury arising out of abuse or molestation).

Finally, USASF's argument that the location of the abuse -- off-site or away from any premises owned by USASF -- makes it impossible for any of the Underlying Plaintiffs to have been in the "care, custody, or control" of USASF is flawed. Courts have rejected such a bright line rule and instead favor a variety of context-specific considerations. *See Starr Indem. & Liab. Co. v. Choice Hotels Int'l, Inc*., No. 20-CV-3172 (PKC), 2021 WL 2457107, at *9 (S.D.N.Y. June 16, 2021) (stating the "[p]resence on an insured's premises may be relevant to whether that person is in the 'care, custody or control' of the insured but it is not a necessary element").

the terms, conditions and exclusions of the Greenwich Policies. Such an important and final case decision deserves a proper summary judgment motion.

## II.     THE MOTION TO DISMISS IS AN IMPROPER ATTEMPT AT A PREMATURE SUMMARY JUDGMENT MOTION

A true motion for judgment on the pleadings restricts its argument to the pleadings. However, USASF's Motion is replete with unsupported alleged facts that are not contained in Greenwich's Amended Complaint or the complaints in the Underlying Lawsuits. These extraneous alleged facts are not permitted to be considered in the context of a Fed. R. Civ. Pro 12(c) motion. *See* F.R.C.P. 12(c); *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006); *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 484 (6th Cir. 2020). As discussed above, USASF attempts in this Motion to reach the ultimate questions in this case. Pursuant to Federal Rule of Civil Procedure 12(c), if the Court permits matters outside the pleadings to be presented and does not exclude them, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." F.R.C.P. 12(c). Therefore, Greenwich respectfully suggests that the Court should ignore the extraneous allegations of fact in USASF's Motion. Alternatively, should the court decide to convert USASF's Motion to a summary judgment motion, Greenwich respectfully requests that it be given reasonable opportunity to fully brief the matter with an appropriate briefing schedule.

13

## CONCLUSION

For the foregoing reasons, Greenwich respectfully requests that this Court deny USASF's Motion.

Dated: February 27, 2024
      New York, NY

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

*s/ Lloyd A. Gura*
Lloyd A. Gura, Esq. (admitted pro hac vice)
Ellen G. Margolis, Esq. (admitted pro hac vice)
Kristen C. Kish (admitted pro hac vice)
Mound Cotton Wollan & Greengrass, LLP
One New York Plaza
New York, NY  10004
212-804-4200

&

THOMAS P. CASSIDY, JR., TN 13186
ROBERT TURNER, IV, 035364
MCANGUS GOUDELOCK & COURIE, LLC
Post Office Box 171446
5350 Poplar Avenue, Suite 800 (38119)
Memphis, Tennessee 38187
Phone: (901) 682-3436
Facsimile: (901) 339-0683
Email: tom.cassidy@mgclaw.com
Email: rob.turner@mgclaw.com

*Attorneys for Greenwich Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2024, a true and correct copy of the the above and foregoing was filed electronically with the Court and served through the Court's ECF system upon all counsel of record.

*s/ Lloyd A. Gura*
Lloyd A. Gura