UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **GREENWICH INSURANCE COMPANY,** ) ) ) ) Plaintiff/Counter-Defendant, ) ) v. ) ) **US ALL STAR FEDERATION d/b/a IASF,** ) ) ) Defendant/Counter-Plaintiff. ) ) | Case No. 2:23-cv-02285 |

**USASF'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON DUTY TO DEFEND**

**REPLY ARGUMENT**

A.  *The duty to defend and the duty to indemnify are wholly distinct and separate.*

Coverage under a liability policy, like those provided by Greenwich, has two aspects: a duty to defend and a duty to indemnify. Greenwich Insurance Company ("Greenwich")'s opposition is premised on its conflation of a duty to defend with a duty to indemnify – a premise that is contrary to Tennessee law: "An insurer's duty to defend is separate and distinct from its duty to indemnify." *Crestbrook Ins. Co. v. Crosby*, Case No. 2:22-cv-2406-MSN-atc, 2023 WL 3767085, at *15 (W.D. Tenn. June 1, 2023), citing *Am. Guar. & Liab. Ins. Co. v. Norfolk S. Ry. Co.*, 278 F. Supp. 3d 1025, 1041 (E.D. Tenn. 2017). This is why the question of whether an insurer has a duty to defend "depends solely on the allegations contained in the underlying complaint." *Naifeh v. Valley Forge Life Ins. Co.*, 204 S.W. 3d 758, 768 (Tenn. 2006). "If even one of the allegations is covered by the policy, the insurer has a duty to defend, <u>irrespective of the number of</u>

1

allegations that may be excluded by the policy." *Drexel Chemical Co. v. Bituminous Ins. Co.*, 933 S.W. 2d 471, 480 (Tenn. Ct. App. 1996) (emphasis added). "An insurer may not properly refuse to defend an action against its insured unless 'it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage.'" *Id.*, quoting *Glens Falls Ins. Co. v. Happy Day Laundry, Inc.*, No. 22, 19784, 1989 WL 91082, at *5 (Tenn. Ct. App. Aug. 14, 1989). "If the allegations in the underlying complaint leave doubt as to whether the allegations require the insurer to defend, the doubt should be resolved in favor of the insured." *CBL & Associates Management, Inc. v. Lumbermens Mut. Cas. Co.*, 2006 WL 2087625, at *5 (E.D. Tenn. July 25, 2006).

On the other hand, the duty to indemnify "is based upon the facts found by the trier of fact." *Travelers Indem. Co. of America v. Moore & Associates, Inc.*, 216 S.W.3d 302, 305 (Tenn. 2007). In other words:

> Whereas the duty to defend depends only upon the facts as alleged to be, the duty to indemnify, i.e., ultimate liability, depends rather upon the true facts.... Thus it is not uncommon that an insurer will have a duty to defend based on the allegations in the complaint, yet have no subsequent duty to indemnify the insured. This situation will occur when trial on the merits of the underlying claim proves the facts to be otherwise then as alleged, and judgment is entered on a ground dissimilar to the one contained in the complaint.

*St. Paul Fire and Marine Ins. Co. v. Torpoco*, 879 S.W.2d 831, 835 (Tenn. 1994). For this reason, USASF has explicitly and consistently maintained that the question of the duty to indemnify is premature. (Ans., Doc. 36, p. 13.)

The duty to defend attaches based on the allegations in an underlying complaint and ends when actual facts ascertained fall within an exclusion. *General Agents Ins. Co. of America, Inc. v. Mandrill Corp., Inc.*, 243 F. App'x 961, 966 n. 1 (6th Cir. 2007). And even if that ever happens, the consequence is that the insurer is no longer liable for the cost of defense *subsequent* to the date that salient fact was determined. *Id.* at 966. It does not, however, mean the duty to defend is

retroactively voided; instead, it means the duty to defend has ended because of an ascertained fact. *Acuity v. Reed & Associates of TN, LLC*, 124 F. Supp. 3d 787, 790 (W.D. Tenn. 2015) ("That duty continues 'until the facts and the law establish that the claimed loss is not covered.'")

That is why USASF's Motion for Judgment on the Pleadings is focused solely on determining Greenwich's duty to defend, which is ripe for adjudication now.  *See Crestbrook*, 2023 WL 376085, at *5-6 (determining the insurer's duty to defend on cross-motions for judgment on the pleadings); *see also State Farm Fire and Casualty Co. v. Salley*, No. 3:19-cv-243, 2021 WL 918760, at *5 (E.D. Tenn. Mar. 10, 2021) (determining whether insurer had duty to defend on motion for judgment on the pleadings).  Contrary to Greenwich's assertion, this determination can be done at this juncture, because the inquiry, as it was in *Crestbrook*,[1] is whether the allegations in the underlying litigation fall within the liability coverage of the subject policy, and, if so, whether any exclusions in the policy nevertheless deny coverage for the insured.  *Id*. at *6.

The pleadings in the Underlying Lawsuits allege causes of action which are not excluded by any of the Greenwich Policies' exclusions cited in Plaintiff's First Amended Complaint ("Complaint").[2]  Instead, the Underlying Lawsuits allege that USASF is liable to the Underlying Plaintiffs under several theories, including negligence-based claims and contractual claims.  And Greenwich does not cite any exclusion that deny coverage of all claims made against USASF in these Underlying Lawsuits.  Instead, in its response, Greenwich turns an insurer's burden on its head and merely argues that there is a universe in which it could be proven that one aspect of the Abuse or Molestation Exclusion applies.  That is not enough; instead, the insurer must show that

---

[1] Notably, the insurer in *Crestbrook* had similarly accepted a duty to defend under a reservation of rights.

[2] The Underlying Lawsuits do not allege claims related to childcare, any contractual assumption of liability, or intentional injury.

"it is plain from the face of the complaint that the allegations fail to state facts that bring the case within or potentially within the policy's coverage." *Drexel Chemical Co. v. Bituminous Ins. Co.*, 933 S.W. 2d at 480.

Because the issues of defense and indemnity are *not* "wholly entangled," and the duty the defend is determined by the facts as alleged in the Underlying Lawsuits, the instant Motion is ripe for resolution, in favor of USASF, on Greenwich's duty to defend. Indeed, USASF agrees that the point of a declaratory judgment action in the insurance context is to allow the insurer to determine conclusively whether it can stop defending the insured, or whether it is obligated to continue defending the insured until ascertained future facts prove otherwise. One vehicle to do so is a dispositive motion on the question of duty to defend, the analysis of which depends solely on matters in the record before the Court now.

      B.    *The Claims in the Underlying Lawsuits Implicate Coverage and are Not Excluded*.

There are several allegations in the Underlying Lawsuits which implicate the Greenwich Policies and require that Greenwich defend USASF. And in fact, Greenwich, even in its opposition, continues to concede this point: "On their face, the Underlying Complaints allege sufficient facts to support Greenwich's decision to defend USASF in the Underlying Lawsuits under reservations of rights and to file this action to resolve the insurance coverage issues." (ECF No. 49, p. 3.) But seemingly to support its opposition, Greenwich relies on to a single, bald assertion that the Plaintiffs were under the "care, custody, and control" of the undifferentiated mass of Defendants. (ECF No. 49, p. 10.) In fact, this single allegation is the *most* that has been alleged against USASF on this point. Nonetheless, the Court is entitled to, and arguably must, look beyond

labels and titles – and instead consider the alleged *facts* as pled in the Underlying Complaints.[3] Although the court must accept the allegations as pled in the underlying action – the court is not bound by the drafter's legal conclusions. *See Aetna Cas. & Sur. Co. v. Sunshine Corp.,* 74 F.3d 685, 688 (6th Cir. 1996). On review, the Underlying Complaints allege facts which do not establish the care, custody, and control required by the Greenwich Policies for the exclusion to apply. As relevant, the Underlying Complaints allege:

- A choreographer, visiting town to meet with another team, asked Plaintiff John Doe 1 to give him a ride to his hotel and solicited Plaintiff John Doe 1 for sex (ECF No. 34-1, paras. 217-219);
- Josh Guyton invited Jane Doe 5 to his apartment to work on homework, and during one occasion, touched Jane Doe 5 in a "sexual and inappropriate way" (ECF No. 34-2, paras. 302-303);
- Defendant Josh Guyton took Plaintiff Jane Doe 8 to co-defendant Tracey Black on several occasions and also had sex with Plaintiff on several occasions at Black's house. (ECF No. 34-4, paras. 218 – 224);
- While Defendants Hale and Davis were in town on business with a "former gym", they had sex with Plaintiff John Doe 1 in their hotel room on several occasions (ECF No. 34-6, paras. 192 – 196)

Thus, the Underlying Complaints allege activity by non-USASF employees, on locations not owned, maintained, or any way affiliated with USASF, at times outside of cheer practice or competition. As set forth in USASF's memorandum of law, ECF No. 43-1, these facts, as pled in the Underlying Complaints, do not establish that plaintiffs in those lawsuits were in the "care, custody, or control" of USASF <u>at the time of alleged abuse or molestation</u> to trigger the Sexual Abuse or Molestation Exclusion.

---

[3] Without citing the supposed "extraneous alleged facts" in USASF's Motion, Greenwich claims the Court should convert the motion into a summary judgment motion, ECF No. 49, p. 13, but that is not necessary here. To be clear, USASF's Motion looks solely at the allegations of the underlying Complaint in requesting the Court determine Greenwich has a duty to defend, which is the proper standard based on Tennessee law. *Naifeh*, 204 S.W. 3d at 768.

Greenwich attempts, by its Opposition, to frame the instant dispute as one in which USASF's "duty" to minor athletes is dispositive of coverage. It is not, nor is it even relevant to USASF's Motion. Instead, USASF asserts that in order for Greenwich to properly refuse its duty to defend, it must show that the underlying complaints fail, on its face, to show that there is any coverage under the Policy. While true that *one* of Greenwich's attempted exclusions looks at whether damages alleged in an underlying complaint arise from "the actual or threatened abuse or molestation by anyone of a person while in the care, custody or control of any insured," this singular determination would not be dispositive of either the duty to defend or the duty to indemnify. This is because only *a single* covered claim triggers coverage – Greenwich cannot escape its duty to defend by cherry-picking certain claims as excluded by the Policies; it must establish that all of the claims as alleged in the underlying complaints are excluded by the Policies, which it has not and cannot do.[4] And in any event, Greenwich's argument is misplaced – the duty to defend does not depend on *future* facts to be ascertained by the underlying litigation. Instead, it is a binary question that must look exclusively at the pleadings on hand *now*.

Because this Court may determine Greenwich's duty to defend before any determinations of the duty to indemnify, and because claims in each Underlying Lawsuit trigger coverage under the Greenwich Policies, this Court should find that Greenwich must defend USASF in the Underlying Lawsuits.

Dated: March 12, 2024

---

[4] To the extent Greenwich's lengthy footnote 7 is an attempt to counter USASF's assertion that Greenwich cannot demonstrate that the Abuse or Molestation Exclusion applies to negate its duty to defend, Greenwich's arguments are unavailing. At best, the citation to case law regarding the phrase "care, custody or control" as it is used in the Abuse or Molestation Exclusion shows ambiguity in interpretation, which must be resolved in favor of coverage.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

s/ Mary Wu Tullis
_____
Mary Wu Tullis (TN Bar No. 31339)
Grady M. Garrison (TN Bar No. 8097)
Nicole Berkowitz Riccio (TN Bar No. 35046)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-0761
mtullis@bakerdonelson.com
ggarrison@bakerdonelson.com
nriccio@bakerdonelson.com

*Attorneys for U.S. All Star Federation, Inc.*

## CERTIFICATE OF SERVICE

I, Mary Wu Tullis, hereby certify that on March 12, 2024, I caused a copy of the foregoing document to be served via the electronic filing system to the following counsel of record:

s/ Mary Wu Tullis
_____